**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

BRADLEY BURCHFIELD,

Plaintiff,

v.

No. 4:26-cv-00611-DPM

ALIBABA.COM SINGAPORE E-
COMMERCE PRIVATE LIMITED, *et al.*,

Defendants.

**DECLARATION OF JIEYUN LI**

I, Jieyun Li, declare as follows:

1. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen and am authorized to make the statements set forth in this declaration. If called as a witness, I could and would competently testify to the statements set forth below.

2. I am Senior Legal Counsel providing legal services to Alibaba Group Holding Limited ("AGHL"), one of the defendants in this lawsuit. AGHL and certain other companies—including Defendant Alibaba.com Singapore E-Commerce Private Limited ("Alibaba Singapore") and Defendant Alibaba.com US E-Commerce Corp.—are affiliated companies.

3. My duties and responsibilities include providing legal services and guidance to "Alibaba" companies, including AGHL. As part of my job, I coordinate and supervise the work of outside counsel representing "Alibaba" companies in U.S. litigation, including AGHL in this lawsuit. I have learned, and on that basis can testify to, the following information in the course of providing legal services and guidance to "Alibaba" companies, including AGHL.

4. AGHL is a corporation that is incorporated under the laws of the Cayman Islands and has its principal place of business in the People's Republic of China.

5. AGHL is a non-operating holding company that has numerous subsidiaries.

6. AGHL is a separate legal entity from all of its subsidiaries. AGHL maintains its own books and records separate from those of any subsidiary.

7. Alibaba.com ("the Alibaba.com Platform") is an electronic web-based platform for exchanging information and offering services online between buyers and sellers all over the world. The Alibaba.com Platform is a "business-to-business" platform, which means that the platform connects potential buyers that are businesses and potential sellers that are businesses.

8. Alibaba Singapore, which is an indirect subsidiary of AGHL, owns and operates the Alibaba.com Platform. Alibaba Singapore is not organized under the laws of any state in the United States of America and does not have any offices in the United States of America. AGHL does not exercise day-to-day control over Alibaba Singapore, Alibaba.com US E-Commerce Corp., or any other AGHL subsidiaries.

9. AGHL does not own, operate, or control the Alibaba.com Platform and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform.

10. AGHL is not registered to do business in the State of Arkansas or in any other state in the United States of America. AGHL does not direct, target, or specifically tailor any of its business activities to or at the State of Arkansas or the United States of America.

11. AGHL does not have any offices in the State of Arkansas or elsewhere in the United States of America.

2

12. AGHL does not have any employees in the State of Arkansas, in the United States of America, or anywhere else in the world.

13. AGHL did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from a third-party seller called Zichang New Materials (shandong) Co. Ltd. ("Zichang").

14. AGHL does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so AGHL was not an agent for Zichang when Mr. Burchfield (or his company) allegedly bought or tried to buy a product from Zichang.

15. AGHL does not have any communications with users or members of the Alibaba.com Platform, so Mr. Burchfield could not have communicated with AGHL about any product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

16. AGHL does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. Therefore, neither Mr. Burchfield nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from AGHL; or (b) any advertisements, marketing e-mails, or messages where AGHL had any control over their content.

17. AGHL does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so AGHL could not have introduced Mr. Burchfield (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang.

18. AGHL plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in the sale process involving any purchase (or attempted purchase) by Mr. Burchfield (or his company) of a product offered for sale by Zichang.

19. AGHL plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in manufacturing the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

20. AGHL plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AGHL could not have played any role in the shipping or distribution process for the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

21. AGHL does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so AGHL could not have taken possession or control of, and could not have taken title to, the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

22. Zichang has never been an agent for AGHL. AGHL has never stated or done anything to suggest, or create the appearance, that Zichang is AGHL's agent.

23. While Corporation Service Company serves as AGHL's agent for service of process in the United States, their authorization is strictly limited. They do not have the legal authority to accept service of general civil lawsuits against AGHL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

4

Executed on this ___ day of July, 2026.

_____
Jieyun Li