FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 23 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

v.

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,

Defendants.

Case No. 4:26-cv-00611-DPM

JURY TRIAL DEMANDED

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**
**ECF NO. 16**

## INTRODUCTION

The threshold issue is procedural. The Moving Defendants filed a motion that expressly attacks the original Complaint, ECF No. 1. But Plaintiff had already filed the First Amended Complaint, ECF No. 11, as a matter of course, and the Court recognized that amendment in ECF No. 14. Eighth Circuit law treats a motion aimed at the superseded pleading as moot. The Court should deny the motion without prejudice and require any renewed motion to address the operative pleading.

If the Court reaches the alternative arguments, dismissal still should not occur on this record. The brief turns affirmative defenses and statutory-merits questions into jurisdictional attacks; does not trace the exact order number in this case to the multiple transactions described in the older pleadings; and relies on declarations concerning corporate and platform facts that are uniquely within Defendants' control and materially intersect with Alibaba's June 2026 admissions to the Department of Justice. Limited written discovery is the proportionate next step.

The brief's reference to Plaintiff as an "ex-convict" is a pejorative background label, not a Rule 12 ground. Axis's November 21, 2025 signed notice states that Axis would take Plaintiff's

oral and videotaped deposition in CHS Properties, LLC v. Axis Surplus Insurance Company, No. 6:25-cv-06020 (W.D. Ark.), on December 15, 2025. Ex. R. A docket screenshot shows Axis's notice as entry 39. Ex. G. A same-day invoice to National Insurance Advocates identifies 4.5 hours of "expert witness testimony" concerning CHS Properties LLC. Ex. H (payment information redacted). Plaintiff states that he served and was deposed as an expert witness in that matter. The notice proves the deposition was formally noticed but does not itself label him an expert or show a judicial qualification ruling. The background is offered only to correct the one-sided characterization; neither it nor the conviction decides the legal issues presented here.

## RELEVANT RECORD

**1.** Plaintiff filed the original Complaint on June 22, 2026. ECF No. 1. It pleads civil RICO and RICO conspiracy, fraud, breach of contract/Trade Assurance obligations, deceptive practices, unjust enrichment, and declaratory/injunctive relief. Id. ¶¶ 66–102.

**2.** Plaintiff filed the First Amended Complaint on July 6, 2026. ECF No. 11. On July 14, the Court held that Plaintiff had amended as a matter of course and denied the earlier discovery motion without prejudice because the case was just beginning. ECF No. 14.

**3.** On July 20, Moving Defendants appeared and filed ECF Nos. 16 and 17. Their brief expressly says they "respond to Plaintiff's Complaint (ECF No. 1)" and notes that the amended pleading had not been served on them. ECF No. 17 at 1 & n.1.

**4.** The contract and receipt identify Trade Assurance Order No. 91906090501027582, dated June 1, 2021; identify Zichang as seller; and identify Burchfield Sales and Consulting LLC / Bradley Burchfield as buyer or contact. ECF No. 2 at 9–17; ECF No. 1 ¶¶ 25–31.

**5.** The original Complaint also alleges the January 2022 "keep silent" seller email and a June 18, 2026 Alibaba customer-service email concerning the exact order number and offering a $500 future platform credit. ECF No. 1 ¶¶ 37–54. The motion does not separately analyze whether those allegations satisfy the elements of Counts III–VII.

## ARGUMENT

### I. THE MOTION IS MOOT BECAUSE IT ATTACKS A SUPERSEDED COMPLAINT.

An amended complaint ordinarily supersedes the original and becomes the operative pleading. In Pure Country, the Eighth Circuit held that addressing a motion to dismiss an original complaint while an amended pleading was before the court was procedurally erroneous: "If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint." 312 F.3d 952, 956 (8th Cir. 2002). Here the point is stronger. Plaintiff did not merely propose an amendment; ECF No. 11 was filed, and this Court held that it was an amendment as a matter of course. ECF No. 14 at 1. ECF No. 17 nevertheless identifies ECF No. 1 as the pleading to which it responds. The motion should be denied without prejudice as moot. Any renewed motion can address the operative allegations and service record.

