FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

v.

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,

Defendants.

Case No. 4:26-cv-00611-DPM

JURY TRIAL DEMANDED

**PLAINTIFF'S RENEWED MOTION FOR LEAVE TO TAKE LIMITED EARLY JURISDICTIONAL AND ALTER-EGO DISCOVERY**
**FED. R. CIV. P. 26(D)(1)**

Plaintiff moves under Federal Rule of Civil Procedure 26(d)(1) for leave to serve the attached limited interrogatories and requests for production on Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp., and asks the Court to defer determination of their Rule 12(b)(2) and alter-ego arguments until that discovery is complete.

**1.** The Court denied Plaintiff's earlier discovery request without prejudice because the case was just beginning and no defendant had yet put jurisdictional facts in issue. ECF No. 14 at 1.

**2.** The circumstances have changed. The Moving Defendants appeared, filed a Rule 12(b)(2) motion, and submitted declarations denying platform ownership or control, communications, transaction participation, marketing, payment, shipping, and seller-agency facts. ECF Nos. 16, 17-7, and 17-8.

**3.** Official June 29, 2026 DOJ agreements identify ICBU as the business unit operating Alibaba.com, list Alibaba.com US E-Commerce Corp. among the legal entities housing ICBU, describe marketplace, seller-control, messaging, and payment functions, and reflect AGHL board approval. Those materials do not decide jurisdiction, but they create concrete factual issues that cannot be resolved from Plaintiff's records alone.

**4.** The proposed discovery is limited to corporate relationships, operation and control of ICBU and Alibaba.com, Arkansas-directed contacts, the exact Trade Assurance order, the seller account, payment routing, the June 2026 customer-service response and credit offer, the factual bases for the declarations, and mapping the exact order against transactions in the older lawsuits.

**5.** Each proposed set contains twenty interrogatories and twelve requests for production. The discovery is directed only to the two defendants who appeared and challenged jurisdiction. It is not authorization to serve Rule 33 discovery on an unserved foreign defendant.

Plaintiff requests an order: (a) authorizing service of the attached discovery immediately; (b) requiring responses within thirty days after service; (c) deferring Rule 12(b)(2) and final alter-ego/veil-piercing determinations until thirty days after complete responses; (d) allowing the parties to request a focused Rule 30(b)(6) deposition only after meeting and conferring about the written responses; and (e) granting any other just relief.

Respectfully submitted,

**/s/ Bradley Burchfield**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Dated: 7/23/26, 2026

## CERTIFICATE OF SERVICE

I certify that on the date written below I served a true and correct copy of the foregoing by depositing it in the United States mail, first-class postage prepaid, addressed to counsel of record as follows, and by courtesy email to the address shown:

B. Robert Liu, Esq.
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007
robert.liu@balancelawfirm.com

Date of service: 7/23/26, 2026

**/s/ Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se