FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 23 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

Case No. 4:26-cv-00611-DPM

v.

JURY TRIAL DEMANDED

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,

Defendants.

**BRIEF IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE ON ALIBABA GROUP HOLDING LIMITED**
**FED. R. CIV. P. 4(H)(2) AND 4(F)(3)**

## ARGUMENT

### I. RULE 4 AUTHORIZES A COURT-DIRECTED METHOD.

Rule 4(h)(2) permits service on a foreign corporation outside any judicial district of the United States in the manner prescribed by Rule 4(f), except personal delivery under Rule 4(f)(2)(C)(i). Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." It is an independent basis for service and does not textually require exhaustion of every other method. Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1014–16 (9th Cir. 2002). The Federal Judicial Center notes that substituted service within the United States, including service on counsel, is common under Rule 4(f)(3). Sarah E. Kramer, International Service of Process: A Guide for Judges 3 (Fed. Jud. Ctr. 2021).

### II. SERVICE THROUGH APPEARING COUNSEL IS APPROPRIATE HERE.

The constitutional requirement is notice reasonably calculated, under the circumstances, to apprise the defendant of the action and permit an opportunity to respond. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Mr. Liu has entered an appearance specifically for AGHL and filed AGHL's declaration and a twenty-six-page brief. ECF Nos. 15–

17. Email and mail to that counsel will reach a demonstrated communication channel with AGHL. Courts have approved comparable service. Rio Properties, 284 F.3d at 1017; Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V., 970 F.3d 1269, 1275–76 (10th Cir. 2020).

The Hague Service Convention applies when judicial documents must be transmitted abroad. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699–707 (1988). The requested order directs domestic transmission to U.S. counsel and does not require Plaintiff to mail judicial papers into China. It is therefore designed to avoid—not contravene—an international transmission method. If the Court concludes the Convention nevertheless applies, Plaintiff asks the Court to specify the required method rather than dismiss AGHL.

**III. THE ORDER SHOULD COVER THE OPERATIVE PLEADING.**

ECF No. 11 superseded ECF No. 1. The Moving Defendants' brief says ECF No. 11 had not been served. ECF No. 17 at 1 n.1. An order covering the summons and ECF No. 11 will eliminate the service dispute while giving AGHL exactly the pleading it must answer or otherwise address. Rule 4(m)'s ninety-day time limit does not apply to service in a foreign country, although Plaintiff seeks prompt service now.

**CONCLUSION**

The Court should authorize the requested email-and-mail service on AGHL through its appearing counsel.

Respectfully submitted,

**/s/ Bradley Burchfield**

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Dated: 7/23/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on the date written below I served a true and correct copy of the foregoing by depositing it in the United States mail, first-class postage prepaid, addressed to counsel of record as follows, and by courtesy email to the address shown:

B. Robert Liu, Esq.
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007
robert.liu@balancelawfirm.com

Date of service: 7/23/26, 2026

**/s/ Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se