FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim,

Plaintiff,

v.

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,

Defendants.

Case No. 4:26-cv-00611-DPM

JURY TRIAL DEMANDED

# BRIEF IN SUPPORT OF MOTION REGARDING ALTER EGO AND PIERCING THE CORPORATE VEIL

## ARGUMENT

### I. ARKANSAS LAW REQUIRES A FACT-SPECIFIC RECORD.

Corporate entities are ordinarily separate. Under Arkansas law, disregard of the corporate form is an equitable remedy applied cautiously when the form has been illegally abused to the injury of a third person. Epps v. Stewart Information Services Corp., 327 F.3d 642, 649–50 (8th Cir. 2003); Anderson v. Stewart, 366 Ark. 203, 209–10, 234 S.W.3d 295, 300 (2006). Ownership, common branding, or affiliation alone is insufficient. The relevant inquiry may include domination, operational control, observance of formalities, commingling, undercapitalization, shared functions, agency, and use of the form to perpetrate fraud or injustice.

That demanding standard is why Plaintiff does not request final veil piercing on the current paper record. The same standard makes a premature defense ruling inappropriate when the operational facts and intercompany records are controlled by Defendants.

### II. THE RECORD CREATES SPECIFIC QUESTIONS SUITABLE FOR DISCOVERY.

The Li and Zhao declarations deny that the Moving Defendants operated Alibaba.com, controlled the subject seller or transaction, communicated with users, marketed, processed, or shipped. ECF Nos. 17-7 and 17-8. The official Alibaba NPA, signed through a group-wide

definition and approved by an AGHL board resolution, identifies ICBU and the entities housing it and describes centralized seller rules, enforcement, messaging, monitoring, and revenue functions. The AUS NPA separately describes payment and settlement services for Alibaba.com and U.S. buyers beginning in 2020. These records do not prove abuse of the corporate form or that the Order involved NPA subject merchandise. They do identify the precise organizational, control, data, payment, and allocation questions that discovery can answer.

The order-specific 2026 email presents an additional agency and authority question: which legal entity employed the senior team, accessed logistics and complaint data, and could commit a $500 Alibaba credit? The answer is not on the customer-facing email. The proposed written discovery asks for the responsible entity, supporting agreements, reporting lines, shared systems, and records. It also asks for the factual bases of the declarations, reducing rather than expanding the dispute.

## III. DEFERRAL IS THE PROPER PROCEDURAL RELIEF.

Veil piercing generally operates as a theory of derivative liability, not a free-standing source of damages. The Court can preserve the theory, allow proportionate discovery, and decide it later on a developed summary-judgment or trial record. If discovery shows ordinary corporate separateness and no abuse, the theory can be resolved then. If it shows domination, agency, or abuse tied to Plaintiff's injury, Plaintiff can seek leave to conform the pleadings and proof. This approach protects both sides.

## CONCLUSION

The Court should defer final alter-ego and veil-piercing determinations and permit the limited discovery requested.

Respectfully submitted,

**/s/ Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com
Dated: 7/23/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on the date written below I served a true and correct copy of the foregoing by depositing it in the United States mail, first-class postage prepaid, addressed to counsel of record as follows, and by courtesy email to the address shown:

B. Robert Liu, Esq.
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007
robert.liu@balancelawfirm.com

Date of service: 7/23/26, 2026

**/s/ Bradley Burchfield**
Bradley Burchfield, Plaintiff Pro Se