**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

BRADLEY BURCHFIELD,

      Plaintiff,

      v.

ALIBABA.COM SINGAPORE E-
COMMERCE PRIVATE LIMITED, *et al.*,

      Defendants.

No. 4:26-cv-00611-DPM

**FOUR DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM |

**DECLARATION OF JING KANG**

I, Jing Kang, declare as follows:

1.  I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen and am authorized to make the statements set forth in this declaration. If called as a witness, I could and would competently testify to the statements set forth below.

2.  I am Senior Legal Counsel for AUS Merchant Services, Inc. ("AUS").

3.  AUS is a corporation that is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California.

4.  AUS is a separate legal entity and maintains its own books and records.

5.  AUS does not direct, target, or specifically tailor any of its business activities to or at the State of Arkansas.

6.  AUS does not have any offices in the State of Arkansas.

7.  AUS does not have any employees in the State of Arkansas.

8.   AUS provides, and has provided, payment processing services for sale/purchase e-commerce transactions consummated via Alibaba.com ("the Alibaba.com Platform"). AUS is not, and has not been, the only company providing payment processing services for those sale/purchase e-commerce transactions consummated via the Alibaba.com Platform. Several other companies provide, and have provided, payment processing services for sale/purchase e-commerce transactions consummated via the Alibaba.com Platform.

9.   AUS searched for transactions in which the buyer was "Burchfield" amongst the Alibaba.com transactions processed by AUS between May 15, 2021 to June 15, 2021. AUS did not find any such transaction. AUS did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform between May 15, 2021 to June 15, 2021.

10. AUS does not own, operate, or control the Alibaba.com Platform and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform.

11. AUS does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so AUS was not an agent for the third-party seller  Zichang New Materials (shandong) Co. Ltd. ("Zichang") when Mr. Burchfield (or his company) allegedly bought or tried to buy a product from Zichang.

12. AUS does not have any communications with buyers of products on the Alibaba.com Platform, so Mr. Burchfield could not have communicated with AUS about any product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

13. AUS does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that

may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. Therefore, neither Mr. Burchfield nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from AUS; or (b) any advertisements, marketing e-mails, or messages where AUS had any control over their content.

14. AUS does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so AUS could not have introduced Mr. Burchfield (or his company) to Zichang or played any role in creating any contacts between Mr. Burchfield (or his company) and Zichang.

15. AUS plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AUS could not have played any role in manufacturing the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

16. AUS plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AUS could not have played any role in the shipping or distribution process for the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

17. AUS does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so AUS could not have taken possession or control of, and could not have taken title to, the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

18. Zichang has never been an agent for AUS. AUS has never stated or done anything to suggest, or create the appearance, that Zichang is AUS's agent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this   5th   day of August, 2026.

 

_____

Jing Kang