**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

|  |  |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM |

**CERTAIN DEFENDANTS' OPPOSITIONS TO
PLAINTIFF'S RENEWED MOTION FOR LEAVE TO TAKE LIMITED
EARLY JURISDICTIONAL AND ALTER EGO DISCOVERY AND PLAINTIFF'S
MOTION REGARDING ALTER EGO AND PIERCING THE CORPORATE VEIL,
TO DEFER FINAL DETERMINATION, AND FOR LIMITED DISCOVERY**

Defendants Alibaba Group Holding Limited ("AGHL"), Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services, Inc. (collectively, "the Opposing Defendants") oppose: (a) Plaintiff's Renewed Motion for Leave to Take Limited Early Jurisdictional and Alter-Ego Discovery (ECF No. 24); and (b) Plaintiffs' Motion Regarding Alter Ego and Piercing the Corporate Veil, to Defer Final Determination, and for Limited Discovery (ECF No. 30) (collectively, "Plaintiff's Motions").

In the exercise of its discretion, the Court should deny Plaintiff's Motions because Plaintiff seeks to pursue a wide-ranging, unduly burdensome, improper fishing expedition. *See Doxa Total Design Strategy v. Doxa Enters., Inc.*, No. 4:10-CV-00717 GTE, 2011 WL 13232558, at *6 (E.D. Ark. Jan. 26, 2011) (rejecting request for jurisdictional discovery; stating that it was "more akin to a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state" (quotation marks omitted)); *Government Employees Ins. Co. v. Fred Javier Gonzalez*

*Ins. Agency*, No. CV 09-6270-GHK (Ex), 2010 WL 11526739, at *2 (C.D. Cal. Dec. 27, 2010) (rejecting request for jurisdictional discovery; stating that "[j]urisdictional discovery in this case would be a fishing expedition").[1]

**First**, Local Rule 7.2(g) requires that a discovery motion include "a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." Plaintiff's Motions fail to satisfy that requirement; Plaintiff did not contact any of the Opposing Defendants to confer about the discovery issues presented in Plaintiff's Motions. Thus, Plaintiff's Motions "should be dismissed summarily for failure to comply with this rule." Local Rule 7.2(g).

**Second**, Plaintiff's Motions should be denied because Plaintiff failed to comply with the Eighth Circuit's requirement that a party seeking jurisdictional discovery file an affidavit or declaration that establishes (among other requirements) how the information sought is reasonably expected to raise a genuine issue of material fact relevant to the jurisdictional argument at issue in the lawsuit. *See Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (affirming district court's denial of jurisdictional discovery; stating that plaintiff's declaration did not establish how the discovery sought by plaintiff was reasonably expected to raise a genuine issue of material fact relevant to the jurisdictional argument). The unsupported speculation in Plaintiff's Motions about what information Plaintiff might obtain in discovery fails to satisfy the *Johnson* requirement.

**Third**, even if the Court were to overlook the problems identified above, it should deny Plaintiff's Motions because, as the Court held, a request for jurisdictional discovery should be denied if it is based on "speculative and conclusory" assertions. *Advocacy Trust, LLC v. BLM*

---

[1] The Opposing Defendants refer to the discovery sought by Plaintiff's Motions as "purported" jurisdictional discovery because Plaintiff seeks leave to pursue wide-ranging discovery that involves various merits (and other) issues—and clearly is not "limited" jurisdictional discovery (despite the title of one of Plaintiff's Motions).

*Group USA Corp.*, No. 3:24-cv-8-DPM, 2025 WL 21027, at \*2 (E.D. Ark. Jan. 2, 2025) (Marshall, J.); *see Government Employees Ins. Co.*, 2010 WL 11526739, at \*2 ("The discovery of any such facts during jurisdictional discovery is entirely speculative."). Here, Plaintiff's Motions are based on speculative and conclusory statements about what Plaintiff may be able to learn by pursuing the purported jurisdictional discovery. That falls well short of satisfying Plaintiff's burden of establishing a concrete basis for the Court to allow the purported jurisdictional discovery.

*Fourth*, although the title of one of Plaintiff's Motions claims to seek "limited" jurisdictional discovery, that is misleading and incorrect. Actually, Plaintiff seeks wide-ranging, unduly burdensome discovery that delves into various merits (and other) issues. He admits that the proposed discovery includes "the exact Trade Assurance order, the seller account, payment routing, the June 2026 customer-service response and credit offer, … and mapping the exact order against transactions in the older lawsuits." ECF No. 24, at 2. Worse yet, Plaintiff waited too long to file this lawsuit (see the statute-of-limitations argument asserted in the pending motion to dismiss (discussed below in footnote 2)), so the discovery he seeks is especially burdensome and unfair because the facts at issue in this lawsuit go back to at least June 2021.

