**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE
E-COMMERCE PTE LIMITED, *et al.* DEFENDANTS

**ORDER**

United States District Judge D.P. Marshall Jr. has referred this case to me to handle all pretrial matters. (Doc. No. 45.) The Court makes the following rulings on the pending motions.

1. Plaintiff Bradley Burchfield's Motion for Leave to Serve Defendant Alibaba Group Holding Limited by Court-Ordered Alternative Service Through Appearing Counsel (Doc. No. 28) is DENIED. Defendant Alibaba Group Holding Limited no longer contests service of process (Doc. No. 42 at 2), so an alternative means of service is not necessary.

2. Plaintiff's Renewed Motion for Leave to Take Limited Early Jurisdictional and Alter-Ego Discovery (Doc. No. 24) and Plaintiff's Motion Regarding Alter Ego and Piercing the Corporate Veil to Defer Final Determination and for Limited Discovery (Doc. No. 30) are DENIED. The Defendants who have been served have moved for dismissal on, among other grounds, lack of personal jurisdiction. (Doc. Nos. 37-38.) Their Motion is supported by detailed Declarations setting forth the relevant facts. (Doc. Nos. 38-7, 38-8, 38-9, 38-10.) Plaintiff's request to conduct discovery in order to "test those assertions" (Doc. No. 25 at 1) is based on speculation and conjecture – specifically, a Non-Prosecution Agreement entered into by some Defendants and the United States Attorney's Office in the District of Rhode Island, which seems to have no relevance to the claims in this case. Additionally, Plaintiff's proposed interrogatories

and requests for production of documents (Doc. Nos. 26-27) are extremely wide-ranging, getting into merits issues not appropriate for early jurisdictional discovery.

3. Plaintiff's Request for Clerk's Entry of Default against Defendant Alibaba Group (US) Inc. (Doc. No 41) is DENIED, and Defendant Alibaba Group (US) Inc.'s Motion for Extension of Time to File the Motion to Dismiss (Doc. No. 49) is GRANTED for good cause. The Declaration submitted in support of Defendant's Motion shows this Defendant's failure to timely respond was because of excusable neglect – specifically, the service-of-process papers were incorrectly routed, and counsel was not aware this Defendant had been served until Plaintiff requested a clerk's entry of default. (Doc. No. 50-2.) Defendant then promptly sought leave to file its motion to dismiss out of time, acting in good faith. Allowing it to do so would not prejudice Plaintiff, as the case is still in its early stages – some defendants having not been served yet – and the proposed motion to dismiss makes the same or similar arguments put forth by other defendants. *See* Fed. R. Civ. P. 6(b)(1)(B); *Union Pacific R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781 (8th Cir. 2001). The Clerk shall file Defendant Alibaba Group (US) Inc.'s Motion to Dismiss First Amended Complaint and the accompanying Brief in Support and Exhibit. (Doc. No. 50-1.)

4. Plaintiff's Motion to Require Corrected and Supplemental Rule 7.1 Disclosures (Doc. No. 62) is DENIED. Defendants' Corporate Disclosure Statements (Doc. Nos. 51-55) identify any parent corporations and any publicly held corporations owning ten percent or more of their stock, which is all that Rule 7.1(a)(1) requires.

IT IS SO ORDERED this 21st day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE