**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**DEFENDANT ALIBABA GROUP (U.S.) INC.'S BRIEF IN**
**<u>SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Pursuant to Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Alibaba Group (U.S.) Inc. ("Alibaba Group (U.S.)") responds to Plaintiff's First Amended Complaint ("FAC") (ECF No. 11) by seeking dismissal of this lawsuit or, in the alternative, dismissal of all claims asserted against Alibaba Group (U.S.).

## <u>PRELIMINARY STATEMENT</u>

Many of the arguments that Alibaba Group (U.S.) asserts here are the same as arguments asserted in a brief in support of a motion to dismiss previously filed by other defendants in this lawsuit. *See* Four Defendants' August 5, 2026 Brief in Support of Motion to Dismiss First Amended Complaint ("August 5 Brief") (ECF No. 38). To spare the Court unnecessary, duplicative briefing, Alibaba Group (U.S.) hereby incorporates by reference as if fully set forth herein the following sections of the August 5 Brief: Preliminary Statement (pages 1-3); Allegations and Procedural History (pages 3-4); Legal Standards Governing *Pro Se* Lawsuits (page 4); Argument Section I (lack of subject-matter Jurisdiction) (pages 4-9); Argument Section II (lack of

subject-matter jurisdiction) (pages 9-10); and Argument Section IV (failure to state a claim upon which relief can be granted regarding Plaintiff's RICO claims) (pages 25-29).

If this lawsuit is not dismissed for lack of subject-matter jurisdiction, the claims asserted against Alibaba Group (U.S.) should be dismissed because Plaintiff cannot satisfy his burden of establishing that this Court has personal jurisdiction over Alibaba Group (U.S.). That alternative argument is set forth below.

## ARGUMENT

### I. In The Alternative, The Court Should Dismiss The Claims Asserted Against Alibaba Group (U.S.) Because Plaintiff Cannot Satisfy His Burden Of Establishing That This Court Has Personal Jurisdiction Over That Defendant.

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted). When personal jurisdiction has been controverted or denied by a defendant, the plaintiff has the burden of proving facts sufficient to establish that the court has personal jurisdiction over the defendant. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's personal jurisdiction showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (quotation marks omitted). Personal jurisdiction must be established as to each defendant, *see Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 268 (2017) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (emphasis added)), so it is "plainly unconstitutional" for a court to "consider[] the 'defending parties' together and aggregat[e] their forum contacts in determining whether it ha[s] [personal] jurisdiction," *Rush*, 444 U.S. at 331-32.

**A. Based on Fifth Amendment Due Process Principles, this Court does not Have Personal Jurisdiction over Alibaba Group (U.S.) as to Plaintiff's RICO Claims.**

A RICO lawsuit "can only be brought in a district court where personal jurisdiction is established as to at least one defendant." *Wilkins v. Trial Lawyers, Inc.*, No. Civ. 05-5118, 2006 WL 375618, at *2 (W.D. Ark. Jan. 25, 2006) (citing *PT United Can Co., Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998)). In other words, 18 U.S.C. § 1965 in its entirety "'does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found.'" *Peters Broadcast Engineering, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 439 (6th Cir. 2022) (quoting *PT United Can*, 138 F.3d at 71). Rather, "nationwide [personal] jurisdiction hinges on whether at least one defendant has minimum contacts with the forum state." *Id*.

There are two kinds of personal jurisdiction: "general jurisdiction" (also known as "all-purpose jurisdiction") and "specific jurisdiction" (also known as "case-linked jurisdiction"). *See Bristol-Myers Squibb*, 582 U.S. at 262; *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2017). *Daimler* "considerably altered the analytic landscape" regarding due process limitations on a court's ability to assert general personal jurisdiction over a corporate defendant. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (rejecting plaintiff's reliance on pre-*Daimler* cases). After *Daimler*, due process principles preclude a court from exercising general personal jurisdiction over a corporate defendant unless it has been sued in a forum "in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137. Thus, there are now two bases for asserting general personal jurisdiction—the defendant's place of incorporation and principal place of business. *See id.*

Here, Plaintiff cannot establish that at least one defendant has minimum contacts with the forum state (Arkansas), so this Court should apply a forum-specific personal jurisdiction analysis,

rather than a nationwide analysis, to the RICO claims asserted against Alibaba Group (U.S.). None of the other defendants are "at home" in Arkansas (place of incorporation or principal place of business) and, as discussed below, Alibaba Group (U.S.) also is not "at home" in Arkansas, which means that this Court does not have general personal jurisdiction over at least one defendant.

