FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 04 2026

TAMMY H. DOWNS, CLERK
By: ____________ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRADLEY BURCHFIELD, INDIVIDUALLY AND AS DIRECT PURCHASER/BENEFICIAL OWNER OF SUBJECT CLAIM**
**PLAINTIFF**

**CASE NO. 4:26-cv-00611-DPM-JJV**

v.

**ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, ET AL.**
**DEFENDANTS**

# PLAINTIFF'S NOTICE OF NON-CONSENT TO MAGISTRATE-JUDGE DISPOSITION; WITHDRAWAL OF ANY PURPORTED CONSENT; AND OBJECTIONS TO SEPTEMBER 1, 2026 TEXT-ONLY ORDER (ECF NO. 73)

Plaintiff Bradley Burchfield, proceeding pro se, gives notice of non-consent under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Plaintiff also submits timely objections under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) to the September 1, 2026 text-only order at ECF No. 73. Plaintiff asks that District Judge D. P. Marshall Jr. review that order.

## NOTICE OF NON-CONSENT AND WITHDRAWAL OF ANY PURPORTED CONSENT

Plaintiff has never signed or filed a consent form, never stated consent orally, and never otherwise knowingly and voluntarily authorized a magistrate judge to conduct all proceedings in this civil action, preside at trial, or order the entry of final judgment. To eliminate any possible ambiguity, Plaintiff withdraws any purported, implied, inferred, or docketed consent attributed to him. Participation in proceedings or compliance with an order should not be treated as consent under § 636(c).

Rule 73(b)(1) provides a procedure for parties to signify consent by filing a statement, and § 636(c) requires the parties' consent before a magistrate judge may conduct the civil action and enter judgment. Plaintiff has filed no such statement and expressly withholds consent. If the

Court nevertheless concludes that a § 636(c) reference exists, Plaintiff asks that it be vacated under § 636(c)(4) because his consent was never knowing or voluntary and he now expressly objects.

Plaintiff recognizes that ECF No. 45 refers this matter to Magistrate Judge Joe J. Volpe to handle pretrial matters, including making recommendations on dispositive motions. A district judge may make that type of referral under § 636(b) without § 636(c) consent. This filing therefore does not contend that every authorized pretrial action by a magistrate judge is void. It preserves Plaintiff's non-consent to trial and final judgment and accompanies his specific Rule 72(a) objection to ECF No. 73.

## TIMELY RULE 72(A) OBJECTION TO ECF NO. 73

On September 1, 2026, the docket reflects a text-only entry at ECF No. 73 stating that ECF No. 71, Plaintiff's Motion to Disqualify Counsel and Motion for Order, was denied "as frivolous." The Notice of Electronic Filing states that no PDF document is associated with the entry. Plaintiff received the printed Notice of Electronic Filing by U.S. mail. A copy is attached as Exhibit 1. Accordingly, ECF No. 73 appears on the docket as a text entry, but there is no separate PDF order containing findings or additional reasoning.

These objections are timely because they are submitted within fourteen days after Plaintiff was served with the September 1 entry. See Fed. R. Civ. P. 72(a).

## RELEVANT CHRONOLOGY

Before ECF No. 73 was entered, McDaniel Wolff & Benca, PLLC was personally served on August 27, 2026 as a named defendant in the separate related state action, Burchfield v. McDaniel Wolff & Benca, PLLC, Pulaski County Circuit Court Case No. 60CV-26-11307. The return of service identifies the recipient as Authorized Representative Natalie Young at 1307

West Fourth Street, Little Rock, Arkansas 72201. Process server Allison Douglas signed the return on August 28, 2026, and the return was notarized that day.

On September 2, 2026, Plaintiff filed a Supplemental Affidavit and the proof of service concerning that state action in each of his three related federal cases: this case, Case No. 4:26-cv-00826-DPM, and Case No. 4:26-cv-00827-LPR. The Supplemental Affidavit does not assert that service alone automatically establishes disqualification; it places a documented pre-order fact before the Court for consideration with the disqualification request.

The sequence is therefore: state-court service on August 27; execution and notarization of the return on August 28; entry of the one-sentence text-only order on September 1; and filing of the Supplemental Affidavit and service proof in all three federal cases on September 2.

