IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 04 2026

TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**BRADLEY BURCHFIELD,**

Plaintiff,

v.

**ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,**

Defendants.

**Case No. 4:26-cv-00611-DPM-JJV**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ALIBABA GROUP (U.S.) INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NOS. 65–66)**

Plaintiff Bradley Burchfield responds to Defendant Alibaba Group (U.S.) Inc.'s Motion to Dismiss and supporting brief, ECF Nos. 65–66. The motion principally incorporates arguments made by four other defendants at ECF No. 38 and adds an entity-specific declaration concerning personal jurisdiction. Plaintiff incorporates his previously filed opposition, ECF No. 57, and the supporting record at ECF Nos. 23, 33, and 61, only to the extent relevant to the overlapping arguments. This filing addresses the new movant and the additional record.

The motion should be denied. The First Amended Complaint pleads federal RICO claims sufficient to invoke federal-question jurisdiction even if Defendant ultimately prevails on a merits defense. ECF No. 23 at 11 also contains Plaintiff's sworn statement that he personally supplied the transaction funds, the LLC had no bank account, and he personally bore the alleged loss. At minimum, any ownership issue should be addressed under Rule 17(a)(3), after a reasonable opportunity for ratification, joinder, or substitution, rather than by jurisdictional dismissal.

The present record also does not permit a final personal-jurisdiction ruling without narrowly tailored discovery. The exact-order contract, receipt, customer-service communications, account records, and Alibaba's own entity-naming history raise focused questions about which entity housed, controlled, or retained the records for the platform, Trade Assurance, seller account, payment channel,

and June–July 2026 order review. The screenshots show numerous unrelated orders in Plaintiff's account sharing the final eight digits '01027582,' including multiple Zichang/Zhishang-linked transactions. That recurring account-linked suffix is not offered to decide whether Plaintiff or the LLC owns a claim; it shows why a search limited to the word 'Burchfield' may miss records indexed by account identifier, exact order number, seller, beneficiary, or payment token. In Burchfield v. Alibaba Group Holding Limited, No. 4:22-cv-00861-LPR, ECF No. 9, the Court granted a limited correction directing the Clerk to rename 'Alibaba Group Holding Limited' as 'Alibaba Group (U.S.) Inc.' That procedural order is not a merits finding that the entities are legally identical, but it demonstrates why entity identity should not be assumed from labels alone and why record-based discovery is appropriate here.

The records use 'Zichang' in the contract/seller field, 'Zhishang' in payment or account materials, and 'Zhishang Chemical' beside the account handle 'sdzichang.' Plaintiff understands these to be English-language transliteration, spelling, or account-name variants connected to the same or a related seller/payee, while recognizing that certified translation and corporate identity remain matters for proof. Counsel for Alibaba Group (U.S.) Inc. may discuss Zichang insofar as relevant to its client's defense, but counsel has not appeared for Zichang and may not obtain Rule 12 relief for that nonmoving defendant. The Court should not decide Zichang's own contacts, service, or defenses on another entity's motion.

The attached exhibits are offered for limited purposes. The three customer-service settlement communications are not offered to prove liability or the amount of a disputed claim. They are offered only to show that the same exact order was located, reviewed, and answered through Alibaba-branded channels, and therefore that transaction-specific records and an identifiable custodian exist. The prior notice at ECF No. 13 in No. 4:26-cv-00827-LPR is offered only for notice and chronology. The Alibaba-account screenshots are submitted as an addendum showing the account's seller, order,

destination, contact, protection, and identifier fields; unrelated account entries are included only because Plaintiff requested preservation of the complete screenshot set.

For the reasons stated here and in the accompanying brief, Plaintiff requests the following relief:

1. deny dismissal under Rule 12(b)(1);
2. deny or defer dismissal under Rule 12(b)(2) and permit limited, transaction-specific jurisdictional discovery;
3. deny dismissal under Rule 12(b)(6), or alternatively allow a reasonable period for Rule 17(a)(3) procedures and amendment under Rule 15(a)(2);
4. limit any ruling to Alibaba Group (U.S.) Inc. and Alibaba.com, LLC and decline to adjudicate Zichang's defenses or service status on this motion; and
5. grant such other relief as is just and proper.

Respectfully submitted,

Bradley Burchfield 9/4/26

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2026, I served a true and correct copy of this filing on all counsel of record at the addresses shown on the docket by the method or methods checked below.

[ ] U.S. Mail, postage prepaid [ ] Email
[✓] CM/ECF (if authorized) [ ] Other: ____________________

Bradley Burchfield

Bradley Burchfield