IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 04 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**BRADLEY BURCHFIELD,**

Plaintiff,

v.

**ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.,**

Defendants.

**Case No. 4:26-cv-00611-DPM-JJV**

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIBABA GROUP (U.S.) INC.'S MOTION TO DISMISS (ECF NOS. 65–66)**

## INTRODUCTION

Alibaba Group (U.S.) Inc. asks the Court to dismiss the First Amended Complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). Its brief incorporates large portions of ECF No. 38, then relies on a declaration that categorically denies any role in the Alibaba.com platform, Plaintiff's order, communications, sale, shipping, or seller relationship. ECF No. 66 at 11–14. Plaintiff's earlier response at ECF No. 57 addresses the incorporated arguments. The present question is whether the new movant's categorical declaration should end the case before transaction-specific records identify the responsible entity. It should not.

Plaintiff does not ask the Court to disregard corporate separateness or aggregate every Alibaba-related entity's contacts. He asks for a limited opportunity to reconcile Defendant's broad denials with concrete order records, later exact-order customer-service review, account identifiers, and Alibaba's own inconsistent entity naming. The result should be denial or deferral under Rule 12(b)(2), not a final merits disposition on an incomplete entity-identification record.

## RELEVANT RECORD

**1.** The operative pleading concerns Alibaba.com Trade Assurance Order No. 91906090501027582, dated June 1, 2021, with Zichang New Materials (Shandong) Co., Ltd. identified as seller and an Arkansas destination. ECF No. 11 ¶¶ 1, 15, 25; ECF No. 2 at 9–17.

**2.** Plaintiff has already declared that he personally provided the full $736.38 payment, that Burchfield Sales and Consulting LLC had no bank account and did not fund the transaction, and that he personally bore the alleged economic loss. ECF No. 23 at 11, ¶¶ 3–7.

**3.** In the earlier federal case No. 4:22-cv-00861-LPR, the Court granted Plaintiff's motion 'for the limited purpose of correcting the named business entity' and directed the Clerk to rename 'Alibaba Group Holding Limited' as 'Alibaba Group (U.S.) Inc.' Ex. A (ECF No. 9).

**4.** The three 2026 customer-service messages refer to the exact order and propose an Alibaba credit or refund as a final resolution. Ex. B. Plaintiff offers them only to show exact-order retrieval, later review, and the existence of identifiable records—not to prove liability, invalidity, or value of the claim.

**5.** The account addendum includes a screen for Order No. 91906090501027582 showing the Arkansas destination, payment fields, supplier contact, and Alibaba protection language; another screen identifies a Zhishang-named contact at the same business address; and the message screenshot displays 'Zhishang Chemical' beside the handle 'sdzichang.' Ex. D at 18 see also at 6-7 of D. No LLC listed as purchaser.

**6.** Numerous order numbers displayed in Plaintiff's account—including unrelated transactions—share the final eight digits '01027582.' The same addendum displays multiple orders connected to Zichang/Zhishang records, including Nos. 91877258501027582, 91906090501027582, and 94908646001027582. Ex. D. Plaintiff relies on that pattern only as an account-search identifier and a basis for exact-order discovery, not as proof of claim ownership or liability.

7. Plaintiff's prior notice, styled 'Notice Regarding Previously Filed Ex Parte Communications,' is included only to establish that the communication was disclosed and to preserve chronology. Ex. C (ECF No. 13 in No. 4:26-cv-00827-LPR).

## ARGUMENT

### I. The pleaded RICO claims supply federal-question jurisdiction; Defendant's objections go to the merits.

A federal claim supplies jurisdiction unless it is immaterial and made solely to obtain jurisdiction or is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 682–83 (1946); Shapiro v. McManus, 577 U.S. 39, 45–46 (2015). Ordinarily, whether the complaint states a claim is a merits question, not a basis to declare that subject-matter jurisdiction never existed. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998).

The First Amended Complaint invokes 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c) and alleges an enterprise, participants, a specific order and payment channel, communications, asserted predicate uses of mail and wires, and business-or-property loss. ECF No. 11 ¶¶ 1–7, 25–34, 41–65, 70–78. Defendant may challenge those allegations under Rule 12(b)(6), but its preclusion, limitations, statutory-injury, and causation theories do not make the federal controversy fictitious. The Rule 12(b)(1) request should therefore be denied.

