**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**DEFENDANT ALIEXPRESS E-COMMERCE ONE PTE. LTD.'S BRIEF**
**IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b)(1), Rule 12(b)(2), Rule 12(b)(5), and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant AliExpress E-Commerce One Pte. Ltd. ("AliExpress E-Commerce") responds to Plaintiff's First Amended Complaint ("FAC") (ECF No. 11) by seeking dismissal of this lawsuit or, in the alternative, dismissal of all claims asserted against AliExpress E-Commerce.

## PRELIMINARY STATEMENT

AliExpress E-Commerce is incorporated under the laws of, and has its principal place of business in, the Republic of Singapore ("Singapore"). Many of the arguments that AliExpress E-Commerce asserts here are the same as arguments asserted in a brief in support of a motion to dismiss previously filed by other defendants in this lawsuit. *See* Four Defendants' August 5, 2026 Brief in Support of Motion to Dismiss First Amended Complaint ("August 5 Brief") (ECF No. 38). To spare the Court unnecessary, duplicative briefing, AliExpress E-Commerce hereby incorporates by reference as if fully set forth herein the following sections of the August 5 Brief:

Preliminary Statement (pages 1-3); Allegations and Procedural History (pages 3-4); Legal Standards Governing *Pro Se* Lawsuits (page 4); Argument Section I (lack of subject-matter Jurisdiction) (pages 4-9); Argument Section II (lack of subject-matter jurisdiction) (pages 9-10); and Argument Section IV (failure to state a claim upon which relief can be granted regarding Plaintiff's RICO claims) (pages 25-29).

If this lawsuit is not dismissed for lack of subject-matter jurisdiction, the claims asserted against AliExpress E-Commerce should be dismissed for lack of personal jurisdiction and/or for insufficient service of process, for the reasons discussed below.

## ARGUMENT

### I. In The Alternative, The Court Should Dismiss The Claims Asserted Against AliExpress E-Commerce Because Plaintiff Cannot Satisfy His Burden Of Establishing That This Court Has Personal Jurisdiction Over That Defendant.

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted). When personal jurisdiction has been controverted or denied by a defendant, the plaintiff has the burden of proving facts sufficient to establish that the court has personal jurisdiction over the defendant. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's personal jurisdiction showing "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (quotation marks omitted). Personal jurisdiction must be established as to each defendant, *see Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 268 (2017) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (emphasis added)), so it is "plainly unconstitutional" for a court to "consider[] the 'defending parties' together and aggregat[e] their forum contacts in determining whether it ha[s] [personal] jurisdiction," *Rush*, 444 U.S. at 331-32.

Moreover, when the Court analyzes the personal jurisdiction issues presented in this lawsuit, the "transnational context of this dispute bears attention," *Daimler AG v. Bauman*, 571 U.S. 117, 140 (2014). AliExpress E-Commerce and other companies named as defendants in this lawsuit (including Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Private Limited, and Zichang) are foreign companies that are incorporated under the laws of, and have their principal places of business in, other countries. Thus, in accordance with *Daimler*, this Court should take "international comity" and "[c]onsiderations of international rapport," *id.* at 141-42, into account when deciding whether Plaintiff has satisfied his burden of establishing personal jurisdiction as to AliExpress E-Commerce and other foreign defendants.

**A. Based on Fifth Amendment Due Process Principles, this Court does not Have Personal Jurisdiction over AliExpress E-Commerce as to Plaintiff's RICO Claims.**

A RICO lawsuit "can only be brought in a district court where personal jurisdiction is established as to at least one defendant." *Wilkins v. Trial Lawyers, Inc.*, No. Civ. 05-5118, 2006 WL 375618, at *2 (W.D. Ark. Jan. 25, 2006) (citing *PT United Can Co., Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998)). In other words, 18 U.S.C. § 1965 in its entirety "'does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found.'" *Peters Broadcast Engineering, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 439 (6th Cir. 2022) (quoting *PT United Can*, 138 F.3d at 71). Rather, "nationwide [personal] jurisdiction hinges on whether at least one defendant has minimum contacts with the forum state." *Id*.

