# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

BRADLEY BURCHFIELD,

Plaintiff,

v.

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,

Defendants.

No. 4:26-cv-00611-DPM-JJV

**DEFENDANT ALIBABA GROUP (U.S.) INC.'S REPLY**
**IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Alibaba Group (U.S.) Inc. ("Alibaba Group (U.S.)") files this reply in further support of its Motion to Dismiss First Amended Complaint ("Motion to Dismiss") (ECF No. 65) and in response to Plaintiff's Response in Opposition ("Opposition") (ECF No. 76) and Brief in Support of Plaintiff's Opposition ("Opposition Brief") (ECF No. 77). Plaintiff also incorporates by reference arguments that he asserted in his August 18, 2026 Opposition to Four Defendants' Motion to Dismiss First Amended Complaint ("Plaintiff's Prior Opposition") (ECF No. 57), so this reply also responds to Plaintiff's Prior Opposition.

## PRELIMINARY STATEMENT

Plaintiff's strategy to evade dismissal involves filing as much irrelevant paper as possible and making as many meritless arguments as possible to try to muddy the record, but the Court should not be confused or misled by that strategy. Alibaba Group (U.S.)'s Brief in Support of the Motion to Dismiss ("MTD Brief") (ECF No. 66) explained why dismissal is warranted for several reasons, and Plaintiff fails to present any persuasive arguments to avoid dismissal. As discussed

below, Plaintiff makes concessions that support dismissal; erroneously invokes Rule 17(a)(3) of the Federal Rules of Civil Procedure; grasps at straws in a futile effort to conjure up factual disputes that do not exist and do not provide any basis for jurisdictional discovery; and makes arguments that were rejected by the Court's August 21, 2026 Order ("8/21 Order") (ECF No. 64).

## ARGUMENT

### I. Plaintiff's Effort To Invoke Rule 17(a)(3) Lacks Merit Because Naming Himself (Instead Of His Company) As The Plaintiff Was A Litigation Strategy And Deliberate Tactical Maneuvering By Plaintiff—Not A Mistake Due To A Difficult Determination Regarding The Proper Plaintiff.

Plaintiff tries to evade the significant standing problem identified in the Four Defendants' August 5, 2026 Brief in Support of Motion to Dismiss First Amended Complaint ("Defendants' August 5, 2026 Brief") (ECF No. 38) (which Alibaba Group (U.S.) adopted by reference in its MTD Brief)—namely, that he does not have standing to pursue the RICO claims because Burchfield Sales and Consulting LLC ("BSAC LLC") was the buyer in the June 1, 2021 transaction at issue here—by invoking Rule 17(a)(3) of the Federal Rules of Civil Procedure to seek delay, *see* Opp'n Brief at 4, but that argument lacks merit. On this record, the Court should not allow Plaintiff to take advantage of Rule 17(a)(3) because he did not mistakenly name himself (instead of BSAC LLC) as the plaintiff in this lawsuit but rather engaged in deliberate tactical maneuvering in an effort to prosecute this lawsuit as a *pro se* plaintiff and avoid the need to have an attorney represent BSAC LLC. Rule 17(a)(3) does not allow a plaintiff to resort to such procedural gamesmanship and then, when the defendant objects, use that rule to request more time to reconfigure his lawsuit. Although that rule, when "[r]ead literally, … would appear to require that a party *always* be given a reasonable time to substitute the real party in interest where objection has been made[,] … [s]uch a literal reading … would countenance conduct in violation of the spirit of the Rules …." *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004) (emphasis in

original); *see Sisson v. Patel*, No. 20-05101-CV-SW-BP, 2021 WL 9958730, at *2 (W.D. Mo. Mar. 8, 2021) (quoting Advisory Committee Notes to Rule 17; also stating that "it has been held that[,] when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed" (quotation marks omitted)). Thus, "'[m]ost courts have interpreted this sentence [in Rule 17(a)(3)] as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult.'" *Taylor v. Comcast Cablevision of Arkansas, Inc.*, 252 F. Supp. 2d 793, 795 (E.D. Ark. 2003) (quoting *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001)); *see Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418 (8th Cir. 1967) (Rule 17 "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made" (quotation marks omitted)); *Anderson v. Bristol, Inc.*, 847 F. Supp. 2d 1128, 1135 (S.D. Iowa 2012) (quoting *Crowder*, 387 F.2d at 418, with approval).

