**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**SIX DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S SEPTEMBER 1, 2026 TEXT-ONLY ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL**

Six defendants—Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., AliExpress E-Commerce One Pte. Ltd., and AUS Merchant Services, Inc. (collectively, the "Opposing Defendants")—hereby oppose "Plaintiff's Notice of Non-Consent to Magistrate-Judge Disposition; Withdrawal of any Purported Consent; and Objections to September 1, 2026 Text-Only Order" ("Objections") (ECF No. 75).

## PRELIMINARY STATEMENT

The Objections address a text-only order issued by Magistrate Judge Volpe on September 1, 2026 ("9/1 Order") (ECF No. 73) that denied "as frivolous" Plaintiff's Motion to Disqualify Counsel ("Disqualification Motion") (ECF No. 71). The Disqualification Motion involved a pretrial "Nondispositive Matter[]," Fed. R. Civ. P. 72(a), so Judge Volpe was entitled to decide that motion by "issu[ing] a written order stating the decision," *id.* (as opposed to issuing a "recommended disposition," Rule 72(b)(1)).

This Court should overrule the Objections because Plaintiff does not—and cannot—show that the 9/1 Order was "clearly erroneous or … contrary to law," Rule 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing 28 U.S.C. § 636(b)(1)(A) (2006))). For the reasons set forth below, the 9/1 Order was correct and consistent with applicable law, and nothing in the Objections undermines that conclusion.

## ARGUMENT

### I. The Disqualification Motion, And The State Court Lawsuit That Plaintiff Filed Against Undersigned Counsel To Enable Him To File The Disqualification Motion, Were Frivolous, Improper Filings, So The 9/1 Order Correctly Denied The Disqualification Motion As Frivolous.

A "party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the ***extreme measure*** of disqualifying a party's counsel of choice should be imposed ***only when absolutely necessary***." *Macheca Transport Co. v. Philadelphia Indemnity Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quotation marks omitted; emphasis added). Due to "the potential for abuse," a disqualification motion "should be subjected to particularly strict scrutiny." *Id.* (quotation marks omitted). Thus, as this Court acknowledged, the "law disfavors motions to disqualify counsel." *Horner v. Warren*, No. 3:23-cv-108-DPM, 2023 WL 12141668, at *1 (E.D. Ark. Oct. 30, 2023) (Marshall, J.) (citing *Macheca Transport Co.*, 463 F.3d at 833).

Here, the Disqualification Motion fell well short of overcoming the very high bar set for parties seeking disqualification of opposing counsel. Plaintiff filed the Disqualification Motion on August 27, 2026—shortly after (the same day) he filed a *pro se* lawsuit in Arkansas state court against the two law firms ("Defendants' Law Firms") that represent the Opposing Defendants in this lawsuit and other related lawsuits filed by Plaintiff. The complaint that he filed to commence

that lawsuit ("Complaint Against Law Firms") was attached as an exhibit to Plaintiff's Brief in Support of Disqualification Motion ("Disqualification Brief") (ECF No. 72, at pages 11-17), so that complaint was before Judge Volpe when he issued the 9/1 Order.

The Complaint Against Law Firms and the Disqualification Motion are part of Plaintiff's lengthy campaign of litigation harassment of companies that he thinks are associated with the Alibaba.com—a harassment campaign that has metastasized to include Defendants' Law Firms. It is obvious that Plaintiff filed the Complaint Against Law Firms to: (a) retaliate against Defendants' Law Firms for filing Notices of Removal (filed in this Court on August 13, 2026) on behalf of certain of their clients that had been sued by Plaintiff in state court for the same events allegedly at issue in this lawsuit[1]; and (b) manufacture a basis for Plaintiff to file the Disqualification Motion. By proceeding *pro se*, Plaintiff apparently believes that he can file pleadings and motions that would not be filed by attorneys who are precluded by ethics rules and other legal principles from filing frivolous pleadings or motions. The Complaint Against Law Firms and the Disqualification Motion were frivolous abuses of the judicial process.

