**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**SIX DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED**

Six defendants—Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., AliExpress E-Commerce One Pte. Ltd., and AUS Merchant Services, Inc. (collectively, the "Moving Defendants")—hereby request that the Court issue an order requiring Plaintiff to show cause why he should not be sanctioned for abusing the judicial process by frivolously seeking to disqualify Moving Defendants' law firms.

Earlier today, the Moving Defendants filed an Opposition to Plaintiff's Objections to Magistrate Judge's September 1, 2026 Text-Only Order Denying Plaintiff's Motion to Disqualify Defendants' Counsel ("Defendants' Opposition") (ECF No. 87). That filing opposes Plaintiff's Objections (ECF No. 75) to an order issued by Magistrate Judge Volpe on September 1, 2026 ("9/1 Order") (ECF No. 73) that denied "as frivolous" Plaintiff's Motion to Disqualify Counsel ("Disqualification Motion") (ECF No. 71).

Defendants' Opposition shows that Plaintiff's Objections should be overruled because the 9/1 Order was correct and Plaintiff fails to satisfy his burden of establishing that the order was

clearly erroneous or contrary to law. Defendants' Opposition also demonstrates that the Disqualification Motion—and the lawsuit filed by Plaintiff against the Moving Defendants' law firms that enabled him to file the Disqualification Motion—were: (a) harassment and retaliation for notice-of-removal papers that were filed in Plaintiff's two lawsuits (which are closely related to this lawsuit); (b) an abuse of the judicial process; and (c) an attempt to mislead this Court and the court in which Plaintiff filed his lawsuit against the Moving Defendants' law firms.

If this Court overrules the Objections, the Moving Defendants request that the Court issue an order for Plaintiff to show cause why he should not be sanctioned—based on the Court's inherent authority and/or Rule 11 of the Federal Rules of Civil Procedure—for the litigation misconduct discussed above and in more detail in Defendants' Opposition. Federal courts have inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotation marks omitted); *Anderson v. CitiMortgage, Inc.*, 519 F. App'x 415, 417 (8th Cir. 2013) (acknowledging federal district courts' inherent authority to impose sanctions (after notice and an opportunity to be heard) on a party for abusing the judicial process, which includes "act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons" (quotation marks omitted)). Rule 11 authorizes the Court to impose sanctions for various kinds of pleadings, motions, or other filings, including a filing that violates the requirement that filings are not allowed to be "presented for any improper purpose, such as to harass … or needlessly increase the cost of litigation"; the requirement that "claims … and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and/or the requirement that "factual contentions have evidentiary support," Rule 11(b).

The show cause order requested here would give Plaintiff notice of the possibility that the Court will sanction him and an opportunity to be heard to present (via written response to the order) any arguments he may wish to present for why sanctions should not be imposed.

Dated: September 18, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*