**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**MOTION TO COMPEL CORPORATION SERVICE COMPANY TO PRODUCE SUBPOENAED RECORDS AND ALTERNATIVE REQUEST FOR LIMITED DISCOVERY LEAVE**

Plaintiff Bradley Burchfield moves under Federal Rules of Civil Procedure 26(b)(1), 26(d)(1), and 45 for an order requiring nonparty Corporation Service Company (CSC) to produce the existing, nonprivileged records specified in Schedule 1. If further discovery authorization or corrected notice is necessary, Plaintiff requests that relief before production is compelled. The grounds are:

1. The Clerk issued the AO 88B on July 22, 2026. It directs CSC's custodian of records to produce documents at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, with electronic production permitted. Exhibit A at 3. This Court is both the issuing court and the court for the district where compliance is required.

2. Process server Allison Douglas's signed return records delivery to Jeff Johnson, identified as an authorized agent, on July 27, 2026. Exhibit B. Plaintiff arranged service on CSC in Little Rock. The command requires documents only. Its deadline was thirty days after service, but not earlier than September 11, 2026, at 5:00 p.m. Central Time.

3. The subpoena concerns a specific existing record: CSC Transmittal No. 34483454 and CSC's July 9 rejection of federal process directed to Alibaba Group Holding Limited (AGHL) in this action. Exhibit E identifies AGHL as the party served and this federal case number. Plaintiff seeks the actual intake, rejection, routing, and agency-authorization records underlying that transaction, within the original requests and the limits in Schedule 1.

4. Exhibit A at 1–2 contains the July 22 advance notice and signed mailing certificate. Exhibit C also shows a July 22 email transmitting the subpoena to AGHL's counsel. Plaintiff submits that record under Rule 45(a)(4), subject to the Court's assessment of service on the appropriate recipients under Rule 5. If corrective notice is required, Plaintiff requests permission to give it and serve a corrected subpoena before enforcement.

5. Assuming an enforceable subpoena served July 27, the ordinary Rule 45(d)(2)(B) objection deadline was August 10. On that date, counsel B. Robert Liu identified the attached letter as AGHL's letter opposing the subpoena. Plaintiff asked on August 11 whether Liu also represented CSC and whether the objection was CSC's or solely AGHL's. Exhibit C. Plaintiff reported the unanswered questions and absence of an identified CSC objection in ECF No. 60. The accompanying declaration provides the current status.

6. Plaintiff asks the Court to distinguish AGHL's objection from an objection by CSC, the person commanded. Any properly supported privilege, personal-right, or protective-order claim by AGHL should be addressed on its own basis. The email alone does not establish that CSC objected through authorized counsel, and Plaintiff seeks a production order rather than automatic contempt or a blanket forfeiture of protections.

7. Plaintiff acknowledges ECF No. 64. The Court found that AGHL no longer contests service and denied the earlier requests for jurisdictional and alter-ego discovery. This motion expressly asks for permission to obtain the more limited records in Schedule 1 if that order or Rule 26(d)(1) otherwise prevents enforcement. Plaintiff does not treat issuance of an AO 88B as permission to disregard the discovery order.

8. The remaining requested inquiry is the scope of any actual CSC appointment and the handling of this identified federal process, to the extent material to AGHL's pending jurisdictional challenge. Acceptance of service does not itself answer those factual questions. Plaintiff relies on the identified transmittal, rather than a generalized request to investigate

corporate relationships. He requests, at minimum, the authorization records in Schedule 1, paragraph C, if the Court finds the broader transaction file unnecessary.

9. Plaintiff contends counsel used the service dispute tactically by proposing on July 29 to accept service in two pending cases only in exchange for withdrawal of the CSC subpoena and an agreement against future discovery about CSC's relationship with AGHL. Exhibit D. Plaintiff further contends that treating AGHL's subsequent objection as CSC's own objection would tactically circumvent the federal subpoena process. These are arguments about the documented sequence; Plaintiff requests judicial resolution of production, not a finding of misconduct based solely on an unaccepted proposal.

