IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

## BRIEF IN SUPPORT OF MOTION TO COMPEL CSC AND ALTERNATIVE REQUEST FOR LIMITED DISCOVERY LEAVE

Plaintiff seeks a limited production from CSC concerning one identified federal service transaction. The record contains a clerk-issued AO 88B, a signed return reflecting personal delivery on July 27, and correspondence expressly attributing the August 10 objection to AGHL. The Court should determine the status of CSC's response and authorize and enforce only the production that remains relevant after ECF No. 64.

### I The subpoena designates compliance in this district

The AO 88B names CSC through its custodian of records at 300 South Spring Street, Suite 900, Little Rock. It designates the same location for production, permits electronic delivery, and requires no testimony. Exhibit A at 3. Rule 45(a)(2) requires issuance from the court where the action is pending. Rule 45(d)(2)(B)(i) places a motion to compel production in the district where compliance is required. Both are this Court. The New York origin of the underlying service dispute does not change the subpoena's Little Rock place of compliance. Rule 45(c)(2)(A) separately limits that place to within 100 miles of where CSC resides, is employed, or regularly transacts business in person; the specified place is CSC's local office where Plaintiff arranged delivery.

The signed return identifies Allison Douglas as the server, July 27 as the delivery date, and Jeff Johnson as the authorized agent receiving the subpoena. Exhibit B. Those are the return's statements; the return is not proof that CSC was authorized to receive AGHL's summons. Rule

45(b)(1) governs delivery of the subpoena and requires attendance and mileage fees when attendance is commanded. This subpoena commands only records. The advance notice and July 22 certificate appear in Exhibit A at 1–2, and counsel's July 22 email notice appears in Exhibit C. If the Court finds a Rule 5 or Rule 45(a)(4) notice defect, Plaintiff requests leave to cure and serve a new subpoena before enforcement, rather than treating actual awareness alone as conclusive compliance.

**II AGHL and CSC have different roles under Rule 45**

Rule 45(d)(2)(B) permits the person commanded to serve written objections before the earlier of the compliance date or fourteen days after service. If enforceable as served on July 27, this subpoena's ordinary objection date was August 10 and its production date was September 11. The August 10 email identifies its attachment as AGHL's opposition. The August 11 email asks whether Liu also represented CSC and whether the objection was CSC's. Exhibit C. ECF No. 60 reports that those questions went unanswered as of that filing. Plaintiff's accompanying declaration supplies the current status of objections and production.

An objection asserted for AGHL should not be attributed to CSC without evidence of authority to act for CSC. At the same time, AGHL may present a properly supported claim of its own privilege or personal right, or seek an appropriate protective order under Rule 26(c). Plaintiff requests that the Court identify the objector and decide the actual grounds, with CSC receiving notice and an opportunity to respond. He does not contend that silence necessarily eliminates privilege, geographic limits, the Court's discovery restrictions, or protection from undue burden. Rule 45(d)(1), (d)(2)(B)(ii), and (d)(3) remain applicable.

**III The request requires express consideration of ECF No 64**

On August 21, the Court denied alternative-service relief because AGHL no longer contested service, citing ECF No. 42 at 2. The Court also denied ECF Nos. 24 and 30 because

the asserted basis for early discovery was speculative and the proposed requests were extremely wide-ranging. ECF No. 64 at 1–2. Plaintiff acknowledges those holdings. A subpoena is a discovery device, and Rule 26(d)(1) ordinarily bars discovery from any source before the required Rule 26(f) conference absent an applicable exception, stipulation, or order. Clerk issuance does not resolve that timing question or authorize discovery forbidden by an existing order.

Plaintiff therefore expressly seeks limited permission if needed, rather than treating the subpoena as an exception to ECF No. 64. The present basis is CSC's specific July 9 rejection notice, which identifies this federal case and Transmittal No. 34483454. Exhibit E. That notice lists several possible rejection grounds without visibly selecting a single ground. Original Requests 6 and 7 seek the actual appointment and the records consulted to determine CSC's authority, with relevant excerpts sufficient. Those are identifiable business records concerning an existing transaction, not a request for generalized alter-ego discovery or discovery concerning a different government investigation.

