**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**PLAINTIFF'S RESPONSE OPPOSING SIX DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE (ECF 88)**

Plaintiff Bradley Burchfield, appearing pro se, opposes ECF 88 and its supporting brief, ECF 89. Defendants request a show-cause order; this response addresses that request. Plaintiff respectfully asks the Court to deny it and impose no sanctions, for the reasons below and in the separately submitted supporting brief.

1. The Honorable Magistrate Judge denied Plaintiff's disqualification motion in ECF 73 without imposing sanctions in all his infinite wisdom. Plaintiff believes defendants' request is directed, in substance, toward obtaining an additional consequence from that ruling, while placing the burden on Plaintiff to show cause while discreetly objecting the Honorable Magistrate's previous ruling. The Court's adverse ruling is acknowledged. But whether sanctions should follow is a separate question, and Plaintiff respectfully asks the Court to leave that ruling without an additional sanction. He does not contend that ECF 73 forecloses the Court's sanctioning authority. The motion may not be ripe yet.

2. Plaintiff denies that his disqualification request was filed to harass counsel, retaliate for removal, or mislead either court. ECF 71 expressly distinguished its theory from automatic disqualification merely because a litigant sues opposing counsel. It asserted a claimed material limitation arising from counsel's own alleged involvement and requested alternative, narrower relief. Plaintiff recognizes that the Court rejected that request and that sincere concern alone does not establish an objectively sufficient legal or factual basis.

3. To Plaintiff's knowledge, the separate state privacy action, No. 60CV-26-11307, remains pending. Its pendency neither establishes its merits nor bars sanctions here. Plaintiff's principal concern is the alleged exposure of family and other nonparty associations, as well as his own privacy. He appears only for himself and seeks no recovery on behalf of family members in this response.

4. Plaintiff operates Homesite Financial Services LLC, which he states is a licensed Arkansas debt collection agency and a LexisNexis user. His understanding is that organizational reports are subject to restrictions against unauthorized outside sharing. He does not claim that his agency's terms establish Balance Law's contract, or that every LexisNexis product prohibits every form of outside distribution. The applicable contract, product, data, permissions, and litigation use must be established before any breach can be determined.

5. Plaintiff expressly qualifies his earlier assertions: he does not rely on August 10, 2026 as an established publication date; does not assert that every field was unredacted; acknowledges counsel's stated citizenship purpose and August 24 offer to consider redactions; and does not present allegations of unauthorized sharing, intimidation, or professional misconduct as findings of fact. These corrections do not concede that all dissemination was authorized.

6. Plaintiff separately seeks leave under ECF 10 to submit a declaration and supporting materials, with limited protection for confidential correspondence and nonparty information. Unless leave is granted, he asks the Court to decide this response from the existing record and these legal arguments, without treating the proposed materials as filed evidence.

WHEREFORE, Plaintiff asks that ECF 88 be denied. Alternatively, if the Court initiates a sanctions inquiry, Plaintiff requests an order specifying the challenged conduct and legal authority, at least fourteen days to respond, and an opportunity to address any disputed evidence and requested monetary relief before a decision.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of Plaintiff's Response Opposing Six Defendants' Motion for an Order to Show Cause (ECF 88) by ~~United States First-Class Mail, postage prepaid, addressed to:~~ CM/ECF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Bradley Burchfield

Bradley Burchfield