IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

# PLAINTIFF'S BRIEF OPPOSING ECF 88 AND SUPPORTING LEAVE TO SUBMIT LIMITED, PROTECTED EXHIBITS

## I. The existing ruling and the relief now requested

ECF 73 denied Plaintiff's motion to disqualify counsel, ECF 71, as frivolous. Plaintiff acknowledges that express determination; he does not rewrite it as approval of his position. The order imposed no sanction. Defendants' ECF 89 asks for a further show-cause proceeding if the Court overrules Plaintiff's ECF 75 objections. Denial of disqualification and imposition of sanctions require distinct consideration. The Court can enforce its ruling without initiating the additional proceeding defendants request.

This brief addresses ECF 87 only to the extent ECF 89 incorporates its allegations as grounds for sanctions. It is not an additional reply on ECF 75, a renewed disqualification motion, or a request to decide the state privacy case. Plaintiff asks the Court to reject the inference that an unsuccessful motion, by itself, establishes harassment, knowing falsity, or an entitlement to sanctions.

## II. The proper sanctions procedure matters

A party seeking Rule 11 sanctions ordinarily must serve a separate sanctions motion and allow the twenty-one-day correction period before filing it. Fed. R. Civ. P. 11(c)(2). ECF 88's certificate shows mailing on September 18, 2026, the filing date. It does not establish earlier service of the same motion or completion of that period. If defendants seek sanctions by their

own motion, the Court should require proof of compliance rather than infer it from this certificate.

The Court may independently order Plaintiff to explain specified conduct under Rule 11(c)(3), without that twenty-one-day procedure. Plaintiff does not claim that defendants are forbidden to invite such action. But ECF 88 is their request, not a court-issued show-cause order. Before sanctions are imposed, Plaintiff must receive adequate notice and an opportunity to respond. Fed. R. Civ. P. 11(c)(1), (3); Clark v. United Parcel Service, Inc., 460 F.3d 1004, 1008–09 (8th Cir. 2006).

Rule 11 examines the reasonableness of the presentation and inquiry; Plaintiff's pro se status and personal sincerity do not create immunity. Clark, 460 F.3d at 1009–10. Plaintiff asks the Court to evaluate the actual contentions, their stated basis and qualifications, and his corrections, instead of treating the denial of disqualification as completing every part of the sanctions analysis.

**III. The record supports a narrower view of Plaintiff's purpose**

Defendants characterize the disqualification request as an attempt to manufacture a conflict by suing their lawyers. ECF 71 at 1–3, particularly Ground 5, stated a different theory: alleged involvement by counsel could materially limit decisions about preservation, disclosure, privilege, settlement, and testimony. It also sought verified disclosures, in-camera review, or a limited hearing as alternatives. Those requests did not compel disqualification, and Plaintiff does not ask the Court to revisit its ruling here. They do identify what he asked the Court to examine and undermine the claim that he asserted an automatic rule based solely on naming opposing counsel as defendants.

Plaintiff states that his concern arose from use of a report linking him to family members and other nonparties. ECF 87 itself acknowledges litigation use of a redacted LexisNexis report

with the August 13 notices of removal in the related cases. ECF 87 at 3–5. That acknowledged use does not establish wrongdoing. It does mean that the underlying subject of Plaintiff's concern was an actual litigation disclosure, rather than a report he invented.

Plaintiff's principal concern is the potential invasion of family and nonparty privacy through disclosure of their associations, together with his own claimed privacy interest. He does not claim that the report contained medical records, that an identified family member has proved damages, or that he may litigate another person's claim pro se. This distinction limits the relief sought; it does not turn his concern for unnecessary exposure of nonparties into evidence of retaliation.

Plaintiff states that the separate state action, No. 60CV-26-11307, remains pending to his knowledge. Its merits and defenses remain for the proper court. Pendency does not validate that suit or deprive this Court of power to address conduct affecting these proceedings. Nevertheless, an unresolved allegation of misuse of private information should not be treated as an adjudicated fabrication solely because a different request for disqualification failed.

**IV. Plaintiff narrows the LexisNexis assertion and corrects disputed details**

Plaintiff states that his licensed Arkansas debt collection agency, Homesite Financial Services LLC, is a LexisNexis user. He understands organizational reports to be subject to restrictions on unauthorized disclosure outside the subscribing organization. The supportable claim is a question about authorization under the governing account terms, not a universal assertion that no LexisNexis material can ever be shared in any form.

Published terms demonstrate why specificity matters. LexisNexis Risk Solutions' Master Terms, sections 2(i) and 3, address internal business use, confidentiality, security, and permitted transfers. Separately, the published LexisNexis General Terms, sections 1.1(b) and 1.4, distinguish certain permitted distributions from restricted data. These different public terms do

not prove which agreement governed Balance Law's report at the relevant time. Neither Plaintiff's own account nor his recollection of a sales conversation establishes that firm's obligations. See https://risk.lexisnexis.com/masterterms; https://www.lexisnexis.com/en-us/terms/general/default.page (current pages reviewed October 1, 2026).

Subject to exhibit leave, the sales email chain in proposed Exhibit B shows Plaintiff asking for clarification and the representative discussing onboarding. It does not contain Balance Law's executed agreement, a written confirmation of a categorical prohibition, or a vendor finding of unauthorized use. It also does not establish that Plaintiff's subscription was active when ECF 71 was filed. Plaintiff offers it only as evidence of the inquiry shown by its dates and contents, not as conclusive proof of a contractual violation.

Plaintiff adopts these express corrections for this proceeding: (a) August 10 is not established as the publication date, and he relies here on the August 13 use acknowledged in ECF 87; (b) defendants report redacting telephone numbers, email addresses, and street information, so he does not assert that every field was publicly visible; (c) counsel identified a citizenship purpose, which can be legitimate; and (d) Mr. Liu's August 24 email offered to consider proposed redactions, so Plaintiff does not characterize that email as a refusal to consider them. His remaining concern is whether the particular collateral material and outside dissemination were necessary and authorized.

The proposed grievance materials are offered, if permitted, to show Plaintiff's statements, corrections, and procedural history. The September 24 letter declined to investigate; the September 25 acknowledgment confirms receipt of his reconsideration request, not that it was granted or that misconduct was found. Statements in those submissions concerning intimidation, criminal matters, or the reason for the magistrate's ruling are Plaintiff's concerns or speculation, not facts established by the correspondence. He does not rely on them here as proof of misconduct by counsel or defendants.

Some proposed materials postdate the challenged motion. They do not retroactively establish the adequacy of the inquiry before filing ECF 71. They do show the narrower position Plaintiff now presents and his willingness to correct unsupported breadth. The Court can consider that conduct in deciding whether any further deterrent response is needed, without adjudicating the underlying privacy allegations in this sanctions dispute.

**V. Inherent authority does not make sanctions automatic**

The Court's inherent power is substantial but must be exercised with restraint. A fee sanction for bad-faith litigation conduct requires an adequate finding and due process. Chambers v. NASCO, Inc., 501 U.S. 32, 44–46, 50 (1991). Plaintiff denies an improper purpose and asks the Court to assess the particular acts and evidence. The existence of a dispute with opposing counsel does not substitute for that inquiry.

If compensatory fees are later sought under inherent authority, they must be linked to expenses caused by the sanctionable conduct under the applicable but-for standard. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108–10 (2017). Plaintiff requests an opportunity to contest both causation and amount. At present, defendants request a show-cause proceeding, not an identified, supported fee calculation. Denial of ECF 88 would avoid expanding this collateral dispute where Plaintiff has clarified the assertions at issue.

