**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 01 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**MOTION FOR LEAVE TO FILE LIMITED SURREPLY TO ECF NO 91
TO ACCEPT LIMITED RESPONSE AS TIMELY OR OUT OF TIME
AND TO DISMISS ALIEXPRESS ALONE WITHOUT PREJUDICE**

Plaintiff Bradley Burchfield moves under Federal Rules of Civil Procedure 6(b)(1)(B) and 21, alternatively Rule 41(a)(2), and Local Rule 7.2 for the following limited relief:

1. Accept Part I of Exhibit A as a timely limited response to AliExpress's motion and brief, ECF Nos. 81–82, or grant leave to file it out of time. ECF No. 84, paragraph 4, states that the papers were mailed September 11, 2026. The envelope's postage label is dated September 14 and received at the address on 9/16/26. Plaintiff picked up the mailing September 17. Exhibits B and C support this request.

2. If the response is late, excuse the delay under Rule 6(b)(1)(B). A motorcycle accident and failure of Plaintiff's car transmission limited his mailbox access. Plaintiff supports his request with Exhibit B and tenders the completed response now, seeking no additional preparation period.

3. Permit Part II of Exhibit A as a limited surreply to Alibaba Group (U.S.) Inc.'s reply, ECF No. 91, supporting ECF No. 65. It addresses the reply's characterization of Plaintiff's positions, treatment of prior judgments, and arguments affecting other defendants.

4. Drop AliExpress E-Commerce One Pte. Ltd. alone and dismiss all claims against that defendant in this action without prejudice under Rule 21 or, alternatively, Rule 41(a)(2). Plaintiff requests a court order, not a unilateral dismissal under Rule 41(a)(1).

5. Plaintiff opposes dismissal of the entire action and continues to oppose ECF No. 65. His consent concerns AliExpress alone; it does not extend to Alibaba Group (U.S.) Inc., Alibaba.com U.S. LLC, or any other defendant.

6. Consider this request before deciding the disputed relief in ECF Nos. 81 and 65. If surreply leave is denied, consider Part I separately. A separate supporting brief accompanies this motion under Local Rule 7.2.

Respectfully submitted,
Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of this motion, Exhibits A through D, the supporting brief, and the proposed order by filing in the EMF/ECF system to the following counsel of record:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Bradley Burchfield

Bradley Burchfield

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**PROPOSED LIMITED RESPONSE TO ECF NOS 81 AND 82**
**AND LIMITED SURREPLY TO ECF NO 91**

Submitted with the motion for acceptance or leave

Plaintiff requests dismissal without prejudice of AliExpress E-Commerce One Pte. Ltd. alone. He opposes the broader request to dismiss this entire action and maintains his opposition to Alibaba Group (U.S.) Inc.'s motion, ECF No. 65.

## I LIMITED RESPONSE TO ALIEXPRESS

AliExpress seeks both dismissal of this lawsuit for lack of subject-matter jurisdiction and relief directed to AliExpress itself. ECF No. 81 at 1–2. Plaintiff accepts only the latter result, without prejudice. The Court may drop AliExpress on just terms under Rule 21 or order dismissal under Rule 41(a)(2). This request does not admit AliExpress's incorporated arguments against the remaining claims.

AliExpress's personal-jurisdiction and service defenses concern that defendant. Resolving those defenses does not, by itself, establish that every other defendant must be dismissed. Likewise, removing the federal claims against AliExpress does not satisfy 28 U.S.C. § 1367(c)(3) while claims within the Court's original jurisdiction remain against other defendants. Whether those remaining claims survive must be decided on the grounds applicable to them.

Plaintiff recognizes the Court's independent duty under Rule 12(h)(3) to dismiss if subject-matter jurisdiction is absent. He opposes that conclusion here for the reasons already stated in ECF Nos. 57 and 77. A disputed failure to satisfy a statutory cause of action is ordinarily a merits

question. Bell v. Hood, 327 U.S. 678, 682–83 (1946); Lexmark International, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 n.4 (2014). Those decisions do not excuse a failure to establish Article III standing or protect a wholly insubstantial federal claim. The Court should apply the appropriate standard to the particular objection rather than infer lack of jurisdiction from Plaintiff's decision to release AliExpress from this action. Although then an amicus brief might then need to be required from the defendants released because the other party would have to answer for a defendant that is dismissed.

