**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
ARKANSAS
By:
DEP CLERK

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al., Defendants

**MOTION FOR ADDITIONAL TIME FOR FOREIGN SERVICE**
**LEAVE TO FILE SUPPORTING EVIDENCE**
**AND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Plaintiff Bradley Burchfield requests 240 days from entry of the Court's order to verify service addresses and complete service abroad on the four defendants identified below under Federal Rules of Civil Procedure 4(f)(1) and 4(h)(2) and the Hague Service Convention. He also requests leave under paragraph 4 of ECF No. 10 to file his proposed declaration and Exhibits A through G, and a limited deferral of dismissal rulings so the foreign defendants have an opportunity to respond. In support, Plaintiff states:

1. The requested service period applies to Alibaba.com Singapore E-Commerce Private Limited; Zichang New Materials (Shandong) Co., Ltd.; Zhishang New Materials (Shandong) Co., Ltd.; and Shaanxi Bloom Tech Co., Ltd. These are the four remaining foreign defendants addressed by this motion. Plaintiff requests a defined period and progress reports under the Court's authority to manage this action. Rule 4(m) expressly excludes service abroad under Rules 4(f) and 4(h)(2) from its ordinary ninety-day limit.

2. On July 24, 2026, Plaintiff caused five international mailings to be sent to addresses associated with foreign defendants. ECF No. 56 at 1–2. That August 18 notice expressly described the mailings as efforts to provide notice and test destinations, rather than completed Hague service. Id. at 1–5. The present motion requests the concrete service schedule that the earlier notice did not request.

3. Proposed Exhibit A contains the July 24 mailing-payment records and destinations. Proposed Exhibits B through F contain the supplied tracking results. They report delivery in Singapore on August 21 for Alibaba Singapore and delivery in China on August 15 for Zhishang. Zichang's record shows arrival at a post office in China on September 12, fifty days after mailing; Shaanxi Bloom Tech's record shows an unavailable addressee and later depot retention on September 7, forty-five days after mailing. Neither latter record shows completed delivery. These documented delays support the full 240-day request and verification of each entity and address before formal service.

4. Plaintiff seeks time to identify the correct legal names and service addresses, obtain any necessary amended summonses, arrange required translations, and submit proper Hague requests through a competent forwarding authority. For mainland China, he will use the designated Ministry of Justice channel and Chinese translations. For Singapore, he will use the Ministry of Law channel and English-language papers, with required fees. Plaintiff will retain transmission records and file the resulting certificates under Rule 4(l)(2)(A).

5. The proposed 240-day period allows up to sixty days for address verification, preparation, translation, and transmission, followed by approximately six months for foreign processing. The HCCH China profile reports an execution period of around six months; the Singapore profile reports an average of about two and one-half months. These are estimates, not guarantees. Plaintiff proposes the milestones below and will seek any further relief before expiration if documented foreign-authority delays prevent completion.

6. The extension excludes Alibaba Group Holding Limited, whose service objection was no longer contested as recognized in ECF No. 64 at 1. It also excludes AliExpress E-Commerce One Pte. Ltd., consistent with Plaintiff's requested dismissal of AliExpress alone without prejudice. The AliExpress mailing remains proposed Exhibit F as part of the complete July 24

mailing history. This motion does not consent to dismissal of any other defendant or of the entire action.

7. Proposed Exhibit G is the supplied factory panorama associated with the Zhishang address inquiry. The image contains no visible street address or corporate registration information. Plaintiff identifies its limited purpose and does not ask the Court to treat it as proof of a registered office, corporate ownership, or an authorized recipient.

8. ECF No. 10, paragraph 4, limits submission of evidentiary materials outside summary-judgment practice unless ordered by the Court. Plaintiff therefore asks for express permission to file the separately prepared declaration and all seven exhibits within seven days after leave is granted. This request concerns evidence of service efforts and the need for additional time. Plaintiff seeks no discovery order through this motion and will begin public-record address verification without awaiting a discovery ruling.

9. Plaintiff asks the Court to defer dismissal of any remaining defendant, including rulings on ECF Nos. 37 and 65, until the four foreign defendants have been properly served or waived service and have had an opportunity to file their initial responses. Their responses may identify or implicate moving defendants in the conduct alleged, including operation of seller accounts, relevant communications, transaction handling, payment functions, or asserted agency relationships. ECF No. 56 at 5 identifies these unresolved factual subjects. Plaintiff asks for the opportunity to present any specific, material information that actually emerges before the Court enters a final dismissal based on a disputed factual premise.

10. Plaintiff requests this sequencing as a discretionary case-management measure, not as an automatic bar to deciding a served defendant's motion. He proposes review of progress at sixty days and an outside limit of 270 days from entry for the deferral, allowing the requested 240-day service period plus time for initial responses, absent a further order supported by

specific progress and need. The progress review is not a request to shorten the 240-day service period. His AliExpress-only dismissal request remains outside this requested deferral.

**Requested schedule and relief**

A. Allow 240 days from entry of the order for service abroad on the four identified defendants and decline dismissal solely for incomplete foreign service while Plaintiff complies with the ordered schedule.

B. Require an initial status report within thirty days identifying verified addresses, sources, unresolved identity or address issues, and the next steps for each defendant. Require transmission of a compliant request for each verified destination within sixty days, or a specific explanation and request for further directions by that date.

C. Require status reports every sixty days after the initial report until service is complete, prompt filing of returned service or nonservice certificates, and a request for additional time before the deadline if needed. No extension beyond the ordered period would be automatic.

D. Permit updated service-address information in summonses under Rule 4(a)(2), with issuance of properly completed summonses under Rule 4(b). Any substitution, addition, or change of legal defendant requiring amendment of the complaint will be presented separately under the applicable rules.

E. Grant leave to file the proposed declaration and Exhibits A through G within seven days after entry of the order.

F. Defer dismissal of the remaining defendants, including disposition of ECF Nos. 37 and 65, until each of the four foreign defendants has been properly served or waived service and filed an initial response or allowed the applicable initial response time to expire, subject to review of progress at sixty days and an outside limit of 270 days absent further order. Preserve all defenses

and the Court's obligation to address subject-matter jurisdiction. Exclude the separate request to dismiss AliExpress alone without prejudice.

Respectfully submitted,

Date: 10/1/26

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/1/26, I served a true and correct copy of the Motion for Additional Time for Foreign Service, Leave to File Supporting Evidence, and Limited Deferral of Dismissal Rulings, the supporting brief, and the proposed order by EMF/ECF to:

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Bradley Burchfield

Bradley Burchfield