**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**SIX DEFENDANTS' OPPOSITION AND RESPONSES TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME FOR FOREIGN SERVICE, LEAVE TO FILE SUPPORTING EVIDENCE, AND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Without waiving any arguments or defenses asserted in their pending motions to dismiss, six defendants—Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd. ("AliExpress")—respond as follows to Plaintiff's Motion for Additional Time for Foreign Service, Leave to File Supporting Evidence, and Limited Deferral of Dismissal Rulings ("Plaintiff's Motion") (ECF No. 99) and Brief in Support ("Plaintiff's Brief") (ECF No. 100). Five of those defendants (not including AliExpress) are collectively referred to below as "the Responding Defendants."

***First***, to borrow a journalism phrase, Plaintiff buries the lead in a mass of filings (Plaintiff's Motion, Plaintiff's Brief, and the supporting Declaration of Bradley Burchfield ("Burchfield Declaration") (ECF No. 101)), so AliExpress brings this issue to the Court's attention. Plaintiff concedes that AliExpress should be dismissed from this lawsuit. *See* Plaintiff's Motion ¶¶ 6, 10; Plaintiff's Brief at 3, 7. Based on that concession, the Court should dismiss all claims asserted

against AliExpress, which would moot its Motion to Dismiss First Amended Complaint (ECF No. 81). AliExpress requests such a dismissal order, and the Responding Defendants do not object.

***Second***, the Responding Defendants do not oppose Plaintiff's request for additional time to serve the four defendants that are located abroad and have not entered an appearance in this case. As for how much additional time Plaintiff should receive—he seeks 240 days—the Responding Defendants do not take a position at this time and defer to the Court's judgment regarding that case management issue. In light of the expected forthcoming dismissal of AliExpress, it takes no position regarding the issues discussed in this paragraph.

***Third***, the Responding Defendants oppose Plaintiff's request that the Court defer ruling on their pending motions to dismiss (ECF No. 37, ECF No. 65) until he has effected service of process on the defendants that are located abroad. The motions to dismiss are fully briefed and ready for rulings by the Court. Plaintiff admits that "[n]either Rule 4 nor Rule 12 [of the Federal Rules of Civil Procedure] requires service on every defendant before the Court may dismiss a particular defendant," Plaintiff's Brief at 6, and "acknowledg[es] the moving defendants' interest in prompt disposition [of the motions to dismiss]," *id*. Plaintiff does not offer any persuasive countervailing interest that outweighs those concessions. There is no good reason for the Court to hold off on deciding those motions to dismiss until some uncertain time potentially more than 240 days in the future, by which point Plaintiff may (or may not) have succeeded in serving all four foreign defendants.[1] Plaintiff's unsupported speculation, *see* Plaintiff's Brief at 5-6 (using "may" and "could" to discuss potential future events) about what the four defendants might say when

[1] Plaintiff actually seeks to delay rulings on the motions to dismiss for a period that may be longer than 240 days because he asks the Court to wait until the foreign defendants have had an opportunity to respond to the operative complaint before it rules on those motions. *See* Plaintiff's Brief at 5-6. If one or more of the defendants is not served until the last day of the 240-day period requested by Plaintiff, then any such defendant's deadline for responding to the complaint would fall after the end of that 240-day period.

responding to the First Amended Complaint is not a good reason for the Court to delay its rulings on the motions to dismiss. To be clear, the Responding Defendants do not presume to tell the Court when it should rule on the motions to dismiss or how the Court should manage this lawsuit along with the numerous other lawsuits on the Court's docket. The Responding Defendants' point is that the Court should not sit on the motions to dismiss for a lengthy period—possibly more than eight months—to wait for events that may or may not occur. In light of the expected forthcoming dismissal of AliExpress, it takes no position regarding the issues discussed in this paragraph.

***Fourth***, Plaintiff's Motion seeks leave to file "supporting evidence" consisting of various papers attached to the Burchfield Declaration. Those papers do not need to be filed at this time because they do not go to a ripe, disputed issue requiring a ruling by the Court, as discussed below. Nevertheless, the Responding Defendants and AliExpress take no position regarding Plaintiff's request for leave to file the papers attached to the Burchfield Declaration.

***Finally***, Plaintiff's Motion, Plaintiff's Brief, and the Burchfield Declaration make numerous statements about various issues—including but not limited to: (a) what Plaintiff has already allegedly done regarding mailings to foreign defendants; (b) what he intends to do (*ad nauseam* and in excruciating detail) to effect service of process on the four foreign defendants; and (c) how he interprets the Hague Convention and other legal requirements for serving defendants located in other countries. And the Burchfield Declaration submits "supporting evidence" related to some of those issues. It is unclear why Plaintiff has made those statements and submissions. Perhaps that is "AI slop" generated by a generative artificial intelligence model that lacks the guardrails that would be imposed by an attorney who would know better than to bombard the Court with such unnecessary details about issues that are not ripe for rulings. Maybe Plaintiff seeks advisory rulings from the Court regarding those issues, but that would be improper. The Court

should decline to make any rulings about those issues until such time as a ripe, disputed issue is presented by Plaintiff or another party in a proper motion. In any event, the Responding Defendants and AliExpress should not be required to respond, at this time, on a point-by-point basis to the deluge of unripe issues presented by Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration (or the exhibits attached to that declaration) that do not require rulings by the Court. The lack of point-by-point rebuttals should not be construed as any admission or concession by the Responding Defendants or AliExpress as to Plaintiff's statements (whether addressing a factual or legal issue) discussed in general terms in this paragraph.

In conclusion, for the foregoing reasons, the Court should: (a) dismiss all claims asserted against AliExpress; (b) rule on certain issues addressed in Plaintiff's Motion for which the Responding Defendants set forth their positions above by adopting those positions; and (c) decline to issue any advisory rulings regarding the various other issues and statements made in Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration.

Dated: October 15, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*__________
Brittany D. Webb, Ark. Bar No. 2023139