**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**DEFENDANT ALIBABA GROUP HOLDING LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CORPORATION SERVICE COMPANY TO PRODUCE SUBPOENAED RECORDS AND ALTERNATIVE REQUEST FOR LIMITED DISCOVERY LEAVE**

Without waiving any arguments or defenses asserted in its pending motion to dismiss, Defendant Alibaba Group Holding Limited ("AGHL") hereby opposes Plaintiff's Motion to Compel Corporation Service Company to Produce Subpoenaed Records and Alternative Request for Limited Discovery Leave ("Plaintiff's Motion") (ECF No. 92) and Brief in Support ("Plaintiff's Brief") (ECF No. 93).

Plaintiff served the subpoena at issue here (the "Subpoena") on Corporation Service Company ("CSC") after it declined Plaintiff's attempt to effect service of process on AGHL by sending the service-of-process papers to CSC in New York. The Subpoena sought documents from CSC related to that rejection of service of process. *See* ECF No. 92, at 11-17. As Plaintiff wrote, the Subpoena sought documents concerning "CSC's receipt, processing, and rejection of federal process in Civil Action No. 4:26-CV-00611-DPM and CSC's Transmittal No. 344883454 [CSC's rejection of Plaintiff's service-of-process papers]." *Id.* at 11.

Although AGHL initially contested service of process based on CSC's rejection of Plaintiff's service-of-process papers, AGHL subsequently narrowed the issues by declining to press that argument. As the Court correctly stated in August, AGHL "no longer contests service of process." August 21, 2026 Order at 1 (ECF No. 64).

Any reasonable litigant would have acknowledged that AGHL's concession regarding service of process rendered the Subpoena moot but not Plaintiff. His goal is to harass AGHL and any entity or person associated in any way with AGHL (including its attorneys in this lawsuit), so he refuses to let this issue go. Plaintiff's Motion is a *post hoc* effort to rewrite the Subpoena to evade the fact that it focused on an issue (CSC's rejection of service-of-process papers) that is now moot, but Plaintiff's arguments lack merit.

***First***, Plaintiff discusses communications between him and AGHL's counsel involving counsel's effort to resolve this dispute by agreement, *see, e.g.*, Plaintiff's Brief at 4-5, without coming close to explaining why counsel's entirely appropriate attempt to try to reach agreement regarding this dispute justifies Plaintiff's continued effort to seek documents from CSC. Plaintiff's argument is a pretextual justification for seeking enforcement of the Subpoena that does not withstand scrutiny.

***Second***, Plaintiff's attempt to recast the Subpoena to address an issue presented in AGHL's pending motion to dismiss (ECF No. 37) and brief in support (ECF No. 38) also lacks merit. Plaintiff engages in unsupported speculation when trying to connect documents sought by the Subpoena to AGHL's lack-of-personal-jurisdiction dismissal arguments and asserting that AGHL's declaration in support of its motion to dismiss "describes its corporate status and absence of registration or offices in the United States," Plaintiff's Brief at 3 (citing ECF No. 38-7, ¶¶ 4, 10-11). However, that argument misses the mark because documents sought by the Subpoena—which

relate to rejection of service-of-process papers by a company that serves as a registered agent for numerous corporations—do not have any bearing on the issues discussed in the declaration paragraphs cited by Plaintiff. *See* ECF No. 38-7 ¶ 4 (stating AGHL's place of incorporation and principal place of business), ¶ 10 (stating that AGHL is not registered to do business in Arkansas or any other state in this country and does not direct, target, or specifically tailor its business activities to or at Arkansas or this country), ¶ 11 (stating that AGHL does not have any offices in Arkansas or elsewhere in this country). AGHL's lack-of-personal-jurisdiction arguments are not based on, and do not depend on, whether CSC was (or was not) authorized to accept service of process for AGHL for this lawsuit or why CSC rejected Plaintiff's service-of-process papers. AGHL's lack-of-general-personal-jurisdiction argument involves where AGHL is "at home" (place of incorporation and principal place of business) within the meaning of *Daimler AG v. Bauman*, 571 U.S. 117 (2014). AGHL's lack-of-specific-personal-jurisdiction argument involves whether AGHL engaged in suit-related conduct that created a substantial connection with the forum within the meaning of *Walden v. Fiore*, 571 U.S. 277 (2014). The CSC documents sought by the Subpoena are irrelevant to those issues.

This Court has rejected Plaintiff's other discovery efforts at this early stage of this lawsuit, where motions to dismiss are pending and no Rule 26(f) conference has occurred. The discovery sought here fares no better than Plaintiff's prior discovery efforts, which the Court rejected because they were based on "speculation and conjecture" and addressed irrelevant issues, August 21, 2026 Order at 1 (ECF No. 64).

AGHL expressly reserves the right to assert attorney-client privilege, the work product doctrine, and any other applicable privileges or protections with respect to any documents or communications that may be required to be produced as responsive to the Subpoena. Nothing in

this Opposition shall be construed as a waiver of any privileges or protections to which AGHL is entitled.

In conclusion, for the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: October 15, 2026

Respectfully submitted,
McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*__________
Brittany D. Webb, Ark. Bar No. 2023139