**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 16 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD, Plaintiff
v. Case No. 4:26-cv-00611-DPM-JJV
ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al., Defendants

**MOTION FOR LEAVE TO FILE A LIMITED REPLY TO ECF 104 AND TO SUBMIT SPECIFIED SUPPORTING MATERIALS**

Plaintiff Bradley Burchfield requests leave under Local Rule 7.2 and ECF 10, paragraph 4, to file a limited reply supporting ECF 92 and responding to ECF 104, with a declaration and the materials identified in the accompanying brief.

1. ECF 104 opposes Plaintiff's motion to compel Corporation Service Company (CSC) and alternative request for limited discovery. The proposed filing is a reply supporting Plaintiff's own motion.

2. The reply will address the original subpoena's scope, CSC's records concerning service of the First Amended Complaint, the identity of the objector, and CSC's opportunity to respond. Those issues answer ECF 104's assertions that the subpoena has been rewritten, concerns only a moot dispute, and serves a harassing purpose.

3. ECF 17, page 1, footnote 1, states that the amended complaint had not been served on the moving defendants. ECF 38, page 1, footnote 1, identifies the later motion as directed to that pleading. CSC's received papers and handling records, already requested at ECF 92, pages 14-15, would help evaluate that chronology.

4. To the extent response timing is an additional ground beyond ECF 92-93, Plaintiff expressly requests leave to supplement the relevance explanation. The records remain confined to the same federal transaction and original subpoena categories. AGHL may be allowed to address the additional explanation.

5. The declaration reports no CSC objection or production received through October 16, 2026, and authenticates the August 10 AGHL objection letter and correspondence. The appendix reproduces the docket materials identified in the brief. The declaration, reply, and appendix are held pending authorization and are not attached to this motion or brief.

6. Plaintiff acknowledges ECF 64's treatment of AGHL's service objection and its separate ruling concerning Alibaba Group (U.S.) Inc. No default, contempt, sanction, or reconsideration of that ruling is requested. In light of ECF 102's receipt, Plaintiff requests no enforcement decision before October 20, 2026, or any later applicable response date determined by the Court.

7. Plaintiff requests seven days after leave is granted to submit a reply of no more than ten pages, excluding its certificate, a declaration, and the identified appendix. Alternatively, the Court may permit only the new letter and declaration and rely on existing docket filings. The Court may set further response periods for CSC or AGHL.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

Date: 10/16/26, 2026

## CERTIFICATE OF SERVICE

I certify that on 10/16/26, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007

Electronic service is certified only for counsel shown as electronically served on the Notice of Electronic Filing. Any additional service on counsel, if required, was made as follows:

Method and date: ______________________________

______________________________

Additional service on the nonparty
A copy was mailed by United States first-class mail, postage prepaid, on 10/16/26, 2026, to Corporation Service Company, Custodian of Records, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, or served on its authorized counsel as stated here:

______________________________

Bradley Burchfield
Bradley Burchfield