FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 20 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO ECF 109**

Plaintiff Bradley Burchfield opposes Alibaba Group Holding Limited's motion to quash the Corporation Service Company subpoena or for a protective order. He requests a ruling on the limited discovery leave already requested in ECF 92 before the Court permanently forecloses production. The accompanying brief narrows the requested relief to existing records concerning CSC Transmittal No. 34483454, and only to the extent the Court finds an unresolved service or response-timing issue material to this action.

1. Plaintiff acknowledges ECF 64. AGHL no longer contests service, and the Court denied earlier jurisdictional and alter-ego discovery. Plaintiff seeks express permission under Rule 26(d)(1), not an assumption that the Clerk's issuance of a subpoena authorized discovery despite that order. CSC's appointment in New York does not, by itself, establish personal jurisdiction in Arkansas.

2. The record nevertheless identifies an actual process transaction and a sequence that should be evaluated accurately: Plaintiff filed an affidavit concerning original-complaint service on July 8 (ECF 13); CSC issued its rejection on July 9; AGHL moved against the original complaint on July 20 while stating the amended complaint had not been served (ECF 16; ECF 17 at 1 n.1); and AGHL moved against the First Amended Complaint on August 5 (ECF 37). Plaintiff asks the Court to identify the operative pleading, legally effective service date, and effect of Rules

12(a)(4) and 15(a)(3) before deciding whether any response-timing issue remains. He does not contend that AGHL never responded.

3. Plaintiff believes the service objection was used tactically to delay a response and obtain withdrawal of independent CSC discovery. The July 29 correspondence proposed acceptance of service in exchange for withdrawal of the subpoena and restrictions on future CSC discovery. ECF 92 at 21–23. Plaintiff asks for an objective determination based on records. An unaccepted proposal and an initially contested service question do not, without more, establish fraud, a sham, untimeliness, or sanctionable conduct.

4. If a material issue remains, Plaintiff requests staged production of the applicable agency designation and limitations, and the existing receipt, identification, rejection, and routing records for this one transaction. He accepts relevant excerpts, redaction of unrelated commercial information, privilege descriptions, and protection of CSC from significant expense. If amended-complaint service involved a different transaction, this request does not expand to it without further leave. The CSC subpoena was served in Little Rock, which is under jurisdiction of this Honorable Court.

5. AGHL's objection must be distinguished from an objection by CSC. Plaintiff's existing record identifies the August 10 letter as AGHL's letter. That does not establish a CSC objection through authorized counsel. Plaintiff nevertheless recognizes that AGHL may seek its own protection under Rule 26(c) and assert an adequately supported privilege or personal right. He does not seek automatic contempt or forfeiture of all protections. CSC to date has not filed any objection to the subpoena nor have they filed an objection through counsel to the motion to compel received on 10/6/26 and filed as ECF 102 in this case.

6. Plaintiff objects to the criminal-propensity argument in ECF 110 at 3. Past convictions do not establish that this subpoena was issued for harassment. Plaintiff requests that the Court disregard that inference and the criminal exhibits for purposes of deciding this discovery motion. The proposed declaration addresses rehabilitation and the actual reason for Plaintiff's privacy concerns. Both non-prosecution agreements are tendered for leave to file as limited context, rather than as proof that defendants have a propensity to commit wrongs.

7. Plaintiff's separate concern, unrelated to the motion to quash, about the LexisNexis report is that it included Social Security number information and family identities without notice to him or his written authorization. He alleges improper acquisition and use, subject to proving FCRA coverage and the absence of a permissible purpose. The brief accurately distinguishes a litigation explanation from an authorized purpose under 15 U.S.C. § 1681b(f). This response does not seek to adjudicate separate privacy claims or expand the CSC subpoena to obtain report-provider records. This is given as context to negate the comment about harassing counsel. As counsel has belittled himself, *ad nauseam,* to arguing a non-contested criminal background for impeachment purposes when his own integrity has been questioned by the Plaintiff.

*The funny thing about that little white speck on the top of chicken shit. That little white speck is chicken shit too (isopropylbenzylamine).* That famous line was delivered by Ernest Tucker, the character played by Rory Calhoun in the 1992 film *Pure Country* starring George Strait, unrelated to the court case of the same name.

8. Plaintiff separately moves for leave under ECF 10, paragraph 4, to submit the proposed declaration and evidentiary appendix. Existing docket citations remain available to the Court regardless of that request. He asks that no adverse inference be drawn from withholding the proposed evidence until permission is granted.

**REQUESTED RELIEF**

Plaintiff requests denial of ECF 109 to the extent it seeks categorical foreclosure; a ruling on the express request for limited discovery leave in ECF 92; and, if the Court finds a live material issue, the limited procedure described in the accompanying proposed order. Alternatively, Plaintiff requests a ruling identifying why the remaining timing question is immaterial or resolved, with denial of discovery without prejudice to a materially different showing. He requests no contempt finding, default judgment, sanctions against counsel, or reopening of the default ruling involving Alibaba Group (U.S.) Inc.

Respectfully submitted,
Date: 10/20/26, 2026 Signature: Bradley Burchfield
Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I served a true and correct copy of this response and any accompanying supporting brief and proposed order, including any accompanying exhibits or proposed order actually submitted, on the following counsel by the method marked below. Additional service is identified below.

[✓] CM/ECF upload and resulting Notice of Electronic Filing to registered counsel.
[ ] United States First-Class Mail, postage prepaid, to the addresses below.
[ ] Other authorized method: ____________________________________

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street, Little Rock, AR 72201
bart@mcdanielwolff.com; bwebb@mcdanielwolff.com; gashcraft@mcdanielwolff.com

B. Robert Liu, Balance Law Firm
1 World Trade Center, Suite 8500, New York, NY 10007
robert.liu@balancelawfirm.com

Additional service by United States First-Class Mail, postage prepaid, to Corporation Service Company, Custodian of Records, 300 South Spring Street, Suite 900, Little Rock, AR 72201.

Signature: Bradley Burchfield
Bradley Burchfield