FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF
v. Case No. 4:26-cv-00611-DPM-JJV
ALIBABA.COM SINGAPORE E-COMMERCE PTE LIMITED, et al. DEFENDANTS

**PLAINTIFF'S MOTION FOR CONDITIONAL CORRECTIVE SERVICE THROUGH APPEARING COUNSEL AND LIMITED TIME TO CURE**

Plaintiff Bradley Burchfield moves under Rules 4(a)(2), 4(b), 4(f)(3), and 4(h)(2) for prospective authorization to cure the service objection asserted by represented defendant AliExpress E-Commerce One Pte Ltd, if it remains a party after disposition of Plaintiff's pending request for dismissal without prejudice. Plaintiff requests the following relief:

1. Decide the existing threshold requests. Address the pending AliExpress dismissal request reflected in ECF 97–100. If that defendant is dismissed without prejudice as requested, the conditional service request below becomes unnecessary. This motion does not withdraw that request. Plaintiff also asks that the subject-matter objections asserted in ECF 37, 65, and 81–82 be addressed before requiring substantial additional foreign-service expense, subject to the Court's discretion over threshold sequencing.

2. Identify the actual service dispute. AliExpress, through appearing counsel, asserts insufficient service under Rule 12(b)(5) in ECF 82, pages 9–10, alleging that the summons and First Amended Complaint were mailed to a Hong Kong address instead of its Singapore address. Plaintiff seeks a prospective cure without conceding every characterization of the prior attempt. ECF 64, paragraph 1, establishes that AGHL no longer contests service; no renewed service on AGHL is requested.

3. Seek authorized acceptance first. If AliExpress remains a party and further service is required, direct its counsel within 14 days to state whether counsel is authorized to accept its summons and operative complaint in this action or will obtain a Rule 4(d) waiver. Counsel need not disclose privileged communications, and representation alone is not asserted to create acceptance authority.

4. Alternatively authorize a defined counsel-service method. If no effective acceptance or waiver is obtained, authorize service on AliExpress under Rules 4(h)(2) and 4(f)(3) by a nonparty adult delivering the issued summons, operative complaint and attachments, and authorizing order to Brittany D. Webb at McDaniel Wolff, PLLC, 1307 West 4th Street, Little Rock, Arkansas 72201, with PDF copies emailed the same day to bwebb@mcdanielwolff.com and B. Robert Liu

at robert.liu@balancelawfirm.com. These lawyers have appeared for AliExpress at ECF 80 and 85. Permit 30 days after authorization to complete service, and require the server's affidavit within seven days thereafter. The Court should first determine that this method is legally available and not prohibited by international agreement.

5. Correct process and preserve a treaty fallback. Permit amendment or issuance of any necessary summons under Rules 4(a)(2) and 4(b). The operative pleading identified in the docket is ECF 11; resolve any superseding pleading issue before service. If counsel service is declined and AliExpress remains in the case, allow 120 days from that decision for Convention-compliant service in Singapore, with a status report within 45 days and a supported request for further time if execution remains pending.

6. Protect the cure opportunity. Defer dismissal of AliExpress based solely on a curable service defect while deciding this motion and during any service period expressly granted. This does not bar disposition on an independent ground, assume personal jurisdiction, or stay all dismissal briefing. Filing this motion does not itself extend a deadline.

7. Keep other defendants' positions distinct. ECF 37 and 65 invoke Rules 12(b)(1), (2), and (6), not a stated Rule 12(b)(5) ground. If another represented defendant maintains a service objection, require identification of that defendant and the filing preserving the objection before directing any cure. Domestic corporate service must comply with Rule 4(h)(1), an effective waiver, or other applicable authority; foreign-service rules do not automatically apply to a domestic affiliate.

8. Preserve related requests. This motion leaves ECF 99–101 for separate disposition as to other foreign defendants and seeks no change to Cases 00826 or 00827. It requests no finding of valid original service merely from counsel's appearance or CM/ECF notice.

Respectfully submitted,
Bradley Burchfield
Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, AR 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 10/23/26

**CERTIFICATE OF SERVICE**

I certify that on 10/23/26, I filed this motion, its supporting brief, and the proposed order with the Clerk for docketing. The Court's CM/ECF system transmitted a Notice of Electronic Filing to the registered counsel of record identified in that notice in Case No. 4:26-cv-00611-DPM-JJV.

Counsel shown in the available record include B. Robert Liu, Bart W. Calhoun, Brittany D. Webb, and any other registered counsel listed in the notice. Electronic service is certified only for recipients actually identified in the Notice of Electronic Filing.

For any affected recipient requiring service outside CM/ECF, I served a copy as follows (complete if applicable):

Recipient and address: ____________________________________

____________________________________________________

Method and date: ________________________________________

This certificate concerns service of these motion papers under Rule 5. It is not proof of service of a summons and complaint under Rule 4.

Bradley Burchfield

Bradley Burchfield

Date: 10/23/26