FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 23 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PTE LIMITED, et al. DEFENDANTS

**BRIEF IN SUPPORT OF CONDITIONAL CORRECTIVE SERVICE THROUGH APPEARING COUNSEL**

**I. The requested cure concerns a preserved service objection**

AliExpress's brief expressly asserts Rule 12(b)(5) and argues that mailing the First Amended Complaint and summons to a Hong Kong address did not serve this Singapore entity. ECF 82 at 1, 9–10. Its counsel have appeared at ECF 80 and 85 and submitted a corporate declaration at ECF 82-1. Plaintiff requests a defined prospective method for delivering the correct process through that established communication channel if AliExpress remains a defendant.

The conditional scope is essential. Plaintiff has already requested dismissal of AliExpress alone without prejudice in the papers reflected at ECF 97–100. Defense responses at ECF 103 and 106 request a ruling on that dismissal. This motion preserves that request; corrective service is sought only if dismissal is not granted and further service is needed. It does not seek to undo ECF 64, which states that AGHL no longer contests service.

Other represented defendants' jurisdictional objections must not be mistaken for service objections. ECF 37 and 65 invoke Rules 12(b)(1), (2), and (6). Service and personal jurisdiction are distinct requirements: curing delivery does not establish the forum contacts or other jurisdictional basis needed for adjudication. Conversely, any later service objection must be assessed under the consolidation and waiver provisions of Rules 12(g)(2) and 12(h)(1), rather than treated as preserved merely because a lawyer appears.

**II. An express prospective order supplies the requested authority**

Rule 4(h)(2) incorporates applicable Rule 4(f) methods for foreign corporate service. Rule 4(f)(3) allows a court-ordered method not prohibited by international agreement. Plaintiff seeks an order before performing counsel service, not retroactive validation of an earlier mailing. Ordinary acceptance by an authorized agent and court-ordered alternative service are separate legal routes.

In Freedom Watch, Inc. v. OPEC, 766 F.3d 74, 81–84 (D.C. Cir. 2014), the court remanded for discretionary consideration of service through the defendant's U.S. counsel under Rule 4(f)(3). That persuasive authority does not make counsel service automatic or eliminate treaty analysis. It supports considering a specific prospective proposal instead of assuming that a lawyer lacking voluntary acceptance authority can never be a recipient under a valid court order.

Here, the proposed recipient is counsel who appeared for AliExpress itself, not merely for an affiliate. Physical delivery of the issued summons, operative complaint with attachments, and authorizing order, together with emailed copies to both appearing lawyers, is designed to provide reliable notice through counsel already litigating this precise complaint. That supports the notice inquiry under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Actual notice alone, however, is not a substitute for authorization under Rule 4.

Plaintiff asks the Court to decide whether the proposed domestic delivery is permissible under Rule 4(f)(3) and the applicable Convention. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700, 707–08 (1988), explains that the Convention does not apply where valid domestic service completes service without a required transmission abroad. It does not itself make every attorney an authorized service agent. If this Court concludes the proposed route is unavailable, Plaintiff requests the Singapore fallback rather than an order inconsistent with international obligations.

**III. The fallback must match Singapore rather than mainland China**

ECF 82 at 10 identifies Singapore as AliExpress's place of incorporation and principal business. Singapore's HCCH Central Authority guidance identifies its Ministry of Law as the recipient for Article 3 requests, requires the documents and Model Form summary, and requires English translations when those documents are not in English. See HCCH, Singapore—Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=1200 (accessed Oct. 23, 2026). Plaintiff requests Convention-compliant service based on a verified Singapore address if the counsel route is declined.

China's separately published execution estimate of "Around 6 months" is not an AliExpress-specific estimate or a universal Hague deadline. It may bear on ECF 99's separate request concerning China-based defendants, but cannot justify treating a Hong Kong mailing as proper Singapore service. The proposed 120-day fallback is a requested schedule, not a representation of Singapore's guaranteed processing time.

Rule 4(m) excludes service abroad under Rules 4(f) and 4(h)(2) from the ordinary 90-day limit. Plaintiff nevertheless seeks a definite deadline and progress report. For the proposed domestic counsel delivery, Plaintiff seeks an express 30-day period rather than assuming the foreign-service exception resolves every timing question. If a court-imposed deadline has expired, any required Rule 6(b)(1)(B) showing must be supported by the actual chronology; this motion does not presume excusable neglect.

**IV. The Court can separate jurisdiction from corrective delivery**

ECF 37, 65, and 81–82 raise subject-matter objections. Plaintiff requests their resolution before substantial additional foreign-service expense, without conceding those objections. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–88 (1999), recognizes discretion to sequence subject-matter and personal-jurisdiction issues. This original federal action is not a candidate for removal remand merely because service is contested.

Plaintiff requests the conditional procedure in the motion: decide the existing AliExpress dismissal request; if AliExpress remains and service is required, allow authorized acceptance or a specific prospective counsel-service order; otherwise provide time for proper Singapore service. The Court may resolve independent defenses without waiting for unrelated foreign defendants to be served.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, AR 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 10/23/26

**CERTIFICATE OF SERVICE**

I certify that on 10/23/26, I filed this supporting brief with the Clerk for docketing. The Court's CM/ECF system transmitted a Notice of Electronic Filing to the registered counsel of record identified in that notice in Case No. 4:26-cv-00611-DPM-JJV.

Counsel shown in the available record include B. Robert Liu, Bart W. Calhoun, Brittany D. Webb, and any other registered counsel listed in the notice. Electronic service is certified only for recipients actually identified in the Notice of Electronic Filing.

For any affected recipient requiring service outside CM/ECF, I served a copy as follows (complete if applicable):
Recipient and address: ______________________________________

______________________________________________________________

Method and date: ___________________________________________

This certificate concerns service of these motion papers under Rule 5. It is not proof of service of a summons and complaint under Rule 4.

Bradley Burchfield
_________________________________
Bradley Burchfield
Date: 10/23/26