FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 05 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00611-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

## BRIEF IN SUPPORT OF DEFENDANT IDENTIFICATION CORRECTIONS AND CORRECTED SUMMONSES

The requested relief is prospective and specific: record the seller's documented current and former names, distinguish the registered address from the delivered-mail destination, and issue process directed to the existing defendant under the corrected designation. The record supports that limited step without deciding service or liability.

### I The rules permit a limited identification correction

Rule 4(a)(2) permits amendment of a summons; Rule 4(b) governs issuance of properly completed process. If the correction reaches the complaint, Rule 15(a)(2) provides for leave to amend. Plaintiff identifies the exact proposed changes in Schedule A. Local Rule 5.5(e) exempts pro se litigants from that subsection's amendment-format requirements, but Plaintiff requests express permission for the limited correction and will submit a complete pleading if directed.

Exhibits A–C and the Liu declaration and registry materials at Exhibit L identify a single corporate registration under the Zichang/Zhishang name history. A former-name notation is more precise than assuming that those names necessarily identify different corporations. The proposed order preserves the prior names and pleaded claims. If the evidence instead establishes a change of party, any joinder and relation-back issues must be decided under the applicable rules, including Rule 15(c); the request does not presume their requirements are satisfied.

For Shaanxi, the registry printout, matching address, and company-issued bilingual document support the proposed Chuzhan / Bloom designation. Exhibits D, F, and M. The printed dissolution and liquidation notices warrant care; they do not show completed deregistration or establish a liquidator's authority. The requested correction leaves corporate-capacity and service-recipient issues open to evidence.

## II Delivery evidence and formal service have different functions

Exhibit F identifies the destination used for tracking number LS018355389US. Exhibit H reports delivery in China on August 15, 2026. Together, they support retaining the Hisense address as a demonstrated mailing destination. The tracking page supplies neither a recipient signature nor a finding that someone authorized to receive judicial process accepted it. The Room 705 registry address remains separately identified.

Service on a foreign corporation abroad proceeds under Rules 4(h)(2) and 4(f). China objects to the Article 10 methods of the Hague Service Convention. Its official practical guidance requires Chinese documents or translations for Article 5 service and estimates execution around six months. The prior USPS mailing therefore is not offered as completed Hague service. The new summons must accompany the operative complaint under Rule 4(c)(1); translations and any necessary service request remain separate steps. See HCCH sources identified below.

## III The correction should facilitate the existing federal case

ECF 11 identifies the sellers, and ECF 56 addresses the international mailings. Plaintiff invokes the Federal Rules directly in this originally filed federal action. He requests no application of the removal-service statute, no new action, and no automatic extension of an

existing deadline. A case-specific order can settle the requested identifications while preserving the Court's existing service orders.

Plaintiff requests approval of Schedule A's limited corrections and issuance or amendment of the appropriate summonses, subject to the Court's determination of the operative pleading and jurisdiction where necessary.

**HCCH sources**

China declarations under the Service Convention, Article 10:
https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn

China Central Authority and practical information, translation requirements and execution time:
https://www.hcch.net/en/states/authorities/details3/?aid=243
Sources reviewed November 5, 2026.

Respectfully submitted,
Bradley Burchfield
Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 11/5/26

**CERTIFICATE OF SERVICE**

I certify that on 11/5/26, I filed this supporting brief with the accompanying correction motion with the Clerk for docketing in CM/ECF. The resulting Notice of Electronic Filing transmitted electronic service to the registered counsel of record identified in that notice.

Additional recipients requiring separate Rule 5 service, with the actual method and date (or "none," if applicable): ____________________________________________

___________________________________________________________________________

Bradley Burchfield
Bradley Burchfield