### II. THE PLEADED FEDERAL CLAIMS SUPPLY SUBJECT-MATTER JURISDICTION.

#### A. The jurisdictional exception for wholly insubstantial claims is narrow.

Federal district courts have jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331. Civil RICO expressly creates a private federal cause of action for a person injured in business or property. 18 U.S.C. § 1964(c). A federal claim fails to invoke § 1331 only when it is immaterial and asserted solely to obtain jurisdiction or is wholly insubstantial and frivolous. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 & n.10 (2006). The exception is not a substitute for ordinary merits analysis.

The Complaint identifies an alleged association-in-fact enterprise, its participants and roles, specific electronic communications, an order number and payment, a time span, alleged wire-fraud acts, and claimed business-or-property loss. ECF No. 1 ¶¶ 55–79 and Civil RICO Case Statement. The Court may ultimately reject some allegations, predicates, or damage theories. That is a merits determination, not proof that the Court lacks adjudicatory power. Claim preclusion and limitations are affirmative defenses; statutory standing addresses whether the statute affords relief, not Article III jurisdiction. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 n.4 (2014).

**B. The pleaded injury is not jurisdictionally nonexistent.**

The original Complaint alleges that Burchfield acted individually and as direct purchaser or beneficial owner and that he paid money and lost money, goods, use of funds, and business opportunities. ECF No. 1 ¶¶ 3, 19, 30, 65, 73. The receipt and contract also name Burchfield Sales and Consulting LLC. Plaintiff's accompanying declaration states that he personally provided the entire $736.38 payment associated with the Order, the LLC had no bank account at the time, and he was its sole member/owner and only employee. Burchfield Decl. ¶¶ 3–7 (Ex. S). He states that he personally bore the transaction loss. These facts support direct Article III economic injury. The LLC's appearance in the contract may create a real-party-in-interest and proof issue, but it does not establish that no concrete personal injury exists.

Rule 17(a)(3) provides that a court may not dismiss for failure to prosecute in the name of the real party in interest until a reasonable time has been allowed for ratification, joinder, or substitution. Personal funding does not automatically decide ownership of every contractual right, and Plaintiff does not claim a right to represent an LLC pro se or ask the Court to disregard the LLC's separate existence. If the Court determines that the LLC owns all or part of a claim, Plaintiff asks for a reasonable cure period and for dismissal without prejudice of any claim that

cannot lawfully proceed in his individual name—not a jurisdictional dismissal of the entire case at this early stage.

The Supreme Court has also clarified that § 1964(c) excludes recovery for personal-injury harms as such but does not categorically bar recovery for business-or-property loss that results from a personal injury. Medical Marijuana, Inc. v. Horn, 604 U.S. 593, 601–08 (2025). The Complaint seeks business/property losses, not damages for bodily injury. ECF No. 1 ¶¶ 19, 73. Whether each category is provable is a damages issue.

## III. TARGETED DISCOVERY SHOULD PRECEDE A PERSONAL-JURISDICTION RULING.

A plaintiff opposing a Rule 12(b)(2) motion need make only a prima facie showing, with factual conflicts viewed in the plaintiff's favor. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 592 (8th Cir. 2011). Jurisdictional discovery is warranted when the requested facts are controverted, material, and principally in the defendant's possession rather than speculative. Id. at 598.

The declarations deny that AGHL or Alibaba.com US E-Commerce Corp. operated or controlled the Alibaba.com platform, communicated with users, participated in the subject sale, controlled marketing, or played any role in payment, shipment, or seller relationships. ECF Nos. 17-7 and 17-8. Yet the June 29, 2026 Alibaba NPA defines ICBU as the business unit operating Alibaba.com and identifies Alibaba.com Singapore E-Commerce Pte. Limited, Alibaba.com U.S. LLC, and Alibaba.com U.S. e-Commerce Corp. as legal entities housing that unit. Alibaba NPA, Definitions ¶ 1(g). Its Statement of Facts describes ICBU's marketplace operation, seller rules and enforcement, proprietary messaging, monitoring capability, fees, and—in an earlier period—Trade Assurance payment processing. Alibaba NPA, Statement of Facts ¶¶ 2–7. AGHL's board approved the agreement. The separate AUS NPA states that AUS began payment-processing and settlement services for Alibaba.com transactions in 2020, including credit-card payments from

U.S. buyers. AUS NPA, Statement of Facts ¶¶ 2–7. AUS's statement is not treated as an AGHL admission, and neither NPA proves that the subject June 1, 2021 order was covered. They do, however, make the requested entity, control, payment, Arkansas-contact, and record-custody discovery concrete rather than speculative.