*Fifth*, Plaintiff's Motions are based on Plaintiff's belief that he is entitled to jurisdictional discovery merely because certain defendants filed a motion to dismiss that makes personal jurisdiction arguments based on declarations that provide factual support for those arguments, but that belief is incorrect. [2] Merely because certain defendants presented factual assertions in

---

[2] The motion to dismiss (ECF No. 16) at issue in Plaintiff's Motion has been superseded and rendered moot by the Four Defendants' Motion to Dismiss First Amended Complaint (ECF No. 37), which was filed yesterday (August 5, 2026). That August 5 motion to dismiss is based on detailed declarations that provide the Court with all information needed to decide whether it has personal jurisdiction over the defendants that filed that motion. However, that motion is not based solely on personal jurisdiction arguments; it presents other arguments for why the Court should dismiss this lawsuit in its entirety or, in the alternative, dismiss the claims asserted against the defendants that filed that motion to dismiss.

declarations does not give Plaintiff license to pursue discovery to "test those assertions," Brief in Support at 1 (ECF No. 25). Plaintiff provides the Court with nothing more than speculation and conclusory statements that he may be able to obtain information during discovery to test the sworn statements made in declarations, but that is not enough to satisfy his burden. The fact that the declarations are "detailed," *id.,* as Plaintiff admits, is a good thing; it is not something to be criticized. One of the reasons provided by this Court for denying the request for jurisdictional discovery in the *Advocacy Trust* case was that much of the information sought "has already been covered in [the defendant's HR Administration Manager's] detailed affidavit." *Advocacy Trust*, 2025 WL 21027, at *2. Likewise, in this case, the information that the Court needs to decide the personal jurisdiction arguments—if the Court even reaches those arguments (see the next paragraph)—is provided in the defendants' detailed declarations, so there is no persuasive reason to grant Plaintiff leave to pursue the purported jurisdictional discovery at issue in Plaintiff's Motions. Plaintiff's stated interest in pursuing that purported jurisdictional discovery—namely, expressions of hope that Plaintiff may be able to rebut the specific denials asserted in defendants' declarations or challenge the accuracy of those sworn statements—does not warrant granting Plaintiff's Motion. *See, e.g.*, *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (affirming denial of jurisdictional discovery; stating that when "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery" (quotation marks omitted)); *Basham v. American Nat'l County Mutual Ins. Co.*, No. 4:12-CV-4005, 2015 WL 1034157, at *2 (W.D. Ark. Mar. 10, 2015) (rejecting request for jurisdictional discovery because "Plaintiffs have not offered any evidence to dispute the information in … [defendants'] affidavits"); *Doxa Total Design Strategy*, 2011 WL 13232558, at *6 (rejecting request for

4

jurisdictional discovery even though party seeking that discovery contended that it was "necessary to determine the accuracy of Mr. Gaylard's declaration").

*Sixth*, Plaintiff tries to conjure up a basis for the purported jurisdictional discovery at issue here by discussing non-prosecution agreements ("NPAs") between certain defendants and the United States Department of Justice, but that sleight of hand fails. Those NPAs have nothing to do with the civil claims alleged in this lawsuit.

*Seventh*, the purported jurisdictional discovery at issue in Plaintiff's Motions is overly broad, unduly burdensome, and/or not limited to the jurisdictional issues before the Court. Plaintiff seeks leave to issue 20 interrogatories directed at AGHL—but they have numerous sub-parts, so they substantially exceed the 25-interrogatory limit—and 12 document requests. *See* ECF No. 26. As just one example of the unlimited, abusive approach taken by Plaintiff to what is supposedly "limited" discovery regarding jurisdictional issues, Plaintiff seeks leave to propound a document request to AGHL for "[p]reservation notices, retention instructions, or deletion-hold records concerning the Order, Zichang, Plaintiff, or this litigation, excluding privileged legal advice." *Id*. at 6. Other discovery requests that Plaintiff wants to propound to AGHL, and also to Alibaba.com US E-Commerce Corp. (*see* ECF No. 27), also are overly broad, unduly burdensome, and/or not relevant to the pending jurisdictional issues.

*Finally*, the pending motion to dismiss (discussed above in footnote 2) asserts other arguments that are not based on lack of personal jurisdiction, so the Court can dispose of this lawsuit (or dispose of all claims asserted against the defendants that filed that motion) without reaching the personal jurisdiction arguments. If the Court is uncertain regarding whether to grant Plaintiff leave to pursue jurisdictional discovery, the Court should defer ruling on Plaintiff's Motions until after the Court has evaluated the other arguments asserted in the pending motion to

dismiss. If the Court accepts one or more of those other arguments, the Court need not reach the

personal jurisdiction arguments and should deny Plaintiff's Motions on that basis.

     In conclusion, for the foregoing reasons, the Court should deny Plaintiff's Motions.

Dated: August 6, 2026                                   Respectfully submitted,

                                               MCDANIEL WOLFF, PLLC

                                             Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR  72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

                                             and

                                             BALANCE LAW FIRM

                                             B. Robert Liu (NY Bar No. 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

                                             *Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services, Inc.*