The minimum contacts analysis required for specific personal jurisdiction leads to the conclusion that this Court also does not have specific personal jurisdiction over at least one defendant because Plaintiff cannot establish that any of the defendants have the requisite minimum contacts with Arkansas. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation marks omitted). Thus, for a court to assert specific personal jurisdiction consistent with due process principles, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284. Moreover, due process limits "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties[,]" so the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. This means that the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Id*. (emphasis in original; quotation marks omitted). In other words, "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive." *Id*. at 285 (quotation marks omitted).[1] None of the other defendants themselves engaged in "suit-related conduct" that created a substantial

[1] The Arkansas long-arm statute extends personal jurisdiction to the maximum limits permissible by the United States Constitution, so this Court should focus on due process principles without separately analyzing whether that statute authorizes the Court to exercise personal jurisdiction. *See, e.g., Wilkins*, 2006 WL 375618, at *3 (citing *Davis v. St. Johns Health Sys., Inc.*, 71 S.W.3d 55, 58 (Ark. 2002)).

connection with Arkansas, and, as discussed below, the same conclusion applies to Alibaba Group (U.S.), so this Court should apply a forum-specific personal jurisdiction analysis to the RICO claims asserted against Alibaba Group (U.S.).

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over Alibaba Group (U.S.) as to his RICO claims because Alibaba Group (U.S.) is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. Alibaba Group (U.S.) is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California. Declaration of Jieyun Li ¶ 4 ("Li Declaration") (attached as **Exhibit 1**). Alibaba Group (U.S.) is not registered to do business in Arkansas. *Id*. ¶ 6. Alibaba Group (U.S.) does not have any offices in Arkansas and does not have any employees in Arkansas. *Id*. ¶¶ 7-8. Therefore, Plaintiff cannot satisfy his burden of establishing that Alibaba Group (U.S.) is "at home" in Arkansas, which means that the Court does not have general personal jurisdiction over Alibaba Group (U.S.).

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over Alibaba Group (U.S.) as to his RICO claims because Alibaba Group (U.S.) did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling. Alibaba Group (U.S.) does not own, operate, or control Alibaba.com ("the Alibaba.com Platform") and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on that platform. Li Declaration ¶ 9. Alibaba Group (U.S.) does not direct or specifically tailor any of its business activities to or at Arkansas. *Id*. ¶ 6.

Furthermore, as shown below, Alibaba Group (U.S.) did not have any communications with Plaintiff and did not have any connection to the product that he (or his company) allegedly

bought or tried to buy from the third-party seller, Defendant Zichang New Materials (Shandong) Co. Ltd. ("Zichang"). Alibaba Group (U.S.) did not participate in or supervise any transaction where Plaintiff (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from Zichang. Li Declaration ¶ 10. Alibaba Group (U.S.) does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so Alibaba Group (U.S.) was not an agent for Zichang when Plaintiff (or his company) allegedly bought or tried to buy a product from Zichang. *Id*. ¶ 11. Alibaba Group (U.S.) does not have any communications with users or members of the Alibaba.com Platform, so Plaintiff could not have communicated with Alibaba Group (U.S.) about any product that he (or his company) allegedly bought or tried to buy from Zichang. *Id*. ¶ 12. Alibaba Group (U.S.) does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. *Id*. ¶ 13. Therefore, neither Plaintiff nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba Group (U.S.); or (b) any advertisements, marketing e-mails, or messages where Alibaba Group (U.S.) had any control over their content. *Id*. Alibaba Group (U.S.) does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so Alibaba Group (U.S.) could not have introduced Plaintiff (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang. *Id*. ¶ 14. Alibaba Group (U.S.) plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) could not have played any role in the sale process involving any purchase (or attempted purchase) by

Plaintiff (or his company) of a product offered for sale by Zichang. *Id.* ¶ 15. Alibaba Group (U.S.) plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) could not have played any role in manufacturing the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 16. Alibaba Group (U.S.) plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) could not have played any role in the shipping or distribution process for the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 17. Alibaba Group (U.S.) does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so Alibaba Group (U.S.) could not have taken possession or control of, and could not have taken title to, the product that Plaintiff (or his company) allegedly bought or tried to buy from Zichang. *Id.* ¶ 18. Zichang has never been an agent for Alibaba Group (U.S.), and Alibaba Group (U.S.) has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba Group (U.S.)'s agent. *Id.* ¶ 19.

In sum, Plaintiff cannot satisfy his burden of establishing that Alibaba Group (U.S.) engaged in any suit-related conduct that created a substantial connection with Arkansas, so this Court does not have specific personal jurisdiction over Alibaba Group (U.S.).

### B. Based on Fourteenth Amendment Due Process Principles, this Court does not Have Personal Jurisdiction over Alibaba Group (U.S.) as to Plaintiff's State Law Claims.

A Fourteenth Amendment due process analysis leads to the conclusion that Plaintiff cannot satisfy his burden of establishing that this Court has personal jurisdiction over the state law claims asserted against Alibaba Group (U.S.).