**GROUNDS FOR DISTRICT-JUDGE REVIEW**

Under § 636(b)(1)(A) and Rule 72(a), the district judge must consider timely objections and modify or set aside any portion of a nondispositive magistrate-judge order that is clearly erroneous or contrary to law.

ECF No. 71 presented a specific request for attorney disqualification. The September 2 filing documents that, before ECF No. 73 was entered, counsel's law firm had been served as a named defendant in the separate related state action. That fact does not by itself decide disqualification, but it is part of the factual setting that Plaintiff asked the Court to evaluate.

The one-sentence description of ECF No. 71 as frivolous does not identify the legal standard applied, the allegations considered, or the reason the stated conflict issue failed under that standard. Because there is no separate PDF order, the text entry is the entire stated explanation, making meaningful review of the ruling difficult.

Plaintiff does not contend that a text-only order is invalid merely because no PDF is attached. The objection concerns the summary disposition and the absence of reasoning, together with a material pre-order event documented on the federal docket immediately after the ruling. The district judge should review ECF No. 73 on the complete record, set it aside, and either resolve ECF No. 71 or return it with instructions for reasoned reconsideration of the September 2 filing.

**RELIEF REQUESTED**

Plaintiff respectfully asks the Court to recognize that he has not consented under § 636(c) or Rule 73 and to correct any docket notation suggesting otherwise. Plaintiff further asks District Judge D. P. Marshall Jr. to consider these timely Rule 72(a) objections, set aside ECF No. 73, and determine ECF No. 71 on the complete record or return it with instructions for a reasoned ruling that considers the September 2 Supplemental Affidavit. Plaintiff also requests any other relief the Court deems just and proper.

**VERIFICATION UNDER 28 U.S.C. § 1746**

I declare under penalty of perjury that I have never given written, oral, or other consent authorizing a magistrate judge to conduct all proceedings or enter final judgment in this case; that I received the printed Notice of Electronic Filing for ECF No. 73 by mail; and that on September 2, 2026, I filed the Supplemental Affidavit and proof of service described above in all three federal cases. The remaining service details stated above are drawn from the filed return of service. I declare that the foregoing is true and correct.

Executed on September 4, 2026, at Little Rock, Arkansas.

Bradley Burchfield
Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2026, I served a true and correct copy of this filing on all counsel of record at the addresses shown on the docket by the method or methods checked below.

[ ] U.S. Mail, postage prepaid [ ] Email
[✓] CM/ECF (if authorized) [ ] Other: ____________________

Bradley Burchfield
Bradley Burchfield

# EXHIBIT 1

## PRINTED NOTICE OF ELECTRONIC FILING FOR ECF NO. 73

Message-Id:<10180890@ared.uscourts.gov> Subject:Activity in Case 4:26-cv-00611-DPM-JJV Burchfield v. Alibaba.com Singapore E-Commerce Private Limited et al Order on Motion to Disqualify Counsel Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of Arkansas**

**Notice of Electronic Filing**

The following transaction was entered on 9/1/2026 at 8:58 AM CDT and filed on 9/1/2026

**Case Name:** Burchfield v. Alibaba.com Singapore E-Commerce Private Limited et al
**Case Number:** 4:26-cv-00611-DPM-JJV
**Filer:**
**Document Number:** 73(No document attached)

**Docket Text:**
**(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER denying [71] Motion to Disqualify Counsel and Motion for Order as frivolous. Signed by Magistrate Judge Joe J. Volpe on 9/1/2026. (lej)**

**4:26-cv-00611-DPM-JJV Notice has been electronically mailed to:**

Bart W. Calhoun bart@mcdanielwolff.com, calhoun.bart@gmail.com, csullivan@mcdanielwolff.com

Brittany Dawn Webb bwebb@mcdanielwolff.com, csullivan@mcdanielwolff.com, kisha@mcdanielwolff.com

Beixiao Robert Liu robert.liu@balancelawfirm.com

**4:26-cv-00611-DPM-JJV Notice has been delivered by other means to:**

Bradley Burchfield
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217