### II. The personal-loss declaration defeats dismissal on the theory that the LLC alone supplied the funds.

Defendant's incorporated argument treats the appearance of the LLC name on the contract as dispositive of both Article III injury and claim ownership. The existing record is more specific. Plaintiff declared under penalty of perjury that he supplied every dollar of the $736.38 payment, the LLC had no bank account and did not fund the transaction, and he personally bore the alleged nondelivery loss. ECF No. 23 at 11, ¶¶ 3–7. Those facts support a concrete personal economic injury for Article III purposes.

The declaration does not by itself decide who owns every contract or statutory claim. Claim ownership and constitutional injury are distinct questions. See Lexmark International, Inc. v. Static

Control Components, Inc., 572 U.S. 118, 127–28 & n.4 (2014). If the Court concludes that a claim belongs to the LLC, Rule 17(a)(3) directs that the action not be dismissed for failure to prosecute in the real party's name until a reasonable time has been allowed for ratification, joinder, or substitution. See Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993). Plaintiff requests that opportunity and recognizes that an LLC must appear through licensed counsel.

**III. ECF No. 9 is procedural history that supports discovery into entity identity, not a finding of alter ego.**

The present movant's declaration states that Alibaba Group (U.S.) Inc. is wholly separate from the platform and all transaction-related functions. ECF No. 66 at 11–14. But entity identification has shifted before. In No. 4:22-cv-00861-LPR, the Court directed that 'Alibaba Group Holding Limited' be renamed 'Alibaba Group (U.S.) Inc.' after granting a motion 'for the limited purpose of correcting the named business entity.' Ex. A. Plaintiff cites that order precisely for what it says: a prior court-approved correction of the named business entity and reissuance of summons. It is not a substantive adjudication that AGHL and Alibaba Group (U.S.) Inc. are identical, in privity, alter egos, or liable.

That limitation strengthens rather than defeats the discovery request. Defendant cannot fairly rely on corporate labels as conclusive while the prior docket, the present declarations, and the platform records use different entity names for related roles. The relevant questions are record-based: which entity maintained Order No. 91906090501027582; which entity housed or administered the platform and Trade Assurance functions on June 1, 2021; which entity received or retained the processing fee; which entity maintained the seller and beneficiary fields; and which entity reviewed the same order and authorized the 2026 response.

**IV. The exact-order communications and account records justify focused jurisdictional discovery.**

When a Rule 12(b)(2) motion is decided without an evidentiary hearing, Plaintiff need only make a prima facie showing, and factual conflicts are viewed in his favor. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co. KG, 646 F.3d 589, 592–93 (8th Cir. 2011). Specific jurisdiction requires defendant-created forum contacts and a claim that arises out of or relates to those contacts.

Ford Motor Co. v. Montana Eighth Judicial District Court, 592 U.S. 351, 359–65 (2021). Where jurisdictional facts are disputed and the plaintiff identifies documentary evidence rather than speculation, limited discovery is appropriate. Steinbuch v. Cutler, 518 F.3d 580, 589 (8th Cir. 2008).

Here, the contract contemplated shipment to an identified Arkansas destination; the account screen for the same order reflects that destination; and the later Alibaba-branded communications demonstrate that someone within the Alibaba service structure retrieved and reviewed the exact order. Exs. B & D. The screenshot set also shows numerous order numbers ending in the same eight-digit sequence, '01027582,' across unrelated account transactions, plus multiple Zichang/Zhishang-linked orders. Ex. D. This permits the reasonable inference—subject to discovery—that the suffix is an account-linked identifier usable to retrieve records. Those exhibits do not, by themselves, attribute the conduct to Alibaba Group (U.S.) Inc. They do identify a closed universe of data that can determine attribution. Defendant's declaration supplies conclusions about its role, but it does not identify which entity actually maintained the order, seller, payment, Trade Assurance, account, or customer-service records.