There are two kinds of personal jurisdiction: "general jurisdiction" (also known as "all-purpose jurisdiction") and "specific jurisdiction" (also known as "case-linked jurisdiction"). *See Bristol-Myers Squibb*, 582 U.S. at 262; *Daimler*, 571 U.S. at 126-27. *Daimler* "considerably

altered the analytic landscape" regarding due process limitations on a court's ability to assert general personal jurisdiction over a corporate defendant. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (rejecting plaintiff's reliance on pre-*Daimler* cases). After *Daimler*, due process principles preclude a court from exercising general personal jurisdiction over a corporate defendant unless it has been sued in a forum "in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137. Thus, there are now two bases for asserting general personal jurisdiction—the defendant's place of incorporation and principal place of business. *See id.*

Here, Plaintiff cannot establish that at least one defendant has minimum contacts with the forum state (Arkansas), so this Court should apply a forum-specific personal jurisdiction analysis, rather than a nationwide analysis, to the RICO claims asserted against AliExpress E-Commerce. None of the other defendants are "at home" in Arkansas (place of incorporation or principal place of business) and, as discussed below, AliExpress E-Commerce also is not "at home" in Arkansas, which means that this Court does not have general personal jurisdiction over at least one defendant.

The minimum contacts analysis required for specific personal jurisdiction leads to the conclusion that this Court also does not have specific personal jurisdiction over at least one defendant because Plaintiff cannot establish that any of the defendants have the requisite minimum contacts with Arkansas. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation marks omitted). Thus, for a court to assert specific personal jurisdiction consistent with due process principles, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Moreover, due process limits "principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties[,]" so the Supreme Court

has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* This means that the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Id.* (emphasis in original; quotation marks omitted). In other words, "however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive." *Id.* at 285 (quotation marks omitted).[1] None of the other defendants themselves engaged in "suit-related conduct" that created a substantial connection with Arkansas, and, as discussed below, the same conclusion applies to AliExpress E-Commerce, so this Court should apply a forum-specific personal jurisdiction analysis to the RICO claims asserted against AliExpress E-Commerce.

***First***, Plaintiff cannot satisfy his burden of establishing that this Court has general personal jurisdiction over AliExpress E-Commerce as to his RICO claims because that defendant is not "at home" in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. AliExpress E-Commerce (which is a separate legal entity) is incorporated under the laws of, and has its principal place of business in, Singapore. Declaration of Xingjian Zhao ¶¶ 3-4 ("Zhao Declaration") (attached as **Exhibit 1**). AliExpress E-Commerce is not registered to do business in Arkansas (or anywhere else in the United States of America). *Id.* ¶ 6. AliExpress E-Commerce does not have any offices in Arkansas (or anywhere else in the United States of America) and does not have any employees in Arkansas (or anywhere else in the United States of America). *Id.* ¶¶ 7-8.[2] Therefore, Plaintiff cannot satisfy his burden of establishing that AliExpress E-Commerce is "at home" in

[1] The Arkansas long-arm statute extends personal jurisdiction to the maximum limits permissible by the United States Constitution, so this Court should focus on due process principles without separately analyzing whether that statute authorizes the Court to exercise personal jurisdiction. *See, e.g., Wilkins*, 2006 WL 375618, at *3 (citing *Davis v. St. Johns Health Sys., Inc.*, 71 S.W.3d 55, 58 (Ark. 2002)).

[2] In addition, AliExpress E-Commerce does not direct, target, or specifically tailor any of its business activities to or at the State of Arkansas. Zhao Declaration ¶ 5.

Arkansas, which means that the Court does not have general personal jurisdiction over AliExpress E-Commerce.

***Second***, Plaintiff also cannot satisfy his burden of establishing that this Court has specific personal jurisdiction over AliExpress E-Commerce as to his RICO claims because AliExpress E-Commerce did not engage in "suit-related conduct" that created a substantial connection with Arkansas within the meaning of the Supreme Court's *Walden* ruling. This lawsuit arises from a purchase transaction that Plaintiff's company—Burchfield Sales and Consulting LLC ("BSAC LLC")—allegedly consummated in June 2021 ("the June 2021 Transaction") via the website Alibaba.com ("the Alibaba.com Platform") with a third-party merchant, Zichang New Materials (Shandong) Co. Ltd. ("Zichang"). However, the Alibaba.com Platform is owned and operated by a different company—not AliExpress E-Commerce, which owns and operates the website AliExpress.com ("the AliExpress Platform"). Zhao Declaration ¶ 9. The AliExpress Platform and the Alibaba.com Platform have separate website addresses, and they are otherwise separate. *Id*. A purchase transaction consummated via the AliExpress Platform is separate from—and not the same as—a purchase transaction consummated via the Alibaba.com Platform (and vice versa). *Id.* For example, when a product is offered for sale by a third-party merchant via the AliExpress Platform, that same product is not necessarily offered for sale by the same third-party merchant via the Alibaba.com Platform (and vice versa). *Id*.