When deciding whether to dismiss a lawsuit or allow substitution of the real party in interest, "a court should consider whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest)." *Suda v. Weiler Corp.*, 250 F.R.D. 437, 440 (D.N.D. 2008) (quotation marks omitted). Here, the First Amended Complaint ("FAC") (ECF No. 11) and Plaintiff's other submissions show that Plaintiff knew exactly what he was doing when he decided to file this lawsuit in his own name, instead of naming BSAC LLC as the plaintiff. That decision was intentional—not a mistake. Plaintiff does not claim that it was a mistake. For more than five years before this lawsuit was filed, Plaintiff knew that BSAC LLC was identified as the buyer in the June 1, 2021 Trade Assurance Purchase Contract that is at the center of this lawsuit. Moreover, Plaintiff's decision to invoke Rule 17(a)(3) in the FAC (¶ 7) and describe himself as the "beneficial

owner of the subject claim," FAC at page 1 (caption), further supports the conclusion that Plaintiff did not make a mistake regarding the proper plaintiff but instead engaged in tactical maneuvering to try to serve his perceived litigation interest.[1] The issue here is not whether Plaintiff failed to name the correct "Alibaba" company as a ***defendant***; it is whether he mistakenly named the wrong plaintiff. He did name the wrong plaintiff, but it was not a mistake within the meaning of the Rule 17(a)(3) case law, so he is not entitled to the benefit of Rule 17(a)(3). *Compare Bell v. Mine Safety Appliances*, No. 1:13-cv-01075, 2015 WL 10939715, at *3 (W.D. Ark. Nov. 17, 2015) (rejecting plaintiffs' Rule 17(a)(3) argument and stating: "The determination of the real party in interest was not difficult for the Plaintiffs in this case; nor was there an understandable or excusable mistake in this regard.") *with Applied Risk Servs., Inc. v. Beemac Driver Mgmt., LLC*, No. 8:15CV110, 2016 WL 3033704, at *3 (D. Neb. May 26, 2016) (allowing named plaintiff to file Rule 17(a) motion to substitute to name a different plaintiff, provided that named plaintiff "can show it made an honest or understandable mistake as to the identification of the real party in interest"); *Suda*, 250 F.R.D. at 441 (declining to dismiss lawsuit based on Rule 17(a) because "[t]here is no evidence that [plaintiff] engaged in deliberate tactical maneuvering when he brought this action in his own name based on his mistaken belief that his insurance policy had a deductible").[2]

---

[1] Now that various defendants have objected based on the lack of a proper plaintiff, Plaintiff may regret his tactical decision and may conclude that it was a mistake, but such hindsight-driven regret is not the kind of mistake that matters for purposes of the Rule 17(a)(3) case law discussed above.

[2] Although Plaintiff tries to conjure up a factual dispute by relying on self-serving statements in his declaration, *see* Opp'n Brief at 3 (citing ECF No. 23, at page 11), that argument focuses on Article III standing—not Rule 17(a)(3), which is different than Article III standing—and is otherwise unavailing. Any facts asserted in that declaration were within Plaintiff's knowledge, so he could have alleged them in the FAC and should not now be allowed to rely on that declaration. In any event, that declaration (which improperly includes statements that are conclusory legal conclusions) does not create a genuine factual dispute because, even if Plaintiff provided the funds to pay for the product purchased in the June 2021 transaction at issue here, he would have made that payment for or on behalf of BSAC LLC, in his capacity as a member and/or officer of that company. Plaintiff cannot invoke or disavow the limited liability company form whenever it suits him, depending on whether it hurts or helps his litigation position, because Plaintiff and BSAC LLC are separate and distinct. *See Thomason v. Randall*, No. 4:12-cv-4155, 2015 WL

## II. Plaintiff's Arguments Regarding Preclusion Principles Are Unavailing.

As established by the preclusion arguments in the Defendants' August 5, 2026 Brief (ECF No. 38) (which Alibaba Group (U.S.) adopted by reference in its MTD Brief), Plaintiff's RICO claims are barred by preclusion principles (claim preclusion and/or issue preclusion)[3] based on what happened in Plaintiff's prior RICO lawsuits involving the same Alibaba.com Platform transaction at issue here:

- the *sua sponte* dismissal ruling in the Western District of Arkansas case, where Judge Hickey certified "'that an in forma pauperis appeal of [that dismissal order] would not be taken in good faith,'" Defendants' August 5, 2026 Brief at 7 (quoting dismissal order);

- the *sua sponte* dismissal ruling in the Northern District of California, where the court was "'convinced that [Plaintiff] cannot allege facts to cure the defects'" identified by the court's order and that "'granting Plaintiff further leave to amend would be futile,'" *id*. at 6-7 (same);

- Plaintiff's admission, in the stipulation of dismissal with prejudice of the Eastern District of Arkansas lawsuit, that dismissal was "'appropriate because no viable claim exists,'" *id*. at 6 (quoting stipulation of dismissal with prejudice).[4]

The Opposition and Opposition Brief do not—and cannot—dispute what happened in those prior RICO lawsuits.

---

247707, at *3 & n.1 (W.D. Ark. Jan. 20, 2015) (stating that "Arkansas has recognized the nearly universal rule that a corporation and its stockholders are separate and distinct" and that "Arkansas courts have applied the same rule to limited liability companies and their members" (citing cases)). BSAC LLC (not Plaintiff) was the party to the June 2021 contract at issue in this lawsuit, and BSAC LLC (not Plaintiff) was the purchaser of the product that Zichang sold pursuant to that June 2021 contract. No matter how many self-serving statements Plaintiff makes in a declaration, they cannot change those key facts.

[3] In one of the cases cited in the Defendants' August 5, 2026 Brief, the Supreme Court used the term "res judicata doctrines" to refer collectively to claim preclusion and issue preclusion. Defendants' August 5, 2026 Brief at 5 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)); *see Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) ("Res judicata incorporates the concepts of both issue preclusion and claim preclusion."). Alibaba Group (U.S.) invokes both preclusion doctrines.

[4] This Court can decide the preclusion issues presented here without passing judgment on whether the prior dismissal decisions were correct because, as the Eighth Circuit made clear, "issue preclusion prevents relitigation of wrong decisions just as much as right ones." *Sandy Lake Band of Mississippi Chippewa*, 714 F.3d at 1104 (quotation marks omitted). By making this point, Alibaba Group (U.S.) in no way suggests that it has any doubts regarding whether the prior dismissal decisions were right. They clearly were right, but this Court can rule in favor of Alibaba Group (U.S.) without determining whether they were right.

Although Plaintiff's Prior Opposition (ECF No. 57) (which is incorporated by reference in the Opposition Brief) addresses preclusion arguments, Plaintiff's efforts to evade the preclusion impact of his "no viable claim exists" admission and the dismissal rulings lack merit. Alibaba Group (U.S.) was a defendant in the prior RICO lawsuit that was dismissed with prejudice—with Plaintiff admitting that "no viable claim exists." Stipulation of Dismissal (ECF No. 38-2). As for Plaintiff's two other dismissed RICO lawsuits, Alibaba Group (U.S.) is not required to "map every … Defendant to a prior party or establish privity for each one," Plaintiff's Prior Opp'n at 13, because the plaintiff whose claims were dismissed by court rulings in those two prior RICO lawsuits is the same plaintiff who is pursuing RICO claims here arising out of the same Alibaba.com Platform transaction that was at issue in the prior RICO lawsuits. The key question for determining the preclusive impact of a prior lawsuit on a subsequent lawsuit is not whether the prior lawsuit and the current lawsuit allege exactly the same claims against exactly the same line-up of defendants. What matters is "whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate" and whether the subsequent lawsuit would "relitigat[e] issues that were or ***could have been raised*** in [the prior lawsuit]." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (emphasis added).