The Complaint Against Law Firms is based on a Lexis/Nexis Report about Plaintiff that was filed as an exhibit to the Notices of Removal with redactions that complied with Rule 5.2 of the Federal Rules of Civil Procedure, but that complaint—which does not attach that report as an exhibit—misrepresents the content of that report and what was done with it. Plaintiff alleged that the Lexis/Nexis Report disclosed his family members' "precise addresses [and] contact details," Complaint Against Law Firms ¶ 37, *see id.* ¶ 34, but that is false. Any contact details (phone numbers, e-mail addresses) in the Lexis/Nexis Report were redacted, and the street numbers and

[1] Those Notices of Removal led to the two state court cases being docketed in this Court (Case No. 4:26-cv-00826 and Case No. 4:26-cv-00827) and eventually being re-assigned to Judge Marshall's docket as related cases to this case.

street names of addresses also were redacted, which left only cities/towns in Arkansas (and zip codes) where Plaintiff has lived over the course of many years—to assist in satisfying the removal burden of establishing that he was and is an Arkansas citizen for purposes of diversity jurisdiction.[2] Plaintiff also alleged that the face of the Lexis/Nexis Report "restricts reproduction outside the organization for which it was obtained," Complaint Against Law Firms ¶ 13, but that also is false.

Plaintiff also misrepresented what was done with the Lexis/Nexis Report. He alleged that, "[o]n August 10, 2026, … McDaniel Wolff electronically filed Five Defendants' Opposition to Plaintiff's Motion in Pulaski County Circuit Court Case No. 60CV-26-8633 and attached the SmartLinx [Lexis/Nexis] report as Exhibit 2." Complaint Against Law Firms ¶ 16. Not so. Although that opposition was filed in that lawsuit on August 10, 2026 (copy attached hereto as **Exhibit 1**), the Lexis/Nexis Report was ***not*** attached as an exhibit to that opposition. August 13, 2026 was the first time that the Lexis/Nexis Report was filed, when it was submitted as an exhibit in support of the Notices of Removal discussed above. After those notice-of-removal papers were filed in this Court, those papers (including the Lexis/Nexis Report) were filed in Pulaski County Circuit Court as required by 28 U.S.C. § 1446(d). Defendants' Law Firms' use of the Lexis/Nexis Report was entirely proper because it was the only evidence available to Defendants' Law Firms to enable them to satisfy their clients' removal burden of establishing the existence of diversity jurisdiction by showing that Plaintiff was (before and at the time of removal) an Arkansas citizen. When the notice-of-removal papers were filed, Plaintiff had admitted in the state court complaints that he was a ***resident*** of Arkansas, but the Eighth Circuit has made clear that residency in a state is not the same as citizenship of that state for purposes of diversity jurisdiction. *See, e.g.*, *Reece v.*

[2] The Lexis/Nexis Report, with redactions made by Defendants' Law Firms before it was filed in accordance with Rule 5.2, is available for this Court to review as part of the notice-of-removal papers filed in Case No. 4:26-cv-00826 (ECF No. 103).

*Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (distinguishing between residency and citizenship and stating that "it is simply incorrect to say [the plaintiff's] Arkansas residency establishes Arkansas citizenship for the purpose of diversity jurisdiction" (citing cases)). ***After*** the notice-of-removal papers were filed, Plaintiff filed papers in the two removed lawsuits admitting his Arkansas citizenship, but there was no such on-the-record admission when the notice-of-removal papers were filed, so the Lexis/Nexis Report was needed to satisfy the removal burden imposed on defendants that remove lawsuits from state court to federal court based on diversity of citizenship. Thus, Plaintiff misses the mark when alleging that he had not placed the information compiled in the Lexis/Nexis Report "at issue merely by alleging Arkansas residence," Complaint Against Law Firms ¶ 34. The question that matters here is not whether Plaintiff placed that information at issue, but whether the Lexis/Nexis Report assisted the removing defendants in satisfying their burden imposed by the removal statutes and case law interpreting those statutes. The answer is "yes," so it was proper for the Lexis/Nexis Report to be filed in support of the Notices of Removal.

Plaintiff filed the Complaint Against Law Firms and the Disqualification Motion to retaliate against Defendants' Law Firms for exercising their clients' important removal right by filing notice-of-removal papers in this Court and state court. Such retaliation is an improper, abusive litigation tactic. "The removal process was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). "Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Id.* (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992)). The "'Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right … and should be equally vigilant to protect the right to proceed in the Federal