10. The accompanying brief explains the limited significance of the emails, the effect of ECF No. 64, and the protections for CSC. Schedule 1 narrows enforcement to existing records and preserves privilege, reasonable confidentiality, and protection from significant expense.

**REQUESTED RELIEF**

Plaintiff requests an order authorizing the limited discovery to the extent necessary; directing CSC, after notice and an opportunity to be heard, to produce the existing nonprivileged records in Schedule 1 within twenty-one days after service of the order; requiring a privilege description sufficient under Rule 45(e)(2)(A); and protecting CSC from significant compliance expense. Alternatively, Plaintiff requests authorization for the agency records in paragraph C alone, or leave to correct notice and serve a new subpoena before seeking enforcement. No contempt sanction, attorney-fee award, or adjudication of service in another lawsuit is requested.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of this supporting brief and the accompanying CSC motion, declaration, Schedule 1, Exhibits A–E, and proposed order by EMF/ECF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

And by U.S. Mail to:

Corporation Service Company
Custodian of Records
300 South Spring Street, Suite 900
Little Rock, Arkansas 72201

Bradley Burchfield

Bradley Burchfield

# SCHEDULE 1
# LIMITED PRODUCTION REQUESTED FROM CSC

This schedule narrows the existing Attachment A to the July 22, 2026 AO 88B. It does not expand that subpoena. All categories concern the federal process in Case No. 4:26-cv-00611-DPM, CSC Transmittal No. 34483454, and the July 9, 2026 rejection. No Arkansas state-court process records are requested.

## A The identified transaction file

Existing records showing the federal summons and complaint as received, envelope and tracking material, intake dates, the rejection reason actually selected, routing or status entries, and the dates and destinations of any forwarding, return, retention, or disposal. This is limited to original Requests 1, 2, 4, and 9 and the transaction-specific identity or role information in Request 3.

## B Communications about that transaction

Existing nonprivileged communications described in original Request 5, limited to receipt, rejection, return, or forwarding of the identified federal process. The request excludes legal advice, counsel's mental impressions, and substantive settlement communications. It seeks existing transmission records where separable from protected content.

## C Agency authority and records actually consulted

Documents sufficient to show whether, on July 9, 2026, CSC was authorized to accept or forward process for AGHL in New York, and the scope and limitations of any such appointment; and the records actually consulted in deciding whether CSC had that authority. This tracks original Requests 6 and 7. Relevant excerpts or designation records suffice; unrelated commercial terms and other customers' information may be redacted.

**D The governing intake procedure**

Only the portions of procedures described in original Request 8 that actually governed this transaction's entity identification, rejection coding, and routing. Duplicative manuals or unrelated company-wide policies need not be produced.

A reasonable search of accessible systems may use the transmittal number, federal case number, and AGHL's name. CSC may produce records as ordinarily maintained or label them by category, using searchable PDF where available and reasonably usable exports for logs. No reconstruction of unavailable data, new narrative answers to interrogatories, deposition, or personal appearance is sought.

Any withheld material must be described sufficiently to assess a claimed privilege under Rule 45(e)(2)(A). Plaintiff requests no compelled creation of a new business record or authentication declaration under original Request 10; CSC may voluntarily provide a custodian certification. Any disputed significant expense should be resolved before it is incurred. If limited early discovery is the only relief allowed, Plaintiff requests paragraph C as the first production, with other categories deferred.

**DECLARATION OF BRADLEY BURCHFIELD**
**IN SUPPORT OF CSC SUBPOENA MOTION**

1. I am the Plaintiff. I make the statements below from my own knowledge, except where I expressly identify a document as the source of information.

2. Exhibit A reproduces the advance notice, mailing certificate, and clerk-issued AO 88B with its attachments from my subpoena packet. I signed the July 22, 2026 certificate appearing at Exhibit A, page 2. Exhibit C shows my July 22 email transmitting the subpoena to Mr. Liu.