AGHL's pending motion raises personal jurisdiction, and its declaration describes its corporate status and absence of registration or offices in the United States. ECF No. 38-7, paragraphs 4, 10–11. Plaintiff requests the actual appointment record to identify its scope and determine what, if anything, it establishes about a claimed domestic agent. He does not equate appointment of a process agent with general jurisdiction or suggest that acceptance of service waives a separate personal-jurisdiction defense. Nor does he claim that the declaration specifically denies every possible process-agent appointment. The requested agency record must have relevance to a live issue in this case under Rule 26(b)(1); discovery cannot be justified solely to relitigate a service objection AGHL has abandoned.

The Court can begin with Schedule 1, paragraph C, and determine whether the remaining transaction records are warranted. This staged alternative directly reduces the breadth and burden

that concerned the Court in ECF No. 64. The request does not seek reconsideration of the default ruling concerning Alibaba Group (U.S.) Inc., an adjudication of service in a state action, or discovery for separate litigation against counsel. If no relevant issue remains, the appropriate result is to decline that discovery, not to treat an unaccepted email proposal as a binding surrender of Plaintiff's rights.

**IV The emails support a limited argument about tactical conduct**

On July 29, Liu proposed that AGHL accept and not contest service in this federal case and in Pulaski County Case No. 60CV-26-8633. In exchange, he requested withdrawal of the CSC subpoena, withdrawal of the alternative-service motion, and an agreement never to seek further discovery about CSC's relationship with AGHL or the identified service efforts. He reserved AGHL's positions in other lawsuits. Exhibit D at 1. Plaintiff contends counsel used the service dispute tactically to seek a surrender of discovery extending beyond the immediate question of accepting service.

Plaintiff's July 30 response stated that the subpoena had been served and disclosed that he might seek reissued summonses and service through a Cayman Islands registered agent. It also proposed a broader conditional resolution. The August 6 response rejected that broader proposal. Exhibit D at 1–2. Plaintiff contends the exchange worked tactically to give counsel advance knowledge of contemplated service steps and a response concerning the pending suits. The emails establish what Plaintiff disclosed. They do not establish that counsel demanded answers about every lawsuit, secretly caused CSC's July 9 rejection, or later used a particular disclosure in another case.

Plaintiff also contends that using AGHL's August 10 objection tactically as a substitute for an objection by CSC would circumvent the federal process established by Rule 45 if the Court attributed one entity's objection to the other without a basis. The requested remedy is to identify

whose objection was made and resolve enforceability judicially. A proposal to narrow issues or settle litigation is not, by itself, misconduct, and these emails do not establish misconduct as an adjudicated fact.

Federal Rule of Evidence 408 limits the use of compromise offers and negotiations to prove or disprove a disputed claim or to impeach through contradiction. Plaintiff offers the procedural exchange only to explain the scope of the proposed discovery withdrawal, his response, and why he did not understand himself to have abandoned the subpoena. Any permissible use under Rule 408(b) remains for the Court. He does not offer the rejected settlement as an admission of liability, as proof that his claims are valid, or as conclusive proof that the original summons service complied with Rule 4. The Court can decide production on the subpoena, return, rejection notice, and docket even if it declines to consider the negotiation emails.

For service in this action, the controlling present record is ECF No. 64's recognition that AGHL no longer contests service. The conditional July 29 proposal did not itself adjudicate CSC's authority or validate all attempted service in every lawsuit. Plaintiff seeks the actual authority records for whatever remaining relevance the Court finds, while preserving the distinction between uncontested service and proof of an authorized agent under Rule 4(h).

**V The proposed relief protects CSC and requires proper notice**

Schedule 1 confines production to the identified federal transaction, permits sufficient excerpts and electronic delivery, and excludes protected legal advice and unrelated customer information. It seeks existing records rather than new interrogatory answers or a compelled authentication statement. Rule 45(e)(2)(A) requires an express privilege claim and a description adequate to evaluate it. Rules 45(d)(1) and 45(d)(2)(B)(ii) require attention to burden and significant expense. Plaintiff accepts a reasonable production period and an opportunity for CSC to identify a specific cost or burden before incurring it.

The August 11 representation question supplies historical context. Rule 45(d)(2)(B)(i) also requires notice to CSC of the request for a production order; notice to AGHL's counsel alone does not establish notice to CSC. Plaintiff requests the limited order described in the motion, with corrective notice and service if the Court requires them.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of this supporting brief and the accompanying CSC motion, declaration, Schedule 1, Exhibits A–E, and proposed order by EMF/ECF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

And by U.S. Mail to:

Corporation Service Company
Custodian of Records
300 South Spring Street, Suite 900
Little Rock, Arkansas 72201

Bradley Burchfield