**VI. Limited exhibit leave and protection**

ECF 10, paragraph 4, requires court permission to submit these materials. Plaintiff therefore seeks leave separately and does not attach the proposed declaration or evidentiary packet to this brief. The Court may consider its existing ECF 71, 73, 75, 87, 88, and 89 without accepting new evidence. Proposed Exhibits A–C supply the correspondence and clarification discussed above, only if leave is granted.

Rule 5.2(d)–(e) permits tailored filing protections. Public access remains important; a confidentiality label alone does not decide the issue. The Court should balance the specific confidentiality interests against public access and consider redaction instead of sealing an entire submission. IDT Corp. v. eBay, 709 F.3d 1220, 1223–25 (8th Cir. 2013).

The proposed restriction is limited to Exhibit A, source pages 1–7, and Exhibit C, source pages 1–4: the grievance request, disciplinary letter, and related correspondence. Those materials bear confidentiality notices and include sensitive personal context. New York Judiciary Law § 90(10) also warrants directions concerning any applicable disclosure restriction. Plaintiff requests provisional restricted handling if lawful, with a later, narrower public version if appropriate. He does not ask this Court to waive a permission required from the originating tribunal. The underlying public filing and ordinary counsel correspondence at Exhibit A, pages 8–18, do not require wholesale sealing merely because they were attached to a grievance.

Additional, disclosed redactions remove nonparty familial-location and health details from Exhibit A, page 2, and Exhibit C, pages 1 and 3. The original files are retained. Plaintiff requests no ex parte consideration of the merits: if the Court permits reliance on protected evidence, opposing counsel should receive access under the same applicable restrictions. Alternatively, the Court may resolve ECF 88 from the existing record and decline the additional exhibits.

**VII. Requested disposition**

Plaintiff requests denial of ECF 88 and no sanctions; leave to submit the proposed evidence only on the conditions the Court authorizes; and the limited privacy protections requested in his separate motion. If a show-cause order issues, Plaintiff requests identification of the challenged conduct and sanctioning authority, at least fourteen days to respond, and an opportunity to address evidence and any monetary request before sanctions are imposed.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of Plaintiff's Brief Opposing ECF 88 and Supporting Leave to Submit Limited, Protected Exhibits by ~~United States First-Class Mail, postage prepaid, addressed to:~~ CM/ECF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Bradley Burchfield

Bradley Burchfield

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**PROPOSED DECLARATION OF BRADLEY BURCHFIELD AND EXHIBITS**

**HELD PENDING LEAVE UNDER ECF 10 AND DIRECTIONS ON PROTECTED MATERIALS**

I, Bradley Burchfield, declare as follows:

1. I am the Plaintiff and represent myself. This declaration describes matters within my personal knowledge and identifies the records on which my other statements rest.

2. I sought disqualification because I believed counsel's alleged involvement in handling information about me could affect their litigation decisions. My purpose was to obtain judicial review of that concern, not to harass counsel, retaliate for removal, or mislead a court. I acknowledge that the magistrate judge denied my request.

3. My principal concern is the alleged exposure of family and other nonparty associations, together with my own privacy. I do not identify family members here, claim to represent them, or assert their damages on their behalf.

4. I operate Homesite Financial Services LLC, which is a licensed Arkansas debt collection agency and a LexisNexis user. My understanding is that organizational reports are subject to restrictions against unauthorized outside sharing. I do not possess Balance Law's executed agreement establishing the permissions for the particular report.

5. The five pages in Exhibit B are copies of my correspondence with LexisNexis sales representative Howard McCray. They discuss onboarding and my request for clarification about

sharing. They are not a copy of the report and do not establish when my subscription became active or that LexisNexis found a violation by counsel.

6. Exhibit A reproduces the eighteen-page September 25, 2026 reconsideration packet I supplied. Its internal exhibit labels belong to that earlier submission. Exhibit C reproduces four pages of related email correspondence. The September 24 letter declined to investigate. The later acknowledgment confirms receipt of my request, not its approval or a finding against counsel.

7. I acknowledge counsel's stated citizenship purpose, the redactions described in ECF 87, and Mr. Liu's August 24 offer to consider proposed redactions. I do not rely on August 10 as an established publication date. I do not present my allegations of unauthorized sharing or intimidation as adjudicated facts.

8. To my knowledge, my separate state action, No. 60CV-26-11307, remains pending. I do not contend that its pendency proves its merits or prevents this Court from addressing conduct in this case.

9. Copies in Exhibits A–C preserve all source pages. Redactions in the supplied originals remain. Additional redactions protect nonparty familial-location and health details on Exhibit A, page 2, and Exhibit C, pages 1 and 3. Apart from those disclosed redactions, page labels, and scaling for attachment, these copies reproduce the materials supplied. The original files have been retained.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10/1/26 Little Rock AR

Bradley Burchfield

Bradley Burchfield

## PROPOSED EXHIBIT INDEX

**Not authorized for public filing as a complete packet. Follow the Court's order on leave, disclosure, filing protection, and service.**

Exhibit A — September 25, 2026 reconsideration packet, 18 source pages. Pages 1–7 are proposed for restricted treatment. The packet includes the September 24 letter, the August 24 email, and all ten pages of ECF 87. One additional privacy redaction appears on source page 2.

Exhibit B — LexisNexis sales correspondence, 5 source pages. This is correspondence, not a LexisNexis person report.

Exhibit C — Grievance-related email correspondence, 4 source pages. All four pages are proposed for restricted treatment. Additional privacy redactions appear on source pages 1 and 3.

Exhibit D

Labels A–D identify this packet. Labels inside a reproduced source document retain their original meaning. The copies include the defense position and the disciplinary declination; neither has been removed.

Added black boxes protect nonparty health and familial-location information. Existing black boxes were present in the supplied files. No original source file was altered.

# Request for Reconsideration and Supplemental Grievance

September 25, 2026

Committee Chair
Attorney Grievance Committee
Supreme Court, Appellate Division, First Judicial Department
180 Maiden Lane, 17th Floor
New York, NY 10038
By email: AD1-AGC@nycourts.gov

**Re:** Matter of Beixiao R. Liu, Esq. - Docket No. 2026.3606

Dear Committee Chair:

I request reconsideration of the September 24, 2026 decision declining to investigate my complaint because it did not allege a violation of the disciplinary rules. This request is made under the review procedure stated in that letter and 22 NYCRR 1240.7(e)(3). I supplement my grievance with the specific conduct, supporting evidence, and disciplinary grounds below. The decision is Exhibit A.

My grievance concerns Mr. Liu's alleged participation in sharing a LexisNexis report about me outside Balance Law PLLC and using it in court filings, including collateral information about nonparty relatives and former co-residents. I contend that the dissemination exceeded applicable authorization and unnecessarily exposed my private family and household associations. I request investigation of those allegations under Rule 4.4(a) and, if the facts support it, Rule 8.4(a) and (d), subject to the choice-of-law analysis described below.

### Respondent and related proceedings

Mr. Liu practices as B. Robert Liu with Balance Law Firm. His New York registration number is identified in his court filing as 5697552. That filing lists 1 World Trade Center, Suite 8500, New York, NY 10007, telephone (212) 741-8080, and robert.liu@balancelawfirm.com. See Exhibit C, page 9.