Any untimeliness also should not be treated as consent to dismissal of all defendants. Local Rule 7.2(f), which permits relief based solely on a failure to respond, expressly concerns nondispositive motions. Plaintiff supplies his limited opposition now and requests adjudication of the remaining disputed issues on their applicable standards.

## II LIMITED SURREPLY TO ECF NO 91

### A Claim ownership and Rule 17

ECF No. 91 at 2–5 characterizes Plaintiff's Rule 17 request as tactical maneuvering. The record, however, includes Plaintiff's declaration that he personally paid $736.38, that Burchfield Sales and Consulting LLC had no bank account and did not fund the transaction, and that he personally sustained the alleged loss. ECF No. 23 at 11, paragraphs 3–7; ECF No. 77 at 2–4. Those assertions support his position that he suffered a personal injury and should be considered when evaluating the reply's inference regarding his purpose. Plaintiff further contends that defense counsel engaged in tactical conduct during these proceedings, including evading federal and state service of process and withholding an answer for one defendant while awaiting Plaintiff's response to multiple filings. Plaintiff acknowledges that he pursued three proceedings in different courts, each governed by different procedural rules, different pleadings, and discovery mechanisms like a pair of Chinese finger cuffs. He also distinguishes the proceedings by alleging that Case No. 00827 involved activation of the Trade Assurance, which is the RICO

apple, whereas the non-prosecution agreements concerned delivery and did not activate Trade Assurance despite acknowledging that it was provided by certain defendants. By analogy, Plaintiff contends that a party providing transportation and assurance for delivery may participate in a broader enterprise without producing or selling the underlying goods, similar to the Medellín Cartel as they did not produce or sell cocaine, they provided transportation and trade assurance if the shipment was lost or intercepted by replacing the product in Columbia. Plaintiff further maintains that merely purchasing, or not receiving a product, from a third party does not make him a member of the alleged conspiracy. The defendants might also want to discuss why the pro-forma invoice from Zhishang was half the price of the price on the Alibaba.com platform, although they contend in the NPA that they only received processing and advertising fees associated with selling on the platform. Albeit every listed chemical in the DEA orange book can be purchased from three companies Merck, Sigma-Aldrich, and Cayman Chemical. Maybe it's just a coincidence that almost all those companies, including the defendants, have the same attorneys. But it seems when you have those attorneys the defendants are always the victims, for example when Merck/Sigma-Aldrich (now merged according to Quinn Emanuel/Urquhart press release on their website) lost a large load of research chemicals at a college that got sent to China. See Daniel Ray Siler v The State of Texas 2005, where that attorney was indicted for conspiracy to distribute marijuana for giving one drug dealer phone number to another drug dealer and they were both clients. At times one might wonder if it was really the "Chinese". Plaintiff plainly admits to folding the defendants up like a fourth-grade love letter.

Personal payment alone does not settle ownership of the contract claim or establish every element of a civil RICO claim. Plaintiff asks the Court to distinguish Article III injury, statutory entitlement to sue, and the real-party-in-interest requirement. If the Court finds an understandable mistake and a legally available cure under Rule 17(a)(3), Plaintiff requests a defined reasonable period for that cure. The rule and its 1966 advisory committee note do not

authorize strategic evasion of the proper-party requirement. Plaintiff does not seek permission to represent an LLC without licensed counsel or contend that Rule 17 automatically cures an absence of Article III standing. Albeit in 00827 in the underlying small claims case a corporation can be represented by a member of the corporation and not counsel. If counsel is brought in from either side, it must be removed to district court. Harold Gong was answering from the registered agent's address. He did not identify himself then as counsel. If he was not counsel, and the underlying claim is $5,000.00 or less then remand to small claims would be appropriate to continue with discovery. However, if 00827 is the missing piece of the RICO apple then placing that missing bite back where it belongs is the only course of action.

**B The prior judgments and limitations require their own analysis**

ECF No. 91 at 5–9 invokes prior dismissals and treats Plaintiff's acknowledgment of a limitations problem as supporting dismissal. Plaintiff does not seek to erase those judgments through this surreply. The February 2023 stipulation in No. 4:22-cv-00861-LPR dismissed that action with prejudice and expressly included Alibaba Group (U.S.) Inc. ECF No. 38-2. December 2022 Northern District of California order dismissed the amended complaint without further leave to amend. ECF No. 38-4. Their effect must be addressed on the actual claims and issues, not avoided merely by changing defendant names or legal labels. Of course, dismissal of any defendant may then require an amicus brief from the dismissed defendant. Same as the Plaintiff's LLC as they are not a party to the litigation at this point.