The June 18, 2026 email concerning the exact order number adds a transaction-specific basis. It states that an Alibaba senior team reviewed the complaint and platform records and offered an Alibaba credit. ECF No. 1 ¶¶ 50–53; ECF No. 2 at 33. Discovery can identify the legal entity that employed or authorized that team, held the order and logistics records, and could issue the credit. The Court should therefore defer the Rule 12(b)(2) issue and allow the limited interrogatories and document requests submitted with Plaintiff's separate Rule 26(d)(1) motion.

## IV. AGHL SHOULD NOT BE DISMISSED FOR SERVICE WHILE A COURT-ORDERED METHOD IS AVAILABLE.

AGHL alone invokes Rule 12(b)(5). Counsel has appeared for AGHL, filed a detailed merits and jurisdictional motion, and plainly has an established communication channel with the client. Plaintiff's prior delivery to CSC is disputed, and a clerk-issued Rule 45 subpoena seeks documents concerning CSC's authority and rejection. Notice to counsel of that subpoena is not itself proof that the subpoena was served on CSC, and Plaintiff does not represent otherwise.

Rules 4(h)(2) and 4(f)(3) permit a court to direct a method not prohibited by international agreement and reasonably calculated to give notice. Courts have approved service of foreign business entities through U.S. counsel in appropriate circumstances. See Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1014–17 (9th Cir. 2002); Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V., 970 F.3d 1269, 1275–76 (10th Cir. 2020). Plaintiff has filed a focused motion asking the Court to authorize email and mail service of the summons and ECF No. 11 on AGHL through its appearing counsel.

Dismissal should not precede resolution of that request. Rule 4(m), moreover, excludes service in a foreign country from its 90-day deadline.

**V. THE PRESENT EXHIBITS DO NOT ESTABLISH CLAIM PRECLUSION AS TO THIS EXACT ORDER.**

Claim preclusion requires a final judgment on the merits, proper jurisdiction, the same cause of action, and the same parties or privies. The same-cause inquiry generally asks whether the suits arise from the same nucleus of operative facts. The Moving Defendants bear the burden of proving the affirmative defense.

The prior pleadings attached to ECF No. 17 describe several transactions: a 2020 Shandong Look purchase, a separate Bloom Tech non-delivery and wire payment, and a Zichang product described as arriving in June 2021. They do not identify Trade Assurance Order No. 91906090501027582 or the $715/$736.38 payment by that number. That omission does not prove the present transaction is different; the prior reference to a Zichang shipment in June 2021 creates an ambiguity Plaintiff must resolve with order, payment, and tracking records. But at the pleading stage, the exhibits do not conclusively trace the exact order now sued upon to the transaction adjudicated or dismissed in each earlier case, nor do they establish privity for every current defendant.

Preclusion also does not extinguish claims based on conduct that occurred after the earlier judgment and could not then have been sued upon. Lawlor v. National Screen Service Corp., 349 U.S. 322, 327–28 (1955). The June 18, 2026 customer-service response is later conduct. Plaintiff recognizes that later evidence about earlier conduct, standing alone, does not revive a precluded claim and that the 2026 response does not automatically create a new RICO injury. The Court should require a transaction-specific record rather than infer identity across multiple chemical orders.

**VI. THE CIVIL-RICO LIMITATIONS ISSUE SHOULD BE ADDRESSED ACCURATELY AND ON THE OPERATIVE PLEADING.**

Private civil-RICO claims ordinarily carry a four-year limitations period that begins when the plaintiff discovered or should have discovered the injury. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987); Schreier v. Drealan Kvilhaug Hoefker & Co., P.A., 992 F.3d 674, 681 (8th Cir. 2021). Discovery of the injury—not later discovery of a pattern or additional evidence—starts the clock. Rotella v. Wood, 528 U.S. 549, 555–56 (2000). Plaintiff's 2022 pleadings are substantial evidence that he knew of at least some alleged injury more than four years before June 22, 2026. Plaintiff does not ask the Court to disregard that rule.