For the reasons set forth above and in the accompanying Li Declaration, Alibaba Group (U.S.) is not at home in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. Therefore, this Court does not have general personal jurisdiction over Alibaba Group (U.S.).

Likewise, for the reasons set forth above and in the accompanying Li Declarations, Alibaba Group (U.S.) did not engage in any suit-related conduct that created a substantial connection with Arkansas. Thus, this Court does not have specific personal jurisdiction over Alibaba Group (U.S.).

## **CONCLUSION**

For the foregoing reasons, the Court should grant this motion and: (a) dismiss this lawsuit for lack of subject-matter jurisdiction; or (b) dismiss all claims asserted against Alibaba Group (U.S.) for lack of personal jurisdiction. In the alternative, if the Court declines to issue those dismissal rulings, the Court should dismiss Alibaba Group (U.S.) from this lawsuit by dismissing the RICO claims asserted against Alibaba Group (U.S.) for failure to state a claim upon which relief can be granted and declining to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Dated: August ____, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; and Alibaba Group (U.S.) Inc.*

Exhibit 1 to Motion to Dismiss Brief

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM |

**DECLARATION OF JIEYUN LI**

I, Jieyun Li, declare as follows:

1. I make this declaration based on personal knowledge and my review of corporate records in the regular course of my duties. I am over the age of eighteen and am authorized to make the statements set forth in this declaration. If called as a witness, I could and would competently testify to the statements set forth below.

2. I am Senior Legal Counsel providing legal services to Alibaba Group Holding Limited ("AGHL") and Alibaba Group (U.S.) Inc.

3. As part of my job, I coordinate and supervise the work of outside counsel representing Alibaba Group (U.S.) Inc. in U.S. litigation. I have learned, and on that basis can testify to, the following information in the course of providing legal services and guidance to Alibaba Group (U.S.) Inc.

4. Alibaba Group (U.S.) Inc. is a corporation that is incorporated under the laws of the State of Delaware and has its principal place of business in the State of California.

5. Alibaba Group (U.S.) Inc. is a separate legal entity and maintains its own books and records.

6. Alibaba Group (U.S.) Inc. is not registered to do business in the State of Arkansas. Alibaba Group (U.S.) Inc. does not direct or specifically tailor any of its business activities to or at the State of Arkansas.

7. Alibaba Group (U.S.) Inc. does not have any offices in the State of Arkansas.

8. Alibaba Group (U.S.) Inc. does not have any employees in the State of Arkansas.

9. Alibaba Group (U.S.) Inc. does not own, operate, or control Alibaba.com ("the Alibaba.com Platform") and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform.

10. Alibaba Group (U.S.) Inc. did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from a third-party seller called Zichang New Materials (shandong) Co. Ltd. ("Zichang").

11. Alibaba Group (U.S.) Inc. does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so Alibaba Group (U.S.) Inc. was not an agent for Zichang when Mr. Burchfield (or his company) allegedly bought or tried to buy a product from Zichang.

12. Alibaba Group (U.S.) Inc. does not have any communications with users or members of the Alibaba.com Platform, so Mr. Burchfield could not have communicated with Alibaba Group (U.S.) Inc. about any product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

13. Alibaba Group (U.S.) Inc. does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase on the Alibaba.com Platform. Therefore, neither Mr. Burchfield nor his company could have received: (a) any advertisements, marketing e-mails, or other messages from Alibaba Group (U.S.) Inc.; or (b) any advertisements, marketing e-mails, or messages where Alibaba Group (U.S.) Inc. had any control over their content.

14. Alibaba Group (U.S.) Inc. does not introduce potential buyers to sellers or otherwise play any role in creating any contacts between sellers and potential buyers, so Alibaba Group (U.S.) Inc. could not have introduced Mr. Burchfield (or his company) to Zichang or played any role in creating any contacts between him (or his company) and Zichang.

15. Alibaba Group (U.S.) Inc. plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) Inc. could not have played any role in the sale process involving any purchase (or attempted purchase) by Mr. Burchfield (or his company) of a product offered for sale by Zichang.

16. Alibaba Group (U.S.) Inc. plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) Inc. could not have played any role in manufacturing the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

17. Alibaba Group (U.S.) Inc. plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so Alibaba Group (U.S.) Inc. could not have played any role in the shipping or distribution process for the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

18. Alibaba Group (U.S.) Inc. does not take possession or control of, and does not take title to, products offered for sale on the Alibaba.com Platform, so Alibaba Group (U.S.) Inc. could not have taken possession or control of, and could not have taken title to, the product that Mr. Burchfield (or his company) allegedly bought or tried to buy from Zichang.

19. Zichang has never been an agent for Alibaba Group (U.S.) Inc. Alibaba Group (U.S.) Inc. has never stated or done anything to suggest, or create the appearance, that Zichang is Alibaba Group (U.S.) Inc.'s agent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10 day of August, 2026.

Jieyun Li