Plaintiff requests discovery limited to: (1) the custodian and legal entity associated with the exact order number, the recurring '01027582' account-linked suffix, buyer and seller account identifiers, payment amount, fee, beneficiary, and Arkansas destination; (2) searches by the three Zichang/Zhishang-linked order numbers displayed in the account, seller names, seller contact domains, and payment token—not merely the word 'Burchfield'; (3) the entity that housed Trade Assurance, customer service, and seller-account functions on the relevant dates; (4) the entity that received, retained, or can retrieve the fee and payment records; and (5) the entity that reviewed the order and authorized the 2026 communications. A short Rule 30(b)(6) deposition or declaration, no more than ten interrogatories, and no more than ten requests for production would resolve these threshold questions.

**V. The Zichang/Zhishang record is a factual identity issue; the Court should not adjudicate a nonmovant's defenses.**

The contract identifies 'Zichang New Materials (Shandong) Co., Ltd.' The pleading and account materials identify 'Zhishang' in payment or account fields, and the account screenshot displays 'Zhishang Chemical' next to the handle 'sdzichang.' Ex. D at 18, see also at 6. Plaintiff understands Zichang and Zhishang to be English transliteration, spelling, beneficiary, account, affiliate, or related-entity variants connected to the same transaction. He does not offer that understanding as a certified translation or as conclusive proof that the names denote one legal corporation. The discrepancy is a reason for discovery, not for a premature adverse inference.

Counsel may discuss Zichang to the extent its conduct bears on Alibaba Group (U.S.) Inc.'s own defense. But counsel has not appeared for Zichang, and Zichang has filed no Rule 12 motion. A movant may obtain relief only for itself. The Court should therefore avoid deciding Zichang's own personal jurisdiction, service, or merits defenses on this motion. Plaintiff further states that carrier tracking for an attempted service package directed to the Zhishang-named recipient reported delivery; he does not contend that delivery alone resolves the legal sufficiency of international service.

**VI. The attached settlement communications have a proper, limited evidentiary purpose.**

Federal Rule of Evidence 408 bars use of compromise offers to prove or disprove the validity or amount of a disputed claim, while permitting other proper purposes. Plaintiff does not offer the three communications as admissions of liability, to establish damages, or to restart limitations. Ex. B. Their limited relevance is that Alibaba-branded customer service located the exact order years later, reviewed it, and proposed a platform credit or refund. That record supports only entity identification, record custody, notice, and the proportionality of focused jurisdictional discovery. The notice at Exhibit C is likewise offered only for disclosure history and chronology.

**VII. If any pleading defect remains, the proper alternative is limited relief and leave to cure.**

The motion seeks dismissal of the entire action or all claims against this Defendant. That relief is broader than the record supports. Any preclusion or limitations question must be analyzed claim by

claim and by the conduct and injury actually alleged. Claims based on materially later conduct are not automatically extinguished by an earlier judgment. Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc., 590 U.S. 405, 412–14 (2020); Lawlor v. National Screen Service Corp., 349 U.S. 322, 327–28 (1955). Plaintiff does not argue that a rejected 2026 proposal automatically revives a time-barred 2021 injury; he offers the later communications for the limited purposes stated above.

If the Court concludes that the pleading fails to identify the proper entity, real party, timely injury, or necessary particularity, Plaintiff requests a defined period for limited discovery, Rule 17(a)(3) procedures, and amendment under Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962). Any dismissal should be claim-specific, limited to the movant, and without prejudice unless amendment would necessarily be futile.

**CONCLUSION**

The Court should deny ECF No. 65. Alternatively, it should defer Rule 12(b)(2) relief, authorize the narrow discovery described above, permit a reasonable Rule 17(a)(3) cure and amendment, and limit any dismissal to particular claims against Alibaba Group (U.S.) Inc. and Alibaba.com LLC. The Court should not adjudicate Zichang's defenses on a motion filed by different counsel for a different entity.

Respectfully submitted,

Bradley Burchfield 9/4/26

Bradley Burchfield, Plaintiff Pro Se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
burchfieldbradley123@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 4, 2026, I served a true and correct copy of this filing on all counsel of record at the addresses shown on the docket by the method or methods checked below.

[ ] U.S. Mail, postage prepaid [ ] Email
[✓] CM/ECF (if authorized) [ ] Other: ____________________

Bradley Burchfield

Bradley Burchfield