Plaintiff acknowledges the existence of those two websites; he admits that the June 2021 Transaction "was through Alibaba.com, not AliExpress.com," FAC ¶ 13. Based on that admission, it is clear that AliExpress E-Commerce did not have any connection to, or involvement with, the June 2021 Transaction. Zhao Declaration ¶ 11.[3] For example, AliExpress E-Commerce does not

[3] For purposes of this argument, it does not matter whether the June 2021 Transaction was consummated by Plaintiff or by BSAC LLC as the purchaser. Zhao Declaration ¶ 10 n.1. The statements in the Zhao

own, operate, or control the Alibaba.com Platform and does not exercise any control over any products listed for sale, or actually sold, by third-party sellers via the Alibaba.com Platform. Zhao Declaration ¶ 11. Therefore, AliExpress E-Commerce did not participate in or supervise the June 2021 Transaction. *Id.*

Nor did AliExpress E-Commerce have any other connections to the June 2021 Transaction. For example, AliExpress E-Commerce does not represent—and is not an agent for—any buyers or any sellers in any transactions where a buyer and a seller have made contact via the Alibaba.com Platform, so AliExpress E-Commerce was not an agent for Zichang in connection with the June 2021 Transaction. *Id.* ¶ 12; *see also id.* ¶ 20. AliExpress E-Commerce does not have any communications with users or members of the Alibaba.com Platform about transactions consummated via the Alibaba.com Platform, so Plaintiff could not have communicated with AliExpress E-Commerce about the June 2021 Transaction or any product that he (or his company BSAC LLC) allegedly bought or tried to buy via the Alibaba.com Platform. *Id.* ¶ 13. AliExpress E-Commerce does not send advertisements, marketing e-mails, or other messages—or control or have any input into the content of advertisements, marketing e-mails, or other messages—that may be sent or otherwise transmitted to potential buyers of products that sellers make available for purchase via the Alibaba.com Platform. *Id.* ¶ 14. Therefore, neither Plaintiff nor his company BSAC LLC could have received: (a) any advertisements, marketing e-mails, or other messages from AliExpress E-Commerce related to the June 2021 Transaction; or (b) any advertisements, marketing e-mails, or messages sent by anybody else related to the June 2021 where AliExpress E-Commerce had any control over their content. *Id.* AliExpress E-Commerce does not introduce potential buyers to sellers for transactions that have been or may be consummated via the

Declaration are true and correct regardless of whether that transaction was consummated by Plaintiff or by BSAC LLC. *Id.*

Alibaba.com Platform or otherwise play any role in creating any contacts between sellers and potential buyers for transactions that have been or may be consummated via the Alibaba.com Platform, so AliExpress E-Commerce could not have introduced Plaintiff (or his company BSAC LLC) to Zichang with respect to the June 2021 Transaction or played any role in creating any contacts between Plaintiff (or his company BSAC LLC) and Zichang related to the June 2021 Transaction. *Id.* ¶ 15. AliExpress E-Commerce plays no role in the sale process involving a product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AliExpress E-Commerce could not have played any role in the sale process for the June 2021 Transaction. *Id.* ¶ 16. AliExpress E-Commerce plays no role in manufacturing any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AliExpress E-Commerce could not have played any role in manufacturing the product at issue in the June 2021 Transaction. *Id.* ¶ 17. AliExpress E-Commerce plays no role in the shipping and distribution process for any product offered for sale by a seller to a buyer via the Alibaba.com Platform, so AliExpress E-Commerce could not have played any role in the shipping or distribution process for the June 2021 Transaction. *Id.* ¶ 18. AliExpress E-Commerce does not take possession or control of, and does not take title to, products offered for sale via the Alibaba.com Platform, so AliExpress E-Commerce could not have taken possession or control of, and could not have taken title to, the product at issue in the June 2021 Transaction. *Id.* ¶ 19.[4]

In sum, Plaintiff cannot satisfy his burden of establishing that AliExpress E-Commerce engaged in any suit-related conduct that created a substantial connection with Arkansas, so this

[4] The vague allegations regarding AliExpress E-Commerce in the FAC do not contradict the evidence presented above that AliExpress E-Commerce did not engage in any suit-related conduct that created a substantial connection to Arkansas. The FAC presents only irrelevant allegations about a non-prosecution agreement with the United States Attorney's Office for the District of Rhode Island and unsupported speculation about AliExpress E-Commerce's potential connection to the June 2021 Transaction. *See, e.g.*, FAC ¶¶ 13, 44-46.