Based on those principles, this lawsuit must be dismissed because it alleges RICO claims that arise out of the same nucleus of operative fact or are based on the same factual predicate as the claims alleged in Plaintiff's three prior RICO lawsuits—namely, the June 1, 2021 Alibaba.com Platform transaction involving the chemical product sold by the third-party seller Zichang—so this lawsuit relitigates issues that Plaintiff did raise, or could have raised, in those prior RICO lawsuits. In *Elbert*, the Eighth Circuit held that "[t]here is no good reason why [plaintiff] should have a second chance to add these claims and defendants" and went on to explain that "all of his claims

arise out of the same police raid"; that plaintiff "could have brought the new claims against [the defendant] in the first action and failed to do so"; and that plaintiff "could have joined the other police officers as defendants in the first action but failed to do so in a timely manner." *Elbert*, 903 F.3d at 784. After all, any "other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in [his] first action." *Id*. (alterations in original; quotation marks omitted). Likewise, Plaintiff's RICO claims in this lawsuit arise out of the same June 1, 2021 Alibaba.com Platform transaction that was at issue in his three prior RICO lawsuits, and it does not matter that Plaintiff now seeks to expand the scope of his claims by adding certain defendants that were not named in some or all of those prior lawsuits because he could have named those defendants in those lawsuits. His prior RICO lawsuits gave Plaintiff "a full and fair opportunity to litigate," *Montana v. United States*, 440 U.S. 147, 153 (1979); *Elbert*, 903 F.3d at 784 (quotation marks omitted), any RICO claims allegedly arising out of that June 1, 2021 transaction, so he is not allowed to use this lawsuit to relitigate RICO claims that were, or could have been, asserted in those prior lawsuits. Or, as the Eighth Circuit put it, the "question here is not whether [plaintiff] is entitled to the time-honored tradition of 'his own day in court,' but whether he gets 'a second bite at the apple.'" *Elbert*, 903 F.3d at 784 (citations omitted). Of course, the situation here is even worse than the situation addressed in *Elbert*, because Plaintiff already had three bites at the RICO apple. The Court should not allow him to take a fourth bite.[5]

[5] Plaintiff grasps at straws by criticizing the Defendants' August 5, 2026 Brief for failing to "separate the original 2021 transaction from material events alleged to have occurred after the prior pleadings [filed in his prior lawsuits]." Plaintiff's Prior Opp'n at 13. That argument lacks merit because Plaintiff does not specify those "material events" and no events alleged in the FAC to have occurred after those prior pleadings are ***material*** to Plaintiff's RICO claims. Plaintiff certainly cannot rely on a 2026 offer of a $500 credit for a future purchase on the Alibaba.com Platform, *see* Plaintiff's Prior Opp'n at 4, as a RICO predicate act that caused a compensable RICO injury because that offer is unrelated to the merits of his RICO claims and because he does not—and cannot—identify any harm that the offer (which he rejected) caused him for which Alibaba Group (U.S.) can be held liable under the RICO statute. Likewise, the December 2024 email and the January 2026 email attached as exhibits to one of Plaintiff's declarations

## III. Plaintiff Conceded That The Defendants' Statute-Of-Limitations Argument Creates "A Serious Limitations Issue," But He Does Not Present Any Meritorious Rebuttals To That Argument.

As established by the statute-of-limitations argument in the Defendants' August 5, 2026 Brief (ECF No. 38) (which Alibaba Group (U.S.) adopted by reference), Plaintiff's prior RICO lawsuits show that Plaintiff was aware of the alleged RICO injury at issue here by no later than February or March 2022—more than four years before he filed this lawsuit in June 2026, which means that his RICO claims are barred by the applicable four-year limitations period. *See* Defendants' August 5, 2026 Brief at 8, 28-29. Plaintiff does not (and cannot) dispute that his RICO claims are governed by a four-year limitations period.

Plaintiff previously admitted that the statute-of-limitations argument "creates a serious limitations issue," Plaintiff's Prior Opp'n at 14, but he does not present any meritorious rebuttals to that argument. The best he could do was grasp at straws by focusing on the June 2026 $500 credit offer for a future purchase on the Alibaba.com Platform, *id*., but in the next breath he acknowledged that he does not ask the Court to treat that offer "as automatically restarting limitations for the 2021 loss," *id*. Here, Plaintiff reiterates that he "does not offer the … communications [regarding the credit offer for a future purchase on the Alibaba.com Platform] … to restart limitations," Opp'n Brief at 6, and that he "does not argue that a rejected 2026 proposal automatically revives a time-barred 2021 injury," *id*. at 7. Those acknowledgements make sense. There is no plausible scenario in which that credit offer, which Plaintiff rejected, caused any injury compensable by the RICO statute and started the limitations clock ticking on a RICO claim, so the Court should not be misled by his discussion of that credit offer.