court.'" *Id.* (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

In addition to trying to exact revenge for Defendants' Law Firms exercising a removal right conferred by Congress (and filing notice-of-removal papers with redactions that complied with Rule 5.2), the Complaint Against Law Firms upon which the Disqualification Motion was based fails for other reasons as well. That complaint sues Defendants' Law Firms for conduct in connection with professional services that they rendered as attorneys to their clients by making statements during judicial proceedings in which they participated as counsel, so the complaint runs afoul of statutory immunity principles and common law privilege principles. *See, e.g.*, *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at *5, 372 S.W.3d 324, 330 (2010) (stating that an "immunity statute protects attorneys from civil liability from those not in privity of contract with them for actions taken during the course of their employment as attorneys"; discussing and quoting Ark. Code Ann. § 16-22-310(a)); *Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988) (recognizing absolute privilege for an attorney to make statements during judicial proceedings in which he participates as counsel). Moreover, the sole claim asserted in the Complaint Against Law Firms ("Public Disclosure of Private Facts") also fails because: (a) Plaintiff cannot recover damages for alleged public disclosure of private facts about ***other persons*** (not plaintiffs), which is what that complaint seeks; (b) disclosing that Plaintiff has relatives who live (or have lived) in various Arkansas cities or towns—without disclosing their street addresses, as discussed above—is not the kind of disclosure of facts that can give rise to liability; and (c) anybody with access to Lexis could learn the facts set forth in the Lexis/Nexis Report, so they are not private facts.

## II. The Other Arguments Asserted By Plaintiff Fail To Satisfy His Burden Of Establishing That The 9/1 Order Was Clearly Erroneous Or Contrary To Law.

Plaintiff complains that the 9/1 Order "does not identify the legal standard applied, the allegations considered, or the reason the stated conflict failed under that standard," Objections at

3, but that argument does not satisfy his burden of establishing that the 9/1 Order was clearly erroneous or contrary to law. Sometimes a motion is so clearly frivolous that a court can properly deny it as frivolous in one sentence, without further elaboration. This is one example of such a motion, and the 9/1 Order is one example of such an order. The Objections do not cite any case (or other legal authority) requiring that busy federal magistrate judges must issue detailed orders every time they deny frivolous motions filed by *pro se* plaintiffs. As shown above in Section I, the 9/1 Order correctly denied the Disqualification Motion as frivolous.

Plaintiff also complains that the 9/1 Order was issued before he filed a "Supplemental Affidavit" (ECF No. 74) on September 2, 2026 stating that Plaintiff served the Complaint Against Law Firms on Defendants' Law Firms, *see* Objections at 3, 4, but that argument lacks merit. There is no indication in the 9/1 Order—and no reasonable basis to conclude—that Judge Volpe's decision to deny the frivolous Disqualification Motion was in any way based on whether Plaintiff had effected service of process on Defendants' Law Firms. Thus, Plaintiff engages in sheer, unsupported speculation when claiming that the Supplemental Affidavit involved "a material pre-order event documented on the federal docket immediately after the [9/1 Order] ruling," Objections at 4. In fact, that Supplemental Affidavit addressed an ***immaterial event*** that has no bearing on whether the 9/1 Order correctly denied the Disqualification Motion. If Judge Volpe truly believed that the Supplemental Affidavit made a difference, he could have vacated the 9/1 Order, but he did not do so. Or, if Plaintiff truly believed that the Supplemental Affidavit was an important game-changing event, he could have filed a motion for reconsideration to argue that Judge Volpe should vacate the 9/1 Order based on that affidavit, but Plaintiff did not do so. On this record, the argument about the Supplemental Affidavit fails to satisfy Plaintiff's burden of establishing that the 9/1 Order is clearly erroneous or contrary to law.

Finally, Plaintiff spends much of the Objections registering his lack of consent (and withdrawing any purported consent) to a magistrate judge conducting all proceedings in this lawsuit, *see* Objections at 1-2, 4, but that discussion also fails to satisfy Plaintiff's burden of establishing that the 9/1 Order was clearly erroneous or contrary to law. As discussed above (page 1), the 9/1 Order addressed a pretrial nondispositive matter, so Judge Volpe was authorized to issue that order. And he had that authority regardless of any consent or lack of consent by Plaintiff.

## CONCLUSION

This Court is not required to "close its eyes to reality," *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021). Here, the reality is that Plaintiff abused the judicial process and tried to mislead courts in a desperate attempt to manufacture a basis to seek disqualification of Defendants' Counsel, but the Disqualification Motion was frivolous. The Opposing Defendants are aware of the lawsuit that Plaintiff filed against Defendants' Counsel and nevertheless decided to continue to have Defendants' Counsel represent them in this litigation. Nothing filed by Plaintiff comes even close to justifying the extreme measure of interfering with the Opposing Defendants' important right to select their own counsel by disqualifying Defendants' Counsel.

For the foregoing reasons, the Court should overrule the Objections.

Dated: September 18, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139