3. I arranged for the subpoena to be served on CSC at its Little Rock office, 300 South Spring Street, Suite 900. I did not personally serve it. Exhibit B is the signed return I received from Allison Douglas, recording service on Jeff Johnson, identified there as an authorized agent, on July 27, 2026.

4. Exhibits C and D are accurate copies of the email threads I sent and received. They preserve the messages shown in those exports. Email attachments are identified in the exports but are not embedded within those exports. Exhibit E is the July 9, 2026 CSC rejection notice from my records.

5. Mr. Liu's July 29 proposal sought withdrawal of the CSC subpoena and my alternative-service motion, along with a bar on future discovery about the identified service relationship. My July 30 response stated that I might seek reissued summonses and service through the Cayman Islands registered agent. In that response I proposed a broader settlement conditioned on agreement and completion of its terms. Mr. Liu declined that settlement proposal on August 6.

6. I did not agree in that exchange to an immediate, unconditional withdrawal of the CSC subpoena. My request for a production order is consistent with that position. The emails gave counsel notice of my contemplated service steps in the pending litigation. My arguments about tactical use of that exchange are identified as arguments in the brief, rather than personal knowledge of counsel's undisclosed intent.

7. On August 11 I asked Mr. Liu whether he represented CSC and whether the August 10 objection was CSC's or AGHL's. I reported the status of those questions in ECF No. 60. Status as of the date of this declaration: There was no response.

8. CSC production is still outstanding: There has been no production from CSC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10/1/26, 2026.

Bradley Burchfield

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 22 2026
TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**BRADLEY BURCHFIELD**
Plaintiff,

**Civil Action No.**
**4:26-cv-00611-DPM**

**v.**

**ALIBABA GROUP HOLDING LIMITED, et al.**
Defendants.

## NOTICE OF INTENT TO SERVE NONPARTY DOCUMENT SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff Bradley Burchfield gives notice that, after this notice and the attached copy of the subpoena have been served on each party, Plaintiff intends to serve a document-only subpoena on nonparty Corporation Service Company at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

The subpoena seeks narrowly defined records concerning CSC Transmittal No. 34483454 and CSC's July 9, 2026 rejection of federal process directed to Alibaba Group Holding Limited in this action. The subpoena does not require testimony, does not command a personal appearance, and expressly excludes records concerning any Arkansas state-court summons or mailing.

A copy of the proposed subpoena and Attachment A is served with this notice. Plaintiff will not serve the subpoena on Corporation Service Company until the Rule 45(a)(4) notice requirement has been satisfied.

Date: 7/22/26

Respectfully submitted,

Bradley Burchfield, Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**BRADLEY BURCHFIELD**
Plaintiff,

**Civil Action No.**
**4:26-cv-00611-DPM**

v.

**ALIBABA GROUP HOLDING LIMITED, et al.**
Defendants.

## CERTIFICATE OF SERVICE

I certify that on July 22, 2026, before service of the subpoena on Corporation Service Company, I served a copy of the Notice of Intent to Serve Nonparty Document Subpoena, the proposed subpoena, and Attachment A on each named party in this action by U.S. Mail at the address stated below:

| Party | Address Used | Method |
|---|---|---|
| Alibaba Group Holding Limited | c/o Corporation Service Company<br>19 West 44th Street, Suite 200<br>New York, NY 10036 | U.S. Mail |
| Alibaba.com Singapore E-Commerce Pte. Limited<br>*a/k/a Alibaba.com Singapore E-Commerce Private Limited* | 51 Bras Basah Road, #01-21, Lazada One<br>Singapore 189554 | U.S. Mail |
| Alibaba.com U.S. LLC | c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | U.S. Mail |
| Alibaba.com U.S. e-Commerce Corp.<br>*a/k/a Alibaba.com US E-Commerce Corp.* | c/o Incorporating Services, Ltd.<br>7801 Folsom Blvd., Suite 202<br>Sacramento, CA 95826 | U.S. Mail |
| Alibaba Group (U.S.) Inc. | c/o Incorporating Services, Ltd.<br>3500 S. Dupont Hwy.<br>Dover, DE 19901 | U.S. Mail |
| AliExpress E-Commerce One Pte. Ltd. | c/o Alibaba Group Holding Ltd., Legal Department<br>26/F Tower One, Times Square<br>1 Matheson Street, Causeway Bay, Hong Kong | U.S. Mail |
| AUS Merchant Services, Inc.<br>*f/k/a Alipay U.S., Inc. and Alipay U.S. Escrow, Inc.* | c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | U.S. Mail |
| Zichang New Materials (Shandong) Co., Ltd. | Room A2-907, Xinyuanxin Center<br>Huaxin Road, Jinan, Shandong, China | U.S. Mail |
| Zhishang New Materials (Shandong) Co., Ltd. | 400 S. El Camino Real<br>San Mateo, CA 94402 | U.S. Mail |
| Shaanxi Bloom Tech Co., Ltd. | 400 S. El Camino Real<br>San Mateo, CA 94402 | U.S. Mail |

Bradley Burchfield
Date: 7/22/26

*Unidentified Doe defendants are not listed because no mailing address has been identified.*

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

Bradley Burchfield
*Plaintiff*
v.
Alibaba Group Holding Limited, et al.
*Defendant*

Civil Action No. 4:26-CV-00611-DPM

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: CORPORATION SERVICE COMPANY, through its Custodian of Records
300 S. Spring St. Suite 900
Little Rock, AR 72201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents and electronically stored information described in "Attachment A", incorporated into this subpoena. This subpoena concerns only CSC's receipt, processing and rejection of federal process in Civil Action No: 4:26-cv-00611-DPM and CSC Transmittal No. 34483454. No Arkansas State-Court service records are requested.

| Place: | Date and Time: |
|---|---|
| 300 S. Spring St. Suite 900 Little Rock, AR 72201 Electronic production permitted to: burchfieldbradley123@gmail.com | Thirty (30) days after service, but not earlier than September 11, 2026 at 5:00 pm Central time. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/22/26

**TAMMY H. DOWNS**
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bradley Burchfield Pro Se, representing Plaintiff, who issues or requests this subpoena, are:
5420 Kavanaugh Blvd. #7927, Little Rock, AR 72217; 479-223-0038
Email: burchfieldbradley123@gmail.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________

______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 6

## ATTACHMENT A

### DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO BE PRODUCED

*Burchfield v. Alibaba Group Holding Limited, et al. | Case No. 4:26-cv-00611-DPM*

**Scope limitation.** This subpoena is limited to CSC's receipt, intake, coding, processing, rejection, retention, return, and forwarding of the federal summons and First Amended Complaint directed to Alibaba Group Holding Limited in the above-captioned federal action, including CSC Transmittal No. 34483454 and the July 9, 2026 Rejection of Service of Process. It does not request records concerning any Arkansas state-court summons or mailing.

### DEFINITIONS

**"CSC"** means Corporation Service Company and the departments, offices, employees, agents, databases, and service-of-process systems reasonably involved in the federal service attempt described above.

**"Federal Process"** means the federal summons, First Amended Complaint, envelope, certified-mail materials, and any accompanying papers received in connection with Civil Action No. 4:26-cv-00611-DPM.

**"Transmittal"** means CSC Transmittal No. 34483454 and the related July 9, 2026 Rejection of Service of Process.

**"Document"** includes writings, records, forms, images, scans, emails, messages, databases, logs, audit trails, metadata, and other electronically stored information within CSC's possession, custody, or control.

**"Communication"** means any transmission of information by email, letter, message, ticket, note, telephone memorandum, or other medium.