The report was used in litigation involving me in the Eastern District of Arkansas, Nos. 4:26-cv-00826 and 4:26-cv-00827, removed from Pulaski County cases 60CV-26-8633 and 60CV-26-9730. The attached defense filing is ECF 87 in related federal case No. 4:26-cv-00611. I also filed a separate civil action against Balance Law and McDaniel Wolff, Pulaski County No. 60CV-26-11307. This submission requests disciplinary review of Mr. Liu's conduct.

**Facts and the basis for my allegations**

1. The report at issue. My earlier complaint identifies the document as a LexisNexis SmartLinx Person Report dated August 8, 2026 and prepared for Balance Law PLLC. I request verification of that identifying information from the original report and account records. I am not attaching or reproducing the report or its personal information in this submission.

2. Court use is acknowledged. In ECF 87, filed September 18, 2026, counsel for six defendants states that a redacted LexisNexis report about me was filed with the August 13, 2026 notices of removal and subsequently filed in Pulaski County under 28 U.S.C. 1446(d). The filing identifies both McDaniel Wolff and Mr. Liu's Balance Law Firm as counsel. Exhibit C, pages 3-5 and 8-9. This is evidence of the firms' acknowledged litigation use, not an admission that the use was improper.

3. Mr. Liu's own communication. On August 24, 2026, Mr. Liu emailed me concerning redactions to the LexisNexis report, copying Bart, Brittany, and gashcraft in the displayed recipient line. He referred to "the exhibit we filed" and the two removed cases. He offered to consider requested redactions and asked me to mark up the exhibit. Exhibit B includes the screenshot and a readable transcription. His message supports his involvement in handling the report; I do not characterize that message as a refusal to consider redactions. I should state that his objection in 4:26-cv-00611 was the only case of the three that the magistrate ruled the motion to disqualify as frivolous as it was the only case where the Lexis Nexis report was not filed so that in a sense could make it ripe for being frivolous. It was already in the record that the defendants, and/or their "third party sellers", had emailed me instructing me to "keep quiet" if chemicals they were advertising for sale as chemically the same as methamphetamine were not legal. Given the years of PTSD I have, it could be deduced as an intimidation by the defendants counsel to list the names of everyone of my family members in the record. I repeatedly asked him in ex parte emails to remove my family names, same last name as me, and he repeatedly asked me to pencil through their names.

4. Transfer outside the firm. I allege on information and belief that Mr. Liu participated in, authorized, or caused the report or access to it to be furnished outside Balance Law, including to co-counsel at McDaniel Wolff. The report's stated preparation for Balance Law, the joint litigation use, and Mr. Liu's email provide the basis for that inference. The supporting exhibits do not include an internal transmission email or audit log establishing the precise sender, recipients, date, method, or version shared. Those are matters I ask the Committee to investigate. I do not presently assert as fact that Sullivan & Cromwell or Quinn Emanuel received this report.

5. My personal privacy concern. I object to dissemination of information connecting me with next of kin and former co-residents who were not parties to the underlying litigation. [redacted] I am concerned that disclosure of household, relationship, and location associations can expose sensitive aspects of private life. I identify no person, facility, address, diagnosis, or treatment history here. I am submitting this grievance in my own name and am not asserting civil claims on anyone else's behalf.

**LexisNexis restrictions and matters requiring verification**

6. Basis for the restriction allegation. I have a LexisNexis account for my debt collection agency, Homesite Financial Services LLC. My understanding from LexisNexis is that reports supplied for an organization may not be shared outside that organization without applicable authorization. That understanding is the basis of my allegation. I request the actual agreement, product terms, permissible-purpose certification, and any sharing authorization governing Balance Law's access to this particular report.

7. Product and account differences matter. This submission does not include Balance Law's executed subscription agreement or written confirmation from LexisNexis establishing the precise restriction applicable to its SmartLinx report. My collection-agency terms do not by themselves establish its obligations. LexisNexis's published General Terms effective July 24, 2025, sections 1.1(b), 1.4 and 2.1, distinguish some permitted outside distribution from materials containing restricted data and from authorized-user access. Those public terms may not be the terms governing this account. I ask the Committee to determine the applicable terms, data categories, and any litigation or co-counsel authorization before deciding whether the sharing was unauthorized.

8. Correction of the asserted source of the restriction. To the extent my earlier submission stated that the face of the report itself categorically prohibited outside reproduction, I clarify that my restriction allegation rests on my understanding of LexisNexis requirements. I do not ask the Committee to treat a report label, by itself, as proof of a no-sharing contract term or of an enforceable privacy right.

**Filing chronology and the defense position**

9. Date clarification. Earlier papers attributed a state-court publication to August 10, 2026. ECF 87 disputes that date and states that the first filing was August 13. Its supporting ECF 87-1 reproduces the August 10 opposition without the report. I therefore do not rely on August 10 as an established publication date in this request. I rely on the August 13 use acknowledged in Exhibit C and ask that any earlier date be verified from the actual filing and its attachments.

10. Redactions and purpose. The defense states that telephone numbers, email addresses, street numbers and street names were redacted and that the remaining information supported Arkansas citizenship for diversity jurisdiction. Exhibit C, pages 3-5. I acknowledge that purpose can be legitimate. My objection concerns the scope and authorization of the actual dissemination, especially collateral family and household material. The original, transmitted, and filed versions must be compared; I do not allege that every data field was publicly visible or that the report remains publicly accessible today.

**Disciplinary grounds for reconsideration**

11. Rule 4.4(a). I ask whether the dissemination of collateral information had no substantial purpose other than prohibited harm, embarrassment, or burden, under the governing jurisdiction's version of the rule. I also ask whether any method of obtaining the information violated an identifiable legal right. The claimed citizenship purpose must be assessed against the particular material and recipients. I recognize that distress alone, unnecessary material alone, or a vendor-contract breach alone does not automatically establish a disciplinary violation. Any violation must rest on the applicable rule and proved facts.

12. Rule 8.4(d) and Rule 8.4(a). I request review of whether the handling of the report constituted conduct prejudicial to the administration of justice, and whether Mr. Liu knowingly assisted or caused an otherwise established rule violation through another person. These are grounds for investigation, not claims that ordinary co-counsel sharing or every redaction dispute constitutes misconduct. I do not assert a separate dishonesty charge without evidence of an actual misrepresentation.

13. Choice of law. New York Rule 8.5 preserves disciplinary authority over New York lawyers while directing which jurisdiction's conduct rules apply. For conduct connected with a court proceeding in which Mr. Liu was admitted, Rule 8.5(b)(1) generally points to the jurisdiction where the court sits, unless that court's rules provide otherwise. I request application of the governing Arkansas or federal-court standards where required, including corresponding Arkansas Rules 4.4(a) and 8.4(a) and (d), rather than assuming that New York substantive rules control every act.

14. Nature of the protected interests. Mr. Liu was opposing counsel, not my lawyer; my grievance does not depend on a claim that I was his client under Rule 1.6. I also do not assert that mentioning a person who resides in rehabilitation automatically violates HIPAA. HIPAA and 42 CFR Part 2 require facts about the information's source, the entities involved, and whether protected health or substance-use-disorder records were actually obtained or disclosed. I request appropriate review if such evidence exists, without claiming that this has already been established.