The December 6, 2022, order, ECF No. 9 in No. 4:22-cv-00861-LPR, corrected two names: Alibaba.com Inc. to Alibaba.com, LLC, and Alibaba Group Holding Limited to Alibaba Group (U.S.) Inc. It reissued summonses and extended service time. It did not adjudicate privity, alter ego, or liability, and it did not decide or vacate the later dismissal. A copy is Exhibit D to this motion; it is also already at ECF No. 77-1 at 2. Thus, that order alone cannot establish that

every presently named Alibaba entity is the same party or a privy. But Alibaba Group (U.S.) Inc. itself was named in the later stipulation, so the absence of a separate privity finding does not answer its same-party argument.

Elbert v. Carter, 903 F.3d 779, 782–84 (8th Cir. 2018), requires analysis of the prior judgment, jurisdiction, claims, and relevant party relationships; it also permits nonmutual claim preclusion in appropriate circumstances. For a different defendant invoking the earlier judgment, Plaintiff requests identification of the relationship and record supporting preclusion. Similar names and a ministerial name-correction order do not supply that analysis. Nor does a defendant's absence from the earlier caption automatically defeat preclusion. This filing seeks no collateral reversal of a prior judgment.

Nor does Plaintiff contend that the rejected 2026 credit offer restarts the limitations period for the 2021 injury, but it did activate Trade Assurance for the RICO apple. ECF No. 77 at 6–7 already made that limitation clear. Recognizing a serious limitations issue is not consent to dismissal of every claim. Any later-injury theory would require an independently sufficient factual basis; this surreply does not amend the complaint or supply one by assertion. Plaintiff asks the Court to address accrual and any properly supported exception under the applicable standard, with relief confined to claims that the Court finds barred. Although in small claims the time limit is 5 years to bring the action to court and it was 5 years to the day when it was filed. Criminal RICO has a statute of limitations from 5 years when the defendant left the conspiracy so that would bar the Plaintiff from any federal prosecution for RICO as activating the Trade Assurance (RICO apple) did not inherently restart the clock from the day the Plaintiff left the alleged conspiracy. However, the defendants would still fall under RICO criminal requirements until 2029 as the NPA stated it was from 2016-2024. The Plaintiff swears upon oath that he, himself, any LLC that he owns or is a member of ever purchased any product or products

outlined in the NPA. The state of Arkansas however, had 1500 fentanyl related deaths from 2016-2024 including the Plaintiff's three unborn children.

**C The reply should not turn one entity's defense into a ruling for every defendant**

ECF No. 91 at 11–13 argues that the Court lacks personal jurisdiction over Zichang and attributes its Arkansas contacts entirely to Plaintiff's unilateral Internet activity. The existing transaction materials identify an Arkansas destination for Order No. 91906090501027582. ECF No. 2 at 9–17; ECF No. 77 at 2, 5. A seller's own undertaking to perform a transaction involving that destination must be examined as part of the actual relationship. A contract alone is not conclusive, but neither is the fact that a transaction began online. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478–79 (1985). None of the defendants in 00827 have answered to which named defendant or other party provided the Trade Assurance and order processing. The Plaintiff has no problem going order by order to decide what was delivered and what was not delivered as the western district 1023 case involved the Shandong Look Chemical Company concerning a delivered purchase of 6 kilograms delivered to **Stand Firm Trading Limited** (Wang Lung Industrial Center) in Hot Springs, AR, not associated with Stand Firm Trading Limited of Hong Kong and Hawthorne, CA. That order arrived wrapped in Homeland Security tape. The wire went out of First Financial Bank in Mena, AR, and that was divulged in Judge Hearnsberger's court in the fall of 2020 where the Plaintiffs charges were dismissed along with half the county jail that also bought their products from the Defendants' website, allegedly according to inmates chosen jailhouse lawyer. That was divulged in 6.20.cv.06135 in federal court.