The present motion nevertheless addresses a superseded complaint and treats every later allegation as part of one already-accrued injury without developing whether any post-judgment act caused a new and independent business-or-property injury. A new act does not restart the period for old injuries; at most a genuinely new and independent injury has its own accrual analysis. See Klehr v. A.O. Smith Corp., 521 U.S. 179, 189–90 (1997). If the Court concludes that the pleaded RICO injuries are all untimely, Plaintiff requests leave to amend any curable allegations and a ruling limited to the RICO counts rather than dismissal of unbriefed state-law claims on their merits.

For context only, Plaintiff does not ask this Court to initiate, prosecute, or enforce any criminal charge. Congress generally prescribes five years for noncapital federal offenses. 18 U.S.C. § 3282(a). For a continuing criminal conspiracy, including a properly charged RICO conspiracy, the offense may continue until the conspiracy's purposes are accomplished or abandoned, and withdrawal may start the period as to a particular member. Smith v. United States, 568 U.S. 106, 111–14 (2013); see Salinas v. United States, 522 U.S. 52, 63 (1997) (RICO conspiracy does not require an overt act). Thus, depending on the charge and proof, a criminal

RICO-conspiracy charge may be timely if instituted within five years after the continuing conspiracy—not merely an associated enterprise—ended. That criminal rule does not govern this private civil-RICO action and does not extend the four-year civil period. Plaintiff states it only to avoid conflating distinct criminal and civil limitations rules.

## VII. COUNTS III–VII WERE NOT TESTED UNDER RULE 12(b)(6).

The motion seeks dismissal of all claims through its personal-jurisdiction argument and asks the Court to decline supplemental jurisdiction if both federal counts are dismissed. ECF No. 17 at 20, 25–26. It does not, however, present a claim-specific Rule 12(b)(6) analysis of fraud, breach of contract/Trade Assurance, deceptive trade practices, unjust enrichment, or declaratory/injunctive relief. Indeed, it reserves other arguments for later. Id. at 25 n.12. Section 1367(c)(3) is discretionary and applies only if all claims within the Court's original jurisdiction have been dismissed. Because the RICO counts should not be dismissed on this motion, the predicate for that request is absent. In any event, no merits dismissal of Counts III–VII is supported by the present brief.

## CONCLUSION

The Court should deny ECF No. 16 without prejudice as moot. Alternatively, it should deny or defer the motion, permit the requested limited discovery and court-ordered service, and allow a reasonable opportunity to cure any real-party-in-interest or pleading defect before dismissing any claim with prejudice.

Respectfully submitted,
/s/ **Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com
Dated: 7/23/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on the date written below I served a true and correct copy of the foregoing by depositing it in the United States mail, first-class postage prepaid, addressed to counsel of record as follows, and by courtesy email to the address shown:

B. Robert Liu, Esq.
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007
robert.liu@balancelawfirm.com

Date of service: 7/23/26, 2026

**/s/ Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se

 Exhibit S

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

Case No. 4:26-cv-00611-DPM

v.

JURY TRIAL DEMANDED

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,

Defendants.

**DECLARATION OF BRADLEY BURCHFIELD REGARDING PERSONAL FUNDING OF SUBJECT TRANSACTION**

I, Bradley Burchfield, declare as follows:

**1.** I am the Plaintiff in this action. I am over eighteen years old, competent to make this declaration, and have personal knowledge of the facts stated here.

**2.** This declaration concerns Alibaba.com Trade Assurance Order No. 91906090501027582, dated June 1, 2021, involving Zichang New Materials (Shandong) Co., Ltd.

**3.** I personally provided all funds used to make the $736.38 payment associated with the Order.

**4.** At the time of the transaction, Burchfield Sales and Consulting LLC had no bank account and did not fund the transaction.

**5.** At the time of the transaction, I was the sole member and owner of Burchfield Sales and Consulting LLC and its only employee.

**6.** Although the LLC's name appears in the contract or receipt, I personally bore the economic loss associated with the payment and alleged nondelivery.

**7.** I have not used the LLC to conceal my identity or avoid responsibility, and I am not attempting to appear as legal counsel for the LLC in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. § 1746.

Executed on: 7/23/26, 2026

Place of execution: Little Rock, AR

Bradley Burchfield

Bradley Burchfield