Court does not have specific personal jurisdiction over AliExpress E-Commerce.

### B. Based on Fourteenth Amendment Due Process Principles, this Court does not Have Personal Jurisdiction over AliExpress E-Commerce as to Plaintiff's State Law Claims.

A Fourteenth Amendment due process analysis leads to the conclusion that Plaintiff cannot satisfy his burden of establishing that this Court has personal jurisdiction over the state law claims asserted against AliExpress E-Commerce. For the reasons set forth above and in the accompanying Zhao Declaration (Exhibit 1), AliExpress E-Commerce is not at home in Arkansas within the meaning of the Supreme Court's *Daimler* ruling. Therefore, this Court does not have general personal jurisdiction over AliExpress E-Commerce. Likewise, for the reasons set forth above and in the accompanying Zhao Declaration, AliExpress E-Commerce did not engage in any suit-related conduct that created a substantial connection with Arkansas. Thus, this Court does not have specific personal jurisdiction over AliExpress E-Commerce.

## II. In The Alternative, The Court Should Dismiss The Claims Asserted Against AliExpress E-Commerce For Insufficient Service of Process.

Before a federal court is allowed to exercise personal jurisdiction over a defendant, the requirement of service of summons must be satisfied. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), *superseded in part by statute on other grounds as stated in Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 832 (9th Cir. 2024). In other words, "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs. Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). As the Supreme Court explained: "[T]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *Omni Capital Int'l*, 484 U.S. at 104. A plaintiff has the

burden of proving proper service once it is contested. *See, e.g.*, *Brinkley v. City of Helena–West Helena, Arkansas*, No. 2:11-cv-00207-SWW, 2012 WL 5207595, at *3 (E.D. Ark. Oct. 22, 2012) (citing cases).

Here, Plaintiff attempted to serve AliExpress E-Commerce by mailing the FAC and Summons to a Hong Kong address (and the summons included "China" in the address), Zhao Declaration ¶ 2, but that is not proper service of process on that defendant for this lawsuit. AliExpress E-Commerce is incorporated under the laws of, and has its principal place of business in, Singapore. *Id.* ¶ 3. The address for AliExpress E-Commerce's principal place of business (*i.e.*, AliExpress E-Commerce's headquarters) is in Singapore, not in Hong Kong and not in China. *Id.*

Sending the FAC and Summons to a Hong Kong address appears to be an attempt by Plaintiff to evade the requirement that AliExpress E-Commerce must be served in Singapore in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Singapore is a signatory to the Hague Service Convention,[5] and Plaintiff admitted in a prior filing in this lawsuit that the "Hague Service Convention applies when judicial documents must be transmitted abroad," Plaintiff's Brief at 2 (ECF No. 29). Plaintiff cannot evade the important Hague Service Convention requirements for serving judicial documents in Singapore by mailing the FAC and Summons to a Hong Kong address that is not the correct address for AliExpress E-Commerce. The Court should dismiss all claims asserted against AliExpress E-Commerce because Plaintiff failed to effect service of process on that defendant.

---

[5] *See* Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (https://www.hcch.net/en/instruments/conventions/full-text/?cid=17) (last visited September 10, 2026) (listing countries that are signatories to Hague Service Convention). Singapore became a signatory to the Hague Service Convention in 2023. *See* "Singapore accedes to the Service Convention," Hague Conference on Private International Law (HCCH) (https://www.hcch.net/en/news-archive/details/?varevent=917) (last visited September 10, 2026).

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and: (a) dismiss this lawsuit for lack of subject-matter jurisdiction; or (b) dismiss all claims asserted against AliExpress E-Commerce for lack of personal jurisdiction and/or for insufficient service of process. In the alternative, if the Court declines to issue those dismissal rulings, the Court should dismiss AliExpress E-Commerce from this lawsuit by dismissing the RICO claims asserted against that defendant for failure to state a claim upon which relief can be granted and declining to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Dated: September 10, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*