---

(ECF No. 61) are unrelated to the RICO claims, and Plaintiff does not (and cannot) identify any compensable RICO injury that can be traced to those emails.

Plaintiff also cannot evade the dispositive statute-of-limitations argument discussed above by vaguely arguing that "the Court should permit Plaintiff to identify in a sworn declaration any independent business-or-property loss first suffered or discovered after June 22, 2022 and the conduct causing it," Plaintiff's Prior Opp'n at 15. Plaintiff had ample opportunity to allege any such loss(es) in his initial Complaint or in the FAC, but he did not do so. There is no plausible scenario in which any such loss(es) would: (a) have the requisite causal connection to his RICO claims that arise out of the June 1, 2021 transaction at issue here; and (b) save his RICO claims from dismissal on statute-of-limitations grounds.

## IV. Plaintiff Has No Persuasive Response To Alibaba Group (U.S.)'s Lack-Of-Personal Jurisdiction Arguments, Which Are Supported By A Detailed Declaration Setting Forth The Relevant Facts.

As this Court acknowledged when discussing declarations filed in this lawsuit by other "Alibaba" defendants in support of their lack-of-personal-jurisdiction arguments, they are "detailed Declarations setting forth the relevant facts," 8/21 Order at 1. Likewise, Alibaba Group (U.S.)'s Motion to Dismiss is supported by a detailed declaration setting forth the facts relevant to Alibaba Group (U.S.)'s lack-of-personal-jurisdiction arguments. *See* Declaration of Jieyun Li ("Li Declaration") (ECF No. 66, at pages 11-14). The Opposition and Opposition Brief do not present any persuasive response to Alibaba Group (U.S.)'s lack-of-personal-jurisdiction arguments and fail to satisfy Plaintiff's burden of establishing that this Court has personal jurisdiction over Alibaba Group (U.S.) in this lawsuit.

Plaintiff does not contest the showing made by Alibaba Group (U.S.), in the MTD Brief and the Li Declaration, that this Court lacks general personal jurisdiction over Alibaba Group (U.S.) because that defendant is not "at home" in Arkansas within the meaning of *Daimler AG v.*

*Bauman*, 571 U.S. 117, 137 (2014). Thus, Plaintiff fails to satisfy his burden of establishing that this Court has general personal jurisdiction over Alibaba Group (U.S.).

The same conclusion applies to Plaintiff's effort to satisfy his burden of establishing that this Court has specific personal jurisdiction over Alibaba Group (U.S.). ***First***, Plaintiff presents nothing more than unsupported speculation about Alibaba Group (U.S.)—based solely on the fact that this defendant has "Alibaba" in its name—but that falls well short of satisfying his burden of establishing that, contrary to the facts set forth in the detailed Li Declaration, the Court has specific personal jurisdiction over Alibaba Group (U.S.) because it engaged in "suit-related conduct" that "create[d] a substantial connection with [Arkansas]," *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

***Second***, by complaining about a prior search for "merely the word 'Burchfield,'" Opp'n Brief at 5, Plaintiff improperly conflates the different lack-of-personal-jurisdiction argument presented by a different defendant (AUS Merchant Services, Inc.) in a different motion to dismiss with the lack-of-personal-jurisdiction argument presented here by Alibaba Group (U.S.). Alibaba Group (U.S.)'s lack-of-personal-jurisdiction argument is ***not*** based on a search for the word "Burchfield." It is based (as discussed in the Li Declaration) on the fact that Alibaba Group (U.S.) does not own, operate, or control the Alibaba.com Platform; does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on that platform; and otherwise had no connection to or involvement with Plaintiff, Zichang, or the June 2021 transaction at issue in this lawsuit. *See* MTD Brief at 5-8 (citing Li Declaration). Personal jurisdiction must be established as to each defendant, *see* MTD Brief at 2 (citing cases), so Plaintiff cannot satisfy his burden of establishing that this Court has personal jurisdiction over Alibaba Group (U.S.) by conflating that defendant's lack-of-personal-jurisdiction argument with a different lack-of-personal-jurisdiction argument asserted by a different defendant.