### INSTRUCTIONS

1. Search the centralized or other reasonably accessible CSC systems using Transmittal No. 34483454, the party name Alibaba Group Holding Limited, the case number, and the July 9, 2026 rejection date.

2. Produce documents as kept in the ordinary course of business or organize and label them to correspond to the numbered requests below.

3. Produce searchable PDF files for documents and native or reasonably usable format for logs, spreadsheets, database exports, and other structured data, preserving available date, sender, recipient, and audit metadata.

4. Electronic production is permitted. No personal appearance is required.

5. CSC may redact unrelated customer information and may mark responsive material confidential. If any responsive material is withheld based on privilege or protection, provide a privilege log sufficient to assess the claim.

6. If a request can be answered by producing documents sufficient to establish the requested fact, CSC need not produce duplicative versions of the same information.

### DOCUMENT REQUESTS

**REQUEST NO. 1:** The complete CSC file for Transmittal No. 34483454, including the Federal Process as received; all scans or images; the envelope and mailing label; certified-mail and tracking information; intake records; internal notes; routing entries; status history; audit trail; rejection record; and records showing what CSC retained, returned, destroyed, or forwarded.

**REQUEST NO. 2:** Documents showing the exact rejection reason or reasons selected or applied to the Transmittal, including all reason codes, database fields, decision entries, checkboxes, notes, and documents relied upon. If more than one reason was considered, identify each reason and the final operative reason.

**REQUEST NO. 3:** Documents sufficient to identify each CSC employee, contractor, office, team, or automated system that received, opened, scanned, reviewed, coded, routed, approved, generated, mailed, or otherwise processed the Transmittal, including each person's title or function and the date and time of the act.

**REQUEST NO. 4:** Documents sufficient to explain why the rejection form identifies "Alibaba Group Holding Limited" as the "Party Served" but identifies the "Title of Action" as "Bradley Burchfield vs. Alibaba.com Singapore E-Commerce Private Limited," including the source of each entry, whether either entry was manually entered or system-generated, and whether the title entry affected the rejection decision.

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 7

**ATTACHMENT A - DOCUMENT REQUESTS (CONTINUED)**

**REQUEST NO. 5:** All nonprivileged communications between CSC and Alibaba Group Holding Limited, any Alibaba affiliate, or any representative or counsel for either concerning the Federal Process, Transmittal No. 34483454, the rejection decision, or the return or forwarding of the Federal Process.

**REQUEST NO. 6:** Documents sufficient to show whether CSC was appointed or authorized, as of July 9, 2026, to receive, accept, transmit, or forward service of process for Alibaba Group Holding Limited in New York, including the effective dates and scope of any appointment and any limitation based on the type of action, court, claim, statute, or method of service. CSC may produce an excerpt, designation record, or other document sufficient to establish the relevant authority and limitations rather than an entire unrelated commercial agreement.

**REQUEST NO. 7:** Documents sufficient to show the source, date, and content of the records CSC consulted when it concluded that it was not the registered or authorized agent for Alibaba Group Holding Limited or that the entity was inactive, had resigned, withdrawn, surrendered, merged, dissolved, or been revoked, including any Secretary of State or other governmental records consulted.

**REQUEST NO. 8:** Documents sufficient to show the CSC policies or procedures in effect on July 9, 2026 that governed intake and rejection of certified-mail service directed to a foreign entity at CSC's New York service-of-process office, including the procedure for selecting the party served, title of action, jurisdiction served, rejection reason, and return-to-sender disposition.

**REQUEST NO. 9:** Documents showing when, where, and by what method CSC sent the rejection notice and returned or disposed of the Federal Process, including mailing, delivery, tracking, chain-of-custody, scan, or destruction records.

**REQUEST NO. 10:** A declaration or certification from a qualified CSC custodian under 28 U.S.C. § 1746 sufficient to authenticate the produced records as records of a regularly conducted activity under Federal Rules of Evidence 803(6) and 902(11), or, alternatively, the name, title, office address, telephone number, and email address of the custodian who can authenticate the records.