**Requested investigation**

15. I ask the Committee to obtain, as appropriate under its authority and applicable privileges: (a) the applicable LexisNexis agreement and written sharing permissions; (b) account and report audit records identifying who requested, exported, or accessed the report; (c) transmission records identifying outside recipients and the versions supplied; (d) the filed versions, redactions, access restrictions, and related instructions; and (e) Mr. Liu's explanation of his role and the need for the collateral material. LexisNexis should be asked to confirm whether the actual sharing was authorized. These requests concern the report at issue, not unrelated client matters.

### Relief requested and protection of personal information

I respectfully request that the Committee Chair grant reconsideration, reopen the grievance for a focused investigation, or refer it to the Committee or a subcommittee for appropriate review. If the matter remains closed, I request a written explanation identifying why the clarified conduct does not warrant further inquiry under the applicable disciplinary standards.

I request instructions for a secure and legally permitted method of supplying any report pages or source records the Committee needs. I ask that review preserve existing court restrictions and minimize disclosure of nonparty information. No LexisNexis report, family identifying data, medical record, or sealed exhibit accompanies this request.

The court's separate ruling on my motion to disqualify counsel is acknowledged in Exhibit C. I request an independent disciplinary assessment of the specified handling of the report. I am not asking the Committee to reverse a court ruling, decide the merits of the Alibaba litigation, or award damages. Any civil remedy and any professional-liability or privacy-insurance coverage question remain separate; I have not reviewed a policy establishing coverage for Mr. Liu or his firm.

### Supporting exhibits

Exhibit A - Attorney Grievance Committee letter dated September 24, 2026, Docket No. 2026.3606 (one page).

Exhibit B - August 24, 2026 email from B. Robert Liu concerning the LexisNexis exhibit and requested redactions (one page containing a transcription and the supplied screenshot).

Exhibit C - Six Defendants' Opposition to Plaintiff's Objections to the September 1, 2026 order, ECF 87, filed September 18, 2026 in No. 4:26-cv-00611 (complete ten-page filing). It is included to show the acknowledged report use and the defense position, including facts they dispute.

### Confirmation and signature

I have reviewed this request. Statements about my own account, concerns, and communications are made from my personal knowledge. Descriptions of records are based on the identified materials. Allegations identified as information and belief are the inferences described, which I request the Committee to investigate. I do not present disputed allegations as adjudicated findings.

Respectfully submitted,

Bradley Burchfield    Date: 9/25/26

Bradley Burchfield
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

### Sources cited in this request

The following sources identify the legal and contractual provisions discussed above. Public LexisNexis terms are research material, not proof of Balance Law's specific agreement.

#### Review procedure

22 NYCRR 1240.7(e)(3), review of dismissal or declination to investigate.

https://www.nycourts.gov/courts/ad1/Committees%26Programs/DDC/part1240.shtml

#### New York professional conduct rules

Rules 4.4(a), 8.4(a) and (d), and 8.5; compilation amended through July 1, 2026. Rule text governs; bar-association comments are explanatory.

https://nysba.org/wp-content/uploads/2026/09/NYSBA-NY-Rules-of-Professional-Conduct-as-amended-through-July-1-2026.pdf

#### Arkansas professional conduct rule

In re Arkansas Bar Association Petition Proposing Amendments to the Arkansas Rules of Professional Conduct, 2014 Ark. 316 (June 26, 2014), republishing Rule 4.4.

https://law.justia.com/cases/arkansas/supreme-court/2014/cv-14-261-0.html

#### LexisNexis terms

General Terms and Conditions, effective July 24, 2025, sections 1.1(b), 1.4 and 2.1. Applicability to the actual account and any subsequent or customized terms must be verified.

https://www.lexisnexis.com/en-us/terms/general/general-terms-7-24-2025.page

#### HIPAA applicability

U.S. Department of Health and Human Services, Covered Entities and Business Associates.

https://www.hhs.gov/hipaa/for-professionals/covered-entities/index.html

#### Substance use disorder records

U.S. Department of Health and Human Services, Understanding Confidentiality of Substance Use Disorder Patient Records or Part 2.

https://www.hhs.gov/hipaa/part-2/index.html

**ATTORNEY GRIEVANCE COMMITTEE**
**STATE OF NEW YORK**
**SUPREME COURT APPELLATE DIVISION**
**FIRST JUDICIAL DEPARTMENT**
**180 MAIDEN LANE - 17TH FLOOR**
**NEW YORK, NEW YORK 10038**
**(212) 401-0800**
**EMAIL: AD1-AGC@NYCOURTS.GOV**

**TINA M. WELLS**
**MILTON L. WILLIAMS, JR.**
CHAIRS

**CATHERINE A. CHRISTIAN**
**DEVIKA KEWALRAMANI**
VICE CHAIRS

**JORGE DOPICO**
CHIEF ATTORNEY

**DEPUTY CHIEF ATTORNEY**
ANGELA CHRISTMAS
KEVIN P. CULLEY
VITALY LIPKANSKY
RAYMOND VALLEJO

**STAFF ATTORNEYS**
LOUIS J. BARA
SEAN A. BRANDVEEN
ROY E. CHON
JESSE M. FELDSTEIN
GILLIAN C. GAMBERDELL
THANH T. HOANG
KRISTEN M. LASAK
JUN H. LEE
JEFFREY D. LINEHAN
DIANA NEYMAN
GINA M. PATTERSON
ORLANDO REYES
CHRISTOPHER S. RONK
BRIAN E. SHULMAN
ERIC SUN
KIRSTEN J. TAMAYO

September 24, 2026

PERSONAL AND CONFIDENTIAL

Bradley Burchfield
burchfieldbradley123@gmail.com
burchfieldbradley123@icloud.com
*Sent By Email Only*

Re: Matter of Beixiao R. Liu, Esq.
Docket No. 2026.3606

Dear Mr. Burchfield:

We have reviewed your complaint of professional misconduct by the above-named attorney. We are unable to assist you with this matter because the complaint does not allege a violation of the disciplinary rules governing lawyers.

You may seek review of this decision by submitting a written request for reconsideration to this office addressed to "Committee Chair" at the above **email** address within thirty (30) days of the date on this letter. One of the Committee Chairs will grant or deny your request; or, refer your request to one of the Committees, or a subcommittee thereof, for whatever action it deems appropriate. We will accept regular mail if you do not have a personal email account, but there may be a delay in processing your matter.

Thank you.

Yours truly,

Jorge Dopico
Chief Attorney

JMF/tg
D-1NA

# Exhibit B

## Email from B Robert Liu concerning the LexisNexis exhibit

August 24, 2026

Readable transcription of the supplied screenshot. The screenshot displays the sender as "B. Robert Liu, Esq." and the recipients as "to me, Bart, Brittany, gashcraft." Its timestamp reads "Mon, Aug 24, 6:15 PM (2 days ago)." The year is identified from the surrounding case correspondence.

Mr. Burchfield,

I write solely in response to your inquiry about redacting the Lexis/Nexis report. We are willing to consider any redactions you request. Please send us a marked-up version of the exhibit we filed to show what you want redacted. You can use a pen to circle the information you want redacted. After we receive it, we will get back to you regarding what should be filed with the court in the two cases that were removed from state court.

My lack of response to the other issues raised in your e-mail should not be construed as any agreement or concession by us or my clients regarding those issues.

## Supplied screenshot


B. Robert Liu, Esq.

Mr. Burchfield,

I write solely in response to your inquiry about redacting the Lexis/Nexis report. We are willing to consider any redactions you request. Please send us a marked-up version of the exhibit we filed to show what you want redacted. You can use a pen to circle the information you want redacted. After we receive it, we will get back to you regarding what should be filed with the court in the two cases that were removed from state court.