This point does not transfer Zichang's contacts to Alibaba Group (U.S.) Inc. Plaintiff recognizes that the Li declaration at ECF No. 66 at 11–14 addresses that movant, while the search discussion concerning AUS Merchant Services concerns a different entity, the question

would be, did AUS only process NPA related products specifically? He also recognizes that the December 2022 name-correction order is not a finding of alter ego and that the later customer-service messages do not, by themselves, identify Alibaba Group (U.S.) Inc. as their author. ECF No. 77 at 4–5. Plaintiff asks the Court to evaluate each defendant under the applicable jurisdictional standard. The Plaintiff is not relying on the NPA for their products, he's relying on it for business structure and what they admitted to business structure there is not what they admitted to here. That is the problem.

Facts concerning other defendants may be relevant to ECF No. 65's RICO jurisdictional theory. They should not become a judgment resolving a nonmovant's personal defenses without an appropriate basis and opportunity to respond. This surreply does not renew the discovery motions denied at ECF No. 64 or claim that the non-prosecution agreement establishes jurisdiction over Alibaba Group (U.S.) Inc.

## III REQUESTED DISPOSITION

Plaintiff requests an order dismissing AliExpress alone without prejudice and declining to dismiss the remaining action on the basis of that limited consent. He maintains his opposition to ECF No. 65. If the Court nevertheless dismisses a defendant solely for lack of personal or subject-matter jurisdiction, Plaintiff requests an expressly jurisdictional dismissal without prejudice. See Fed. R. Civ. P. 41(b). A separate merits dismissal requires its own basis; Plaintiff requests no ruling here that changes the effect of any prior judgment or forecloses a remaining defendant's properly raised defense.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
Telephone: 479-223-0038
burchfieldbradley123@gmail.com

This proposed filing is served as Exhibit A to Plaintiff's motion, as stated in the motion's certificate of service.

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Case No. 4:26-cv-00611-DPM-JJV**

**DECLARATION OF BRADLEY BURCHFIELD**
**REGARDING RECEIPT OF MOTION PAPERS AND DELAY**

1. I am the Plaintiff and make this declaration from my personal knowledge.

2. The mailing containing AliExpress's motion-to-dismiss papers was received at my mailbox on September 16, 2026. I picked it up the next day, September 17, 2026. The envelope's postage label is dated September 14, 2026.

3. I was involved in a motorcycle accident, and the transmission in my car went out. These events limited my access to my mailbox and contributed to my delay in responding.

4. The motorcycle accident occurred on or about September 5, 2026,

and the case filed is 60CV-26-12944: BRADLEY CRAIG BURCHFIELD V KEON ROSHUN JOHNSON. The transmission failure occurred on or about September 15, 2026.

5. The actual filing date would be 10/1/26.

6. Exhibits C-1 and C-2 are true and accurate photographs of the envelope in which I received those papers, including the postage label. The first photograph also shows the AliExpress brief beneath the envelope.

7. I seek dismissal without prejudice of AliExpress alone and have not intended to abandon the remaining claims. I submit the proposed response with my motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/1, 2026.

Bradley Burchfield [signature]
Bradley Burchfield

# EXHIBIT C 1

Photograph of mailing envelope



**EXHIBIT C 2**

Photograph showing postage label dated September 14 2026



# EXHIBIT D

December 6, 2022 order in Case No. 4:22-cv-00861-LPR
Previously filed at ECF No. 77-1, page 2, in this action



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRADLEY C. BURCHFIELD** **PLAINTIFF**

**v.** **Case No. 4:22-CV-861-LPR**

**ALIBABA GROUP HOLDING LIMITED, Alibaba, et al.** **DEFENDANTS**

**ORDER**

Mr. Burchfield's Motion to Amend his Complaint (Doc. 6) for the limited purpose of correcting the named business entity is GRANTED. The Clerk is directed to update the docket sheet by making the following changes: (1) "Alibaba.com Inc" should be renamed "Alibaba.com, LLC" and (2) "Alibaba Group Holding Limited" should be renamed "Alibaba Group (U.S.) Inc." The Clerk is also directed to reissue summonses for these Defendants and return them along with a copy of the file-marked Complaint to Mr. Burchfield for completion of service. For good cause shown in Doc. 5, time to serve the Defendants is extended; the new deadline is 90 days from the date of this Order.

IT IS SO ORDERED this 6th day of December 2022.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