***Third***, the Opposition and Opposition Brief are not clear regarding whether Plaintiff tries to defeat Alibaba Group (U.S.)'s lack-of-personal-jurisdiction argument by relying on a non-prosecution agreement with the United States Attorney's Office in Rhode Island, but if Plaintiff makes that argument here, it lacks merit. That agreement is not relevant to the claims asserted in this case, as this Court correctly recognized. 8/21 Order at 1.[6]

***Fourth***, the Opposition and Opposition Brief also are not clear regarding whether Plaintiff tries to defeat Alibaba Group (U.S.)'s lack-of-personal-jurisdiction argument by relying on two emails (from December 2024 and January 2026) attached to one of his declarations (ECF No. 61), but if he makes that argument here, it misses the mark. Those emails are irrelevant to Plaintiff's claims, so the emails cannot provide any basis for the Court to conclude that Alibaba Group (U.S.) engaged in the requisite "suit-related conduct" that "create[d] a substantial connection with [Arkansas]," *Walden*, 571 U.S. at 284.

***Fifth***, the same conclusion applies to Plaintiff's effort to rely on the June 2026 $500 credit offer for a future purchase on the Alibaba.com Platform. That is another irrelevant straw that does not support Plaintiff's burden of establishing that this Court has specific personal jurisdiction over Alibaba Group (U.S.).

***Sixth***, Plaintiff tries to create a personal jurisdiction hook as to various "Alibaba" defendants by making the cursory argument that this Court has personal jurisdiction over Zichang, *see* Plaintiff's Prior Opp'n at 9, but that argument lacks merit. Plaintiff does not—and cannot—contend that Zichang is "at home" in Arkansas within the meaning of *Daimler*, 571 U.S. at 137, so this Court does not have general personal jurisdiction over Zichang in this case.

---

[6] Moreover, the non-prosecution-agreement papers previously filed by Plaintiff do not contradict the sworn statements in the Li Declaration submitted by Alibaba Group (U.S.). Any efforts by Plaintiff to conjure up contradictions are based on mischaracterizations and unsupported speculation.

This Court also lacks specific personal jurisdiction over Zichang. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283-84 (quotation marks omitted), so "the defendant's suit-related conduct must create a substantial connection with the forum State," *id*. at 284. The relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Id*. (emphasis in original; quotation marks omitted). It "is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id*. at 291. Moreover, a defendant's "random, fortuitous, or attenuated contacts" or "the unilateral activity of a plaintiff" do not suffice to give a court specific personal jurisdiction. *Id*. at 286 (quotation marks omitted); *see Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 594 (8th Cir. 2011) (holding that defendant's contacts with the forum State—"scattered e-mails, phone calls, and a wire-transfer of money" to plaintiff in the forum State—were "the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction"). Thus, ***Plaintiff's*** decision to cause his company to enter into a contract (via the Internet) with a seller located in the People's Republic of China (Zichang) does not establish that ***Zichang itself*** created contacts with Arkansas sufficient to subject Zichang to specific personal jurisdiction in this Court. Plaintiff created those contacts through his unilateral activity, and there is no basis to conclude that it mattered to Zichang, when it entered into the contract at issue here, that he was located in Arkansas, as opposed to anywhere else in the world where a buyer using the Internet to purchase a product from Zichang could be located. In sum, any contacts between Zichang and Arkansas related to Plaintiff's claims in this lawsuit were created by Plaintiff and/or were so random, fortuitous, or

attenuated that they do not give rise to specific personal jurisdiction as to Zichang.[7]

***Finally***, Plaintiff tries to continue his harassment campaign by seeking leave to pursue wide-ranging, burdensome jurisdictional discovery from Alibaba Group (U.S.), but that argument also lacks merit. Although Plaintiff apparently does not want to accept the detailed factual statements in the Li Declarations that establish lack of personal jurisdiction over Alibaba Group (U.S.), his speculation and conjecture regarding what information he might learn during discovery do not entitle him to pursue discovery to test the assertions in those declarations. *See* 8/21 Order at 1 (denying Plaintiff's motion for leave to take jurisdictional discovery; stating that Plaintiff's request to conduct discovery to "'test th[e] assertions'" in defendants' declarations "is based on speculation and conjecture"); *see also Viasystems*, 646 F.3d at 598 (affirming denial of jurisdictional discovery because plaintiff's assertions about what facts such discovery "'would likely' reveal" was "entirely speculative"). Merely asserting that "jurisdictional facts are disputed," Opp'n Brief at 5, does not make it so. Actually, facts relevant to the personal jurisdiction arguments are not in dispute. For example, Plaintiff states that "Defendant's declaration supplies conclusions about its role," *id*., and suggests that more information is required, but he ignores that one of the declarations previously filed in this lawsuit (ECF No. 38-7, ¶¶ 2, 8) states that Alibaba.com Singapore E-Commerce Private Limited (a defendant in this case) owns and operates the Alibaba.com Platform. That sworn statement is consistent with the receipt for the June 1, 2021 transaction that Plaintiff filed as an exhibit in this lawsuit, which shows "Alibaba.com Singapore