**Production contact:** Bradley Burchfield, burchfieldbradley123@gmail.com, 479-223-0038. Electronic production may be arranged by secure link, encrypted email, or other mutually agreeable method.

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 8

## FEDERAL RULE OF CIVIL PROCEDURE 45
## REQUIRED PROVISIONS

*Rule 45(c), (d), (e), and (g)*

**Rule 45(c) - Place of Compliance**

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

(2) For Other Discovery. A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected.

**Rule 45(d) - Protecting a Person Subject to a Subpoena; Enforcement**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the serving party may move the court for the district where compliance is required for an order compelling production or inspection, and any order must protect a nonparty from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply, requires compliance beyond Rule 45(c)'s geographical limits, requires disclosure of privileged or other protected matter when no exception or waiver applies, or subjects a person to undue burden. The court may also quash or modify a subpoena that requires disclosure of trade secrets or other confidential commercial information, or certain unretained-expert information, and may impose appropriate conditions instead.

# EXHIBIT A

July 22 notice and clerk-issued AO 88B packet
Source page 9

## FEDERAL RULE OF CIVIL PROCEDURE 45
## REQUIRED PROVISIONS (CONTINUED)

**Rule 45(e) - Duties in Responding to a Subpoena**

(1) Producing Documents or Electronically Stored Information.

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources identified as not reasonably accessible because of undue burden or cost. On a motion to compel or for protective order, the responding person must show the inaccessibility; the court may nonetheless order discovery for good cause and may specify conditions.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim of privilege or trial-preparation protection must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing privileged or protected information, will enable the parties to assess the claim.

(B) Information Produced. If information produced is subject to a claim of privilege or protection, the person making the claim may notify any party that received the information. After notification, the receiving party must promptly return, sequester, or destroy the specified information and must not use or disclose it until the claim is resolved; the receiving party may promptly present the information under seal to the court for the district where compliance is required.

**Rule 45(g) - Contempt**

The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT B

Signed return for service on CSC on July 27
Source page 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* CSC - Corporation Service Company
on *(date)* 7/27/26 .

☐ I served the subpoena by delivering a copy to the named person as follows: Jeff Johnson
Authorized Agent
on *(date)* 7/27/26 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ .

My fees are $ 65 for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 7/27/26

*Server's signature*

Allison Douglas Process Server
*Printed name and title*

22 Baltimore St. LR AR 72206
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT C

July 22 and August 10–11 subpoena correspondence
Source page 1

Gmail Burchfield Bradley <burchfieldbradley123@gmail.com>

## Case No. 4/26-cv-00611-DPM

3 messages

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Wed, Jul 22, 2026 at 4:49 PM
To: robert.liu@balancelawfirm.com

Please see attached. Have a nice day.

Bradley Burchfield
Burchfield Sales & Consulting LLC
479-223-0038
burchfieldbradley123@gmail.com
burchfieldbradley123@icloud.com
ID#2503103532

**NON PARTY DOCUMENT SUBPOENA.pdf**
10455K

**B. Robert Liu, Esq.** <robert.liu@balancelawfirm.com> Mon, Aug 10, 2026 at 1:43 PM
To: Burchfield Bradley <burchfieldbradley123@gmail.com>
Cc: Brittany Webb <bwebb@mcdanielwolff.com>, Bart Calhoun <bart@mcdanielwolff.com>

Mr. Burchfield,

Please see Defendant Alibaba Group Holding Limited's letter opposing the subpoena in the attachment.