My lack of response to the other issues raised in your e-mail should not be construed as any agreement or concession by us or my clients regarding those issues.

The screenshot is reproduced as supplied. It evidences a redaction discussion and a reference to the filed exhibit; it does not display an interfirm transmission of the report itself.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**SIX DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S SEPTEMBER 1, 2026 TEXT-ONLY ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL**

Six defendants—Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, Alibaba Group (U.S.) Inc., AliExpress E-Commerce One Pte. Ltd., and AUS Merchant Services, Inc. (collectively, the "Opposing Defendants")—hereby oppose "Plaintiff's Notice of Non-Consent to Magistrate-Judge Disposition; Withdrawal of any Purported Consent; and Objections to September 1, 2026 Text-Only Order" ("Objections") (ECF No. 75).

**PRELIMINARY STATEMENT**

The Objections address a text-only order issued by Magistrate Judge Volpe on September 1, 2026 ("9/1 Order") (ECF No. 73) that denied "as frivolous" Plaintiff's Motion to Disqualify Counsel ("Disqualification Motion") (ECF No. 71). The Disqualification Motion involved a pretrial "Nondispositive Matter[]," Fed. R. Civ. P. 72(a), so Judge Volpe was entitled to decide that motion by "issu[ing] a written order stating the decision," *id.* (as opposed to issuing a "recommended disposition," Rule 72(b)(1)).

This Court should overrule the Objections because Plaintiff does not—and cannot—show that the 9/1 Order was "clearly erroneous or … contrary to law," Rule 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing 28 U.S.C. § 636(b)(1)(A) (2006))). For the reasons set forth below, the 9/1 Order was correct and consistent with applicable law, and nothing in the Objections undermines that conclusion.

## <u>ARGUMENT</u>

**I. The Disqualification Motion, And The State Court Lawsuit That Plaintiff Filed Against Undersigned Counsel To Enable Him To File The Disqualification Motion, Were Frivolous, Improper Filings, So The 9/1 Order Correctly Denied The Disqualification Motion As Frivolous.**

A "party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the ***extreme measure*** of disqualifying a party's counsel of choice should be imposed ***only when absolutely necessary***." *Macheca Transport Co. v. Philadelphia Indemnity Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quotation marks omitted; emphasis added). Due to "the potential for abuse," a disqualification motion "should be subjected to particularly strict scrutiny." *Id.* (quotation marks omitted). Thus, as this Court acknowledged, the "law disfavors motions to disqualify counsel." *Horner v. Warren*, No. 3:23-cv-108-DPM, 2023 WL 12141668, at *1 (E.D. Ark. Oct. 30, 2023) (Marshall, J.) (citing *Macheca Transport Co.*, 463 F.3d at 833).

Here, the Disqualification Motion fell well short of overcoming the very high bar set for parties seeking disqualification of opposing counsel. Plaintiff filed the Disqualification Motion on August 27, 2026—shortly after (the same day) he filed a *pro se* lawsuit in Arkansas state court against the two law firms ("Defendants' Law Firms") that represent the Opposing Defendants in this lawsuit and other related lawsuits filed by Plaintiff. The complaint that he filed to commence

that lawsuit ("Complaint Against Law Firms") was attached as an exhibit to Plaintiff's Brief in Support of Disqualification Motion ("Disqualification Brief") (ECF No. 72, at pages 11-17), so that complaint was before Judge Volpe when he issued the 9/1 Order.

The Complaint Against Law Firms and the Disqualification Motion are part of Plaintiff's lengthy campaign of litigation harassment of companies that he thinks are associated with the Alibaba.com—a harassment campaign that has metastasized to include Defendants' Law Firms. It is obvious that Plaintiff filed the Complaint Against Law Firms to: (a) retaliate against Defendants' Law Firms for filing Notices of Removal (filed in this Court on August 13, 2026) on behalf of certain of their clients that had been sued by Plaintiff in state court for the same events allegedly at issue in this lawsuit[1]; and (b) manufacture a basis for Plaintiff to file the Disqualification Motion. By proceeding *pro se*, Plaintiff apparently believes that he can file pleadings and motions that would not be filed by attorneys who are precluded by ethics rules and other legal principles from filing frivolous pleadings or motions. The Complaint Against Law Firms and the Disqualification Motion were frivolous abuses of the judicial process.

The Complaint Against Law Firms is based on a Lexis/Nexis Report about Plaintiff that was filed as an exhibit to the Notices of Removal with redactions that complied with Rule 5.2 of the Federal Rules of Civil Procedure, but that complaint—which does not attach that report as an exhibit—misrepresents the content of that report and what was done with it. Plaintiff alleged that the Lexis/Nexis Report disclosed his family members' "precise addresses [and] contact details," Complaint Against Law Firms ¶ 37, *see id.* ¶ 34, but that is false. Any contact details (phone numbers, e-mail addresses) in the Lexis/Nexis Report were redacted, and the street numbers and

[1] Those Notices of Removal led to the two state court cases being docketed in this Court (Case No. 4:26-cv-00826 and Case No. 4:26-cv-00827) and eventually being re-assigned to Judge Marshall's docket as related cases to this case.

street names of addresses also were redacted, which left only cities/towns in Arkansas (and zip codes) where Plaintiff has lived over the course of many years—to assist in satisfying the removal burden of establishing that he was and is an Arkansas citizen for purposes of diversity jurisdiction.[2] Plaintiff also alleged that the face of the Lexis/Nexis Report "restricts reproduction outside the organization for which it was obtained," Complaint Against Law Firms ¶ 13, but that also is false.

Plaintiff also misrepresented what was done with the Lexis/Nexis Report. He alleged that, "[o]n August 10, 2026, … McDaniel Wolff electronically filed Five Defendants' Opposition to Plaintiff's Motion in Pulaski County Circuit Court Case No. 60CV-26-8633 and attached the SmartLinx [Lexis/Nexis] report as Exhibit 2." Complaint Against Law Firms ¶ 16. Not so. Although that opposition was filed in that lawsuit on August 10, 2026 (copy attached hereto as **Exhibit 1**), the Lexis/Nexis Report was ***not*** attached as an exhibit to that opposition. August 13, 2026 was the first time that the Lexis/Nexis Report was filed, when it was submitted as an exhibit in support of the Notices of Removal discussed above. After those notice-of-removal papers were filed in this Court, those papers (including the Lexis/Nexis Report) were filed in Pulaski County Circuit Court as required by 28 U.S.C. § 1446(d). Defendants' Law Firms' use of the Lexis/Nexis Report was entirely proper because it was the only evidence available to Defendants' Law Firms to enable them to satisfy their clients' removal burden of establishing the existence of diversity jurisdiction by showing that Plaintiff was (before and at the time of removal) an Arkansas citizen. When the notice-of-removal papers were filed, Plaintiff had admitted in the state court complaints that he was a ***resident*** of Arkansas, but the Eighth Circuit has made clear that residency in a state is not the same as citizenship of that state for purposes of diversity jurisdiction. *See, e.g.*, *Reece v.*

[2] The Lexis/Nexis Report, with redactions made by Defendants' Law Firms before it was filed in accordance with Rule 5.2, is available for this Court to review as part of the notice-of-removal papers filed in Case No. 4:26-cv-00826 (ECF No. 103).

*Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (distinguishing between residency and citizenship and stating that "it is simply incorrect to say [the plaintiff's] Arkansas residency establishes Arkansas citizenship for the purpose of diversity jurisdiction" (citing cases)). ***After*** the notice-of-removal papers were filed, Plaintiff filed papers in the two removed lawsuits admitting his Arkansas citizenship, but there was no such on-the-record admission when the notice-of-removal papers were filed, so the Lexis/Nexis Report was needed to satisfy the removal burden imposed on defendants that remove lawsuits from state court to federal court based on diversity of citizenship. Thus, Plaintiff misses the mark when alleging that he had not placed the information compiled in the Lexis/Nexis Report "at issue merely by alleging Arkansas residence," Complaint Against Law Firms ¶ 34. The question that matters here is not whether Plaintiff placed that information at issue, but whether the Lexis/Nexis Report assisted the removing defendants in satisfying their burden imposed by the removal statutes and case law interpreting those statutes. The answer is "yes," so it was proper for the Lexis/Nexis Report to be filed in support of the Notices of Removal.

Plaintiff filed the Complaint Against Law Firms and the Disqualification Motion to retaliate against Defendants' Law Firms for exercising their clients' important removal right by filing notice-of-removal papers in this Court and state court. Such retaliation is an improper, abusive litigation tactic. "The removal process was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). "Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Id.* (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992)). The "'Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right … and should be equally vigilant to protect the right to proceed in the Federal

court.'" *Id.* (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

In addition to trying to exact revenge for Defendants' Law Firms exercising a removal right conferred by Congress (and filing notice-of-removal papers with redactions that complied with Rule 5.2), the Complaint Against Law Firms upon which the Disqualification Motion was based fails for other reasons as well. That complaint sues Defendants' Law Firms for conduct in connection with professional services that they rendered as attorneys to their clients by making statements during judicial proceedings in which they participated as counsel, so the complaint runs afoul of statutory immunity principles and common law privilege principles. *See, e.g.*, *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at *5, 372 S.W.3d 324, 330 (2010) (stating that an "immunity statute protects attorneys from civil liability from those not in privity of contract with them for actions taken during the course of their employment as attorneys"; discussing and quoting Ark. Code Ann. § 16-22-310(a)); *Pinkston v. Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988) (recognizing absolute privilege for an attorney to make statements during judicial proceedings in which he participates as counsel). Moreover, the sole claim asserted in the Complaint Against Law Firms ("Public Disclosure of Private Facts") also fails because: (a) Plaintiff cannot recover damages for alleged public disclosure of private facts about ***other persons*** (not plaintiffs), which is what that complaint seeks; (b) disclosing that Plaintiff has relatives who live (or have lived) in various Arkansas cities or towns—without disclosing their street addresses, as discussed above—is not the kind of disclosure of facts that can give rise to liability; and (c) anybody with access to Lexis could learn the facts set forth in the Lexis/Nexis Report, so they are not private facts.

## II. The Other Arguments Asserted By Plaintiff Fail To Satisfy His Burden Of Establishing That The 9/1 Order Was Clearly Erroneous Or Contrary To Law.

Plaintiff complains that the 9/1 Order "does not identify the legal standard applied, the allegations considered, or the reason the stated conflict failed under that standard," Objections at

3, but that argument does not satisfy his burden of establishing that the 9/1 Order was clearly erroneous or contrary to law. Sometimes a motion is so clearly frivolous that a court can properly deny it as frivolous in one sentence, without further elaboration. This is one example of such a motion, and the 9/1 Order is one example of such an order. The Objections do not cite any case (or other legal authority) requiring that busy federal magistrate judges must issue detailed orders every time they deny frivolous motions filed by *pro se* plaintiffs. As shown above in Section I, the 9/1 Order correctly denied the Disqualification Motion as frivolous.

Plaintiff also complains that the 9/1 Order was issued before he filed a "Supplemental Affidavit" (ECF No. 74) on September 2, 2026 stating that Plaintiff served the Complaint Against Law Firms on Defendants' Law Firms, *see* Objections at 3, 4, but that argument lacks merit. There is no indication in the 9/1 Order—and no reasonable basis to conclude—that Judge Volpe's decision to deny the frivolous Disqualification Motion was in any way based on whether Plaintiff had effected service of process on Defendants' Law Firms. Thus, Plaintiff engages in sheer, unsupported speculation when claiming that the Supplemental Affidavit involved "a material pre-order event documented on the federal docket immediately after the [9/1 Order] ruling," Objections at 4. In fact, that Supplemental Affidavit addressed an ***immaterial event*** that has no bearing on whether the 9/1 Order correctly denied the Disqualification Motion. If Judge Volpe truly believed that the Supplemental Affidavit made a difference, he could have vacated the 9/1 Order, but he did not do so. Or, if Plaintiff truly believed that the Supplemental Affidavit was an important game-changing event, he could have filed a motion for reconsideration to argue that Judge Volpe should vacate the 9/1 Order based on that affidavit, but Plaintiff did not do so. On this record, the argument about the Supplemental Affidavit fails to satisfy Plaintiff's burden of establishing that the 9/1 Order is clearly erroneous or contrary to law.

Finally, Plaintiff spends much of the Objections registering his lack of consent (and withdrawing any purported consent) to a magistrate judge conducting all proceedings in this lawsuit, *see* Objections at 1-2, 4, but that discussion also fails to satisfy Plaintiff's burden of establishing that the 9/1 Order was clearly erroneous or contrary to law. As discussed above (page 1), the 9/1 Order addressed a pretrial nondispositive matter, so Judge Volpe was authorized to issue that order. And he had that authority regardless of any consent or lack of consent by Plaintiff.

## CONCLUSION

This Court is not required to "close its eyes to reality," *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021). Here, the reality is that Plaintiff abused the judicial process and tried to mislead courts in a desperate attempt to manufacture a basis to seek disqualification of Defendants' Counsel, but the Disqualification Motion was frivolous. The Opposing Defendants are aware of the lawsuit that Plaintiff filed against Defendants' Counsel and nevertheless decided to continue to have Defendants' Counsel represent them in this litigation. Nothing filed by Plaintiff comes even close to justifying the extreme measure of interfering with the Opposing Defendants' important right to select their own counsel by disqualifying Defendants' Counsel.

For the foregoing reasons, the Court should overrule the Objections.

Dated: September 18, 2026

Respectfully submitted,

McDANIEL WOLFF, PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ Brittany D. Webb
Brittany D. Webb, Ark. Bar No. 2023139

**EXHIBIT B — SOURCE PAGE 1 OF 5**

Gmail

**Office Manager <info@homesitefinancialservices.com>**

## Our conversation today - LexisNexis + Next Steps

9 messages

**McCray, Howard (RIS-BCT)** <howard.mccray1@lexisnexisrisk.com> Tue, Aug 25, 2026 at 4:17 PM
To: "info@homesitefinancialservices.com" <info@homesitefinancialservices.com>

Hi Bradley,

Thanks again for your time today.

Based on our conversation, you're looking for more reliable debtor and property data to support collections, especially for accounts involving trusts, homesteads, and harder-to-locate assets.

The biggest priorities were:

- Access to detailed debtor, property, judgment, and asset information
- Identifying trusts or homesteads before contractors begin work
- Using more accurate, regulated data instead of basic public search tools
- Having both quick searches and more comprehensive reports available

Attached is the agreement. Please make sure to sign both pages. I've also included the pricing for each available search for your reference. Since you've already provided your EIN confirmation and Articles of Organization, we should have everything needed to begin the credentialing process once the agreement is completed.