---

[7] Moreover, when presenting his personal jurisdiction arguments, Plaintiff completely ignores the "transnational context of this dispute," but that "bears attention," *Daimler*, 571 U.S. at 140. Various companies named as defendants in this lawsuit—including Zichang, Alibaba Group Holding Limited, and Alibaba.com Singapore E-Commerce Private Limited—are foreign companies that are incorporated under the laws of, and have their principal places of business in, other countries. Thus, in accordance with *Daimler*, this Court should take "international comity" and "[c]onsiderations of international rapport," *id*. at 141-42, into account when deciding whether to accept Plaintiff's unduly broad arguments regarding personal jurisdiction as to Zichang and other foreign defendants.

E-Commerce Private Limited" as the "Marketplace Operator" (ECF No. 2, at page 17). Plaintiff has no basis (other than unsupported speculation and conjecture) to claim that another company owns and operates the Alibaba.com Platform, so there is no need to grant him leave to pursue jurisdictional discovery.

Plaintiff also misses the mark by relying on a ministerial order issued in December 2022 in one of his prior lawsuits, *see* Opp'n Brief at 4 (citing Exhibit A, ECF No. 77-1 (ECF No. 9 in that prior lawsuit)), that granted Plaintiff's motion to amend his complaint "for the limited purpose of correcting the named business entity" from "Alibaba Group Holding Limited" ("AGHL") to "Alibaba Group (U.S.) Inc." Plaintiff correctly admits that that December 2022 order was "not a substantive adjudication that AGHL and Alibaba Group (U.S.) Inc. are identical, in privity, alter egos, or liable." Opp'n Brief at 4. In these circumstances, Plaintiff cannot take advantage of an order allowing him to change the name of a defendant in a prior lawsuit to contend that he is entitled to jurisdictional discovery in this lawsuit, where Alibaba Group (U.S.) and other "Alibaba" defendants have filed detailed declarations regarding which defendant owns and operates the Alibaba.com Platform and which defendants do not own or operate that platform. Plaintiff's complaint about "Alibaba's own inconsistent entity naming," *id*. at 1, lacks merit and is contrary to the extensive record of sworn statements in this lawsuit that provide more than enough factual information to support the various defendants' lack-of-personal-jurisdiction arguments.

If any doubt remains regarding whether Plaintiff has any meritorious basis to seek jurisdictional discovery, it should be laid to rest by focusing on the fact that he seeks discovery regarding the identity of the entity that authorized, funded, or issued the June 2026 $500 credit offer discussed above. *See* Plaintiff's Prior Opp'n at 12; Opp'n Brief at 5. That offer does not give rise to any claims at issue in this lawsuit, so it does not constitute "suit-related conduct" that

"create[d] a substantial connection with [Arkansas]," *Walden*, 571 U.S. at 284, and does not give this Court personal jurisdiction over Alibaba Group (U.S.)—which means that the argument about the credit offer does not support Plaintiff's request for jurisdictional discovery in this case.[8]

**CONCLUSION**

For the reasons set forth above and in the MTD Brief, the Court should grant the Motion to Dismiss.

Dated: September 14, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

[8] The lengthy exhibit of numerous purported screenshots filed by Plaintiff (Exhibit D, ECF No. 77-1, at page 14 *et seq.*) also fails to support his request for jurisdictional discovery. He admits that Exhibit D does not, by itself, "attribute the conduct to Alibaba Group (U.S.) Inc.," Opp'n Brief at 5, and he provides only unsupported conjecture about Exhibit D. That speculative argument, like Plaintiff's other arguments, fails to create a factual issue and therefore fails to establish that Plaintiff is entitled to jurisdictional discovery.