Thank you and all the best,

B. Robert Liu, Esq.
Balance Law Firm
One World Trade Ctr, Ste 8500
New York, NY 10007
balancelawfirm.com
(212) 741-8080
(631) 490-4465 fax

[Quoted text hidden]

**2 attachments**

**NON PARTY DOCUMENT SUBPOENA.pdf**
10455K

**Letter Objecting to Subpoena.pdf**
315K

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Tue, Aug 11, 2026 at 8:17 AM
To: "B. Robert Liu, Esq." <robert.liu@balancelawfirm.com>
Cc: Brittany Webb <bwebb@mcdanielwolff.com>, Bart Calhoun <bart@mcdanielwolff.com>

# EXHIBIT C

July 22 and August 10–11 subpoena correspondence
Source page 2

Mr. Liu:

For clarity of the record, your August 10 letter states that you are writing on behalf of Alibaba Group Holding Limited, states that "AGHL hereby objects," and is signed as counsel for AGHL.

Please confirm:

1. Whether you also represent Corporation Service Company in connection with the subpoena served on CSC on July 27, 2026; and
2. Whether your August 10 letter was intended to constitute a written objection served by CSC, as the person commanded, under Federal Rule of Civil Procedure 45(d)(2)(B), or instead an objection asserted solely by AGHL.

This request for clarification does not extend any deadline or waive any right.

Sincerely,

Bradley Burchfield
479-223-0038
burchfieldbradley123@gmail.com
burchfieldbradley123@icloud.com
ID#2503103532

[Quoted text hidden]

# EXHIBIT D

July 29 through August 6 service proposal email thread
Source page 1

Gmail **Burchfield Bradley <burchfieldbradley123@gmail.com>**

---

## Proposed Agreement re Service-of-Process Issue Involving AGHL

4 messages

---

**B. Robert Liu, Esq.** <robert.liu@balancelawfirm.com> Wed, Jul 29, 2026 at 4:48 PM
To: burchfieldbradley123@gmail.com

Mr. Burchfield,

I'm writing on behalf of Alibaba Group Holding Limited ("AGHL"). To simplify and narrow the issues in your pending litigation against AGHL (and other defendants), we propose the agreement set forth below regarding the service-of-process issue involving AGHL.

If you agree to the terms set forth in the next paragraph, AGHL is prepared to accept -- and not contest -- service of process in your federal court lawsuit (U.S. District Court for the Eastern District of Arkansas, Case No. 4:26-cv-00611-DPM) and in your state court lawsuit (Circuit Court of Pulaski County, Arkansas, Case No. 60CV-26-8633). Those concessions by AGHL would make unnecessary and render moot certain discovery and other relief you seek regarding that service-of-process issue.

In return for the concessions described in the immediately preceding paragraph, you will immediately (by this Friday, July 31, 2026): (a) withdraw your subpoena directed to Corporation Service Company ("CSC"); and (b) withdraw your motion for leave to serve AGHL by court-ordered alternative service (Case No. 4:26-cv-00611-DPM, Docket No. 28). You also agree not to seek any discovery in the future from AGHL, CSC, or any other person or entity regarding the relationship between AGHL and CSC or any other issues related to your efforts to effect service of process on AGHL by serving CSC.

Please get back to me promptly regarding whether you accept the proposed agreement outlined above.

This proposed agreement is limited to your pending litigation against AGHL. Nothing in this proposed agreement should be construed as a waiver by AGHL or any other concession by AGHL in any other lawsuit involving any actual or attempted service of process on AGHL.

B. Robert Liu, Esq.
Balance Law Firm
One World Trade Ctr, Ste 8500
New York, NY 10007
balancelawfirm.com
(212) 741-8080
(631) 490-4465 fax

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Thu, Jul 30, 2026 at 5:04 PM
To: "B. Robert Liu, Esq." <robert.liu@balancelawfirm.com>

Mr. Liu,

I acknowledge the concessions you have offered. However, the subpoena was personally served by a process server on July 27, 2026, upon Jeff Johnson, the authorized agent at that location. Based on that service date, my understanding is that CSC has until August 10, 2026, to serve any written objections, and production by September 11, 2026.