You mentioned reviewing everything over the next day or two. Once you've had a chance to look it over, let me know if anything comes up.

Best,
Howard

**Howard McCray**
Sales Executive
Business Servies
561-982-5696 Mobile
howard.mccray1@lexisnexisrisk.
Connect with me on **LinkedIn**

LexisNexis
RISK SOLUTIONS

---

Join the **ADAM Program** to help recover missing children

---

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**EXHIBIT B — SOURCE PAGE 2 OF 5**

**Homesite F ScheduleA Unsigned.pdf**
124K

---

**McCray, Howard (RIS-BCT)** <howard.mccray1@lexisnexisrisk.com> **Thu, Aug 27, 2026 at 2:18 PM**
To: "info@homesitefinancialservices.com" <info@homesitefinancialservices.com>

Hi Bradley,

I'll be out of the office tomorrow. Do you think this is something you'll be able to get back to me on today, or should I plan to reconnect with you next week?

---

**From:** McCray, Howard (RIS-BCT) <howard.mccray1@lexisnexisrisk.com>
**Sent:** Tuesday, August 25, 2026 5:17 PM
**To:** info@homesitefinancialservices.com <info@homesitefinancialservices.com>
**Subject:** Our conversation today - LexisNexis + Next Steps

[Quoted text hidden]

---

**Office Manager** <info@homesitefinancialservices.com> **Thu, Aug 27, 2026 at 3:55 PM**
To: "McCray, Howard (RIS-BCT)" <howard.mccray1@lexisnexisrisk.com>

Hi Howard,

Thanks for following up. I'm reviewing everything and will get back to you as soon as possible. Just making sure I've got everything set aside for the year commitment.

Bradley Burchfield
Owner
Homesite Financial Services LLC
Office - 501-366-4052
Cell - 479-223-0038
bradley@homesitefinancialservices.com
[Quoted text hidden]

---

**Office Manager** <info@homesitefinancialservices.com> **Mon, Aug 31, 2026 at 9:01 AM**
To: "McCray, Howard (RIS-BCT)" <howard.mccray1@lexisnexisrisk.com>
Bcc: [redacted]@usdoj.gov,[redacted]@usdoj.gov,[redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov

Hey Howard,

I'd like to file a complaint about one of your LexisNexis users. Balance Law PLLC. In our recorded call you said, I believe, that the reports could not be reproduced outside of the organization. I know Melissa had her own thoughts. Or it could have been vice versa. I'm relying on memory since I don't have the recording. I may subpoena the recording and request a deposition from you and/or Melissa in the state case I just filed attached here as the third attachment: 60CV-26-11307. I did look over the agreement you sent but I didn't see anything related to the rules of sharing these LexisNexis reports, etc. If you have something like that I would appreciate it if you could email me the document.

My complaint is that Balance Law PLLC shared my individual report in 4 or 5 cases in federal and state court. This report listed my immediate family names on page 8/45 of the LexisNexis report which corresponds to page 53/111 of the first attachment. They're currently representing Alibaba defendants in civil cases I've filed. These defendants recently signed non-prosecution agreements for facilitating $600 million in fentanyl and related products into the United States. Information I have filed may or may not violate their non-prosecution agreements. So you can see why I object to my family names being included in 5 different federal/state cases after they, or their counterpart third-party sellers, threatened me in an email to "keep silent" on page 15/111 of the first attachment. I repeatedly requested in ex parte emails that they remove my family names—the only other names in there with the same last name as mine so it's pretty self-explanatory. However, Beiziao Robert Liu the principal at Balance Law PLLC kept asking me to pencil through the names I wanted redacted. Due to my PTSD from previous emails I took this as being threatened once again by the defendants and their counsel. If I get more information from the subpoenas from the other law firms I may want to file additional complaints against them.

I was told that each time a report is pulled it alerts the FBI, but that's probably a long shot. My concern is what other reports were pulled that may have led to harassment of the person named in those reports by the associated attorneys and/or the clients.

EXHIBIT B — SOURCE PAGE 3 OF 5

**Homesite Financial Services LLC is still wanting to move forward with an account but I'm securing additional funding from my current debt collection clients to assist in debt collection efforts to be able to budget the required $6,000.00 for the year commitment.**

Bradley Burchfield
Owner
Homesite Financial Services LLC
Office - 501-366-4052
Cell - 479-223-0308
bradley@homesitefinancialservices.com
info@homesitefinancialservices.com

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you dispute the debt in writing within the 30-day period or request the name and address of the original creditor, the debt collector must cease collection of the disputed portion of the debt until verification (or the requested original-creditor information) is mailed to you. Failure to dispute the debt within 30 days is not an admission of liability.

**Where to send a written dispute or request:**

**Homesite Financial Services LLC**
**1560 E Southlake Blvd. Ste 222**
**Southlake, TX 76092**

On Thu, Aug 27, 2026 at 2:18 PM McCray, Howard (RIS-BCT) <howard.mccray1@lexisnexisrisk.com> wrote:
[Quoted text hidden]

---

**5 attachments**



**Screenshot_31-8-2026_8518_cdr-prod-cmslegacy-images-bucket.s3.us-gov-west-1.amazonaws.com.jpeg**
**390K**

**LEXIS NEXIS FILING EXHIBIT.pdf**
**9488K**

**60CV-26-11307 FILED COMPLAINT.pdf**
**2376K**

**SULLIVAN CROMWELL SUBPOENA.pdf**
**1143K**

**QUINN EMANUEL SUBPOENA.pdf**
**1160K**

---

**McCray, Howard (RIS-BCT)** <howard.mccray1@lexisnexisrisk.com> **Tue, Sep 1, 2026 at 11:12 AM**
To: Office Manager <info@homesitefinancialservices.com>

Hi Bradley,

I'm unable to handle the complaint directly, as I'm not part of our legal or consumer support team. You can submit your request through the **LexisNexis Consumer Disclosure** website, and that team will be better equipped to assist you.

LexisNexis Consumer Disclosure - LexisNexis Risk Solutions Consumer Disclosure

As for moving forward with the account, I'll need the signed Schedule A returned to me. Once I receive it, I can begin the next steps in the onboarding process.

Please let me know if you have any questions regarding the onboarding process.

Best,
Howard

---

**From:** Office Manager <info@homesitefinancialservices.com>
**Sent:** Monday, August 31, 2026 10:01 AM
**To:** McCray, Howard (RIS-BCT) <howard.mccray1@lexisnexisrisk.com>
**Subject:** Re: Our conversation today - LexisNexis + Next Steps

⚠ **External email** If the sender is unfamiliar, check home.relx.com → Trusted partners to verify them.
[Quoted text hidden]

---

**Homesite F ScheduleA Unsigned.pdf**
124K

---

**Office Manager** <info@homesitefinancialservices.com> Tue, Sep 1, 2026 at 11:52 AM
To: "McCray, Howard (RIS-BCT)" <howard.mccray1@lexisnexisrisk.com>
Bcc: [redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov, [redacted]@usdoj.gov

Thanks for passing along that information for the legal department.

Bradley Burchfield
Owner
Homesite Financial Services LLC
Office - 501-366-4052
Cell - 479-223-0038
bradley@homesitefinancialservices.com
[Quoted text hidden]

---

**McCray, Howard (RIS-BCT)** <howard.mccray1@lexisnexisrisk.com> Tue, Sep 1, 2026 at 11:58 AM
To: Office Manager <info@homesitefinancialservices.com>

Hi Bradley, I did not pass along anything . You will need to do that via the link I sent you.