I may also ask the respective clerks to reissue the summonses and pursue service on the Cayman Islands registered agent through the applicable procedures, as I have done with the other foreign defendants. In addition, I received the return receipt today confirming CSC's receipt of the federal amended complaint.

In an effort to resolve these matters globally, I propose the attached agreement. If you and counsel for the other defendants are willing to approve it in principle, I am open to considering reasonable revisions proposed by defense counsel. Once the parties reach a mutually acceptable form, it can be presented to the Arkansas circuit court and submitted to the appropriate State of Arkansas officials for their independent review, approval, and signatures as required.

# EXHIBIT D

July 29 through August 6 service proposal email thread
Source page 2

Upon the agreement becoming effective and its closing conditions being satisfied, I would dismiss the pending actions and withdraw the discovery requests and subpoenas within my control. I would also agree not to bring future claims against your clients arising from the conduct covered and released by the agreement. That release would not extend to a breach of the agreement or to materially new conduct occurring after its effective date that independently warrants court action.

Please review the attached proposal and let me know whether your clients are willing to use it as the basis for further discussions.

Hope this proposal does not come off as me being a greedy ex-convict.

Sincerely,

Bradley Burchfield
479-223-0038
burchfieldbradley123@gmail.com
burchfieldbradley123@icloud.com
ID#2503103532

[Quoted text hidden]

---

**2 attachments**

**Proposed_Arkansas_State_Led_Global_Settlement_NPA.docx**
88K

**IMG_0485.PDF**
300K

---

**B. Robert Liu, Esq.** <robert.liu@balancelawfirm.com> Thu, Aug 6, 2026 at 3:56 PM
To: Burchfield Bradley <burchfieldbradley123@gmail.com>

Mr. Burchfield,

I have presented your settlement offer to my clients. We respectfully decline this settlement offer.

Thank you and all the best,

B. Robert Liu, Esq.
Balance Law Firm
One World Trade Ctr, Ste 8500
New York, NY 10007
balancelawfirm.com
(212) 741-8080
(631) 490-4465 fax

[Quoted text hidden]

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Thu, Aug 6, 2026 at 4:01 PM
To: "B. Robert Liu, Esq." <robert.liu@balancelawfirm.com>

Mr. Liu,

I acknowledge receipt of your email regarding your clients' position.

Sincerely,
Bradley Burchfield

# EXHIBIT D

July 29 through August 6 service proposal email thread
Source page 3

**Hope credit**
[Quoted text hidden]

# EXHIBIT E

CSC rejection notice for Transmittal 34483454
Source page 10

CSC

null
**Transmittal Number: 34483454**

## Rejection of Service of Process

**Return to Sender Information:**

Bradley Burchfield null
Pro Se
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217

| | |
|---|---|
| **Date:** | 07/09/2026 |
| **Party Served:** | Alibaba Group Holding Limited |
| **Jurisdiction Served:** | NY |
| **Method Served:** | Certified Mail |
| **Title of Action:** | Bradley Burchfield vs. Alibaba.com Singapore E-Commerce Private Limited |
| **Case/Reference No:** | 4:26CV611-DPM |

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for one of the reasons listed below:

- **Agent** - According to our records and the records at the Secretary of State, or other appropriate state agency, we are not the registered agent for the company you are trying to serve or the status of the entity is no longer active.
- **Name** - Because two or more companies can have very similar names, the name of the company to which service of process is directed MUST BE IDENTICAL to the company name on file with the Secretary of State or other appropriate state agency.
- **Resignation** - CSC has resigned as the registered agent for the company being served.

Or the entity served is inactive at the state for one of the reasons listed below:

- Withdrawn
- Surrendered
- Merged Out of Existence
- Dissolved
- Revoked

It is your responsibility to verify this information with the Secretary of State or other appropriate state agency.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service of process, send your request by e-mail to sop@cscglobal.com. Please include the transmittal number located in the upper right-hand corner of this letter.

251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882 | sop@cscglobal.com