---

**From:** Office Manager <info@homesitefinancialservices.com>
**Sent:** Tuesday, September 1, 2026 12:52 PM
[Quoted text hidden]

[Quoted text hidden]

---

**McCray, Howard (RIS-BCT)** <howard.mccray1@lexisnexisrisk.com> Wed, Sep 2, 2026 at 3:34 PM
To: Office Manager <info@homesitefinancialservices.com>

Hi Bradley,

Are you able to get that agreement back to me today?

---

**From:** McCray, Howard (RIS-BCT) <howard.mccray1@lexisnexisrisk.com>
**Sent:** Tuesday, September 1, 2026 12:58 PM
**To:** Office Manager <info@homesitefinancialservices.com>
[Quoted text hidden]

[Quoted text hidden]

---

**Office Manager** <info@homesitefinancialservices.com> Thu, Sep 3, 2026 at 7:27 AM
To: "McCray, Howard (RIS-BCT)" <howard.mccray1@lexisnexisrisk.com>

**EXHIBIT B — SOURCE PAGE 5 OF 5**

Yes, I am working on it.

Bradley Burchfield
Owner
Homesite Financial Services LLC
Office - 501-366-4052
Cell - 479-223-0038
bradley@homesitefinancialservices.com
[Quoted text hidden]

**EXHIBIT C — SOURCE PAGE 1 OF 4**

PROPOSED RESTRICTED MATERIAL — HOLD PENDING COURT DIRECTIONS | Additional nonparty privacy redaction(s)

Gmail **Burchfield Bradley <burchfieldbradley123@gmail.com>**

---

**2026.3606 Liu**
2 messages

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Fri, Sep 25, 2026 at 8:54 AM
To: AD1-AGC@nycourts.gov
Bcc: [redacted]@usdoj.gov>, [redacted]@usdoj.gov, [redacted]@usdoj.gov>, [redacted]@usdoj.gov>, [redacted]@usdoj.gov>, [redacted]

Please see attached complaint per New York procedures for the complaint. This should align with the procedures for the complaint as I acknowledge my original did not state anything in a proper manner. I would like to add that that my concern over privacy for my family is backed by years of PTSD moreover things from my hometown where my family still lives:

# Timothy Howard Day Murders Case

**Timothy Lamont Howard was convicted in Arkansas of two counts of capital murder and one count of attempted capital murder for the 1997 killings of Brian and Shannon Day and the attempted killing of their infant son, Trevor Day** Justia Law+1 .

## The Crime

On December 12–13, 1997, police found **Brian Day** beaten and shot in the head in the back of a U-Haul truck, and **Shannon Day** dead in a closet at the Days' home. Their seven-month-old son, **Trevor Day**, was found with a cord around his neck FindLaw Caselaw . Howard, a friend of the Days, was arrested three days later. Prosecutors alleged he killed Shannon because she suspected she was pregnant with his child, and killed Brian for money thv11.com .

[redacted] This is the world I grew up in, albeit this first time I heard about the pregnancy as the word on the street was Brian got in deep for about $25,000.00, but there were a lot of rumors.

So when opposing counsel, for defendants who admitted to facilitating $600 million in fentanyl sales into the United States, submits paperwork with every family member I have, I'm a little jumpy. So, was the Sheriff's office when I called to let them know what was going on and to assign [redacted]

Bradley Burchfield
479-223-0038
burchfieldbradley123@gmail.com
burchfieldbradley123@icloud.com
ID#2503103532

**EXHIBIT C — SOURCE PAGE 2 OF 4**

PROPOSED RESTRICTED MATERIAL — HOLD PENDING COURT DIRECTIONS

---

**Liu_Grievance_Reconsideration_Packet_2026-09-25.pdf**
651K

---

**AD1-AGC** <AD1-AGC@nycourts.gov> Fri, Sep 25, 2026 at 9:12 AM
To: Burchfield Bradley <burchfieldbradley123@gmail.com>

This email confirms receipt of your request for reconsideration in the above referenced matter(s).

Please review the following information carefully:

• Any additional materials you wish to submit must be sent to this email inbox only, and should be provided promptly. Please include the relevant docket number(s).
• We are unable to estimate how long the Committee will require to reach a decision.
• You will be notified of the Committee's determination in writing once a decision has been made.
• Please be advised that if the Committee denies your request for reconsideration, this office cannot provide any further assistance regarding the matter(s).

For more information regarding the reconsideration process, please consult the following resource: https://www.nycourts.gov/courts/ad1/Committees&Programs/DDC/Disciplinary%20Rules%201240%20-2018%20update.pdf

Attorney Grievance Committee

Supreme Court, Appellate Division

First Judicial Department

180 Maiden Lane, 17th Floor

New York, NY 10038

212.401.0800

PLEASE NOTE: Pursuant to Judiciary Law Section 90(10), the information contained in this e-mail is PRIVATE AND CONFIDENTIAL and is intended only for the use of the addressee(s) above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited by law. If you have received this communication in error, or if any problems occur with this e-mail, please notify us immediately by telephone at (212) 401-0800. Thank you.

EXHIBIT C — SOURCE PAGE 3 OF 4

PROPOSED RESTRICTED MATERIAL — HOLD PENDING COURT DIRECTIONS | Additional nonparty privacy redaction(s)

**From:** Burchfield Bradley <burchfieldbradley123@gmail.com>
**Sent:** Friday, September 25, 2026 9:55 AM
**To:** AD1-AGC <AD1-AGC@nycourts.gov>
**Subject:** 2026.3606 Liu

Please see attached complaint per New York procedures for the complaint. This should align with the procedures for the complaint as I acknowledge my original did not state anything in a proper manner. I would like to add that that my concern over privacy for my family is backed by years of PTSD moreover things from my hometown where my family still lives:

# Timothy Howard Day Murders Case

**Timothy Lamont Howard was convicted in Arkansas of two counts of capital murder and one count of attempted capital murder for the 1997 killings of Brian and Shannon Day and the attempted killing of their infant son, Trevor Day**

Justia Law+1.

## The Crime

On December 12–13, 1997, police found **Brian Day** beaten and shot in the head in the back of a U-Haul truck, and **Shannon Day** dead in a closet at the Days' home. Their seven-month-old son, **Trevor Day**, was found with a cord around

his neck FindLaw Caselaw. Howard, a friend of the Days, was arrested three days later. Prosecutors alleged he killed Shannon because she suspected she was pregnant with his child, and killed Brian for money

thv11.com.

[redacted] This is the world I grew up in, albeit this first time I heard about the pregnancy as the word on the street was Brian got in deep for about $25,000.00, but there were a lot of rumors. So when opposing counsel, for defendants who admitted to facilitating $600 million in fentanyl sales into the United States, submits paperwork with every family member I have, I'm a little jumpy. So, was the Sheriff's office when I called to let them know what was going on and to assign someone to watch [redacted]

Bradley Burchfield

**EXHIBIT C — SOURCE PAGE 4 OF 4**

PROPOSED RESTRICTED MATERIAL — HOLD PENDING COURT DIRECTIONS

**479-223-0038**

**burchfieldbradley123@gmail.com**

**burchfieldbradley123@icloud.com**

ID#2503103532

**Please be CAREFUL when clicking links or opening attachments from external senders.**

# EXHIBIT D

