**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00611-DPM-JJV |

**DEFENDANT ALIEXPRESS E-COMMERCE ONE PTE. LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CORRECTIVE SERVICE THROUGH APPEARING COUNSEL AND LIMITED TIME TO CURE**

Without waiving any arguments or defenses asserted in its pending Motion to Dismiss (ECF No. 81), Defendant AliExpress E-Commerce One Pte. Ltd. ("AliExpress") files this Opposition to Plaintiff's Motion for Conditional Corrective Service Through Appearing Counsel and Limited Time to Cure ("Plaintiff's Motion") (ECF No. 114) and Brief in Support (ECF No. 115).

Plaintiff's Motion is a waste of time and a premature request for relief regarding a hypothetical scenario that is highly unlikely to occur. Plaintiff previously requested dismissal of AliExpress from this lawsuit, and AliExpress concurred with that dismissal request. *See* Opposition at 1-2 (ECF No. 103). It is highly unlikely that the Court will decline to dismiss AliExpress, which would moot its Motion to Dismiss. Thus, it is unnecessary for Plaintiff to request an order authorizing him to effect service of process on AliExpress through its counsel. If AliExpress is not dismissed from this lawsuit, the parties can address the service-of-process issue at that time and seek a Court ruling, if necessary. Plaintiff is required to serve AliExpress in the

Republic of Singapore in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, so AliExpress opposes Plaintiff's effort to evade Hague-Convention-compliant service by seeking to serve AliExpress through its counsel. AliExpress reserves the right to brief this issue in detail later, if necessary, in the highly unlikely event that AliExpress is not dismissed pursuant to Plaintiff's dismissal request.

Plaintiff's flood of repetitive, overlapping motions shows that he seeks to harass Defendants by requiring them to respond to unnecessary motions—"AI slop" created by an out-of-control generative artificial intelligence model—that sow confusion and undermine the goal of "secur[ing] the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1. Since the first motion to dismiss was filed in this lawsuit (July 20, 2026), Plaintiff has filed ***twelve motions*** (ECF Nos. 24, 28, 30, 62, 71, 92, 95, 97, 99, 107, 113, 117), not including Plaintiff's Motion.[1] That is excessive and out-of-control harassment.

As part of its broad discretion to control its docket, the Court should issue an order prohibiting Plaintiff from filing any further motions in this lawsuit until the Court rules on the pending motions to dismiss. He has subjected the Court and Defendants to more than enough motions practice. Plaintiff should do what Defendants are doing—waiting for the Court to issue rulings on the pending motions—instead of creating more work for the Court and Defendants by using his generative AI model to crank out more unnecessary motions. Plaintiff has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," 28 U.S.C. § 1927. If he were an attorney, such misconduct would subject him to Section 1927 sanctions. His status as a *pro se*

[1] The twelve motions cited above are in addition to: (a) other filings by Plaintiff in this lawsuit; (b) a motion that Plaintiff filed in this lawsuit before the first motion to dismiss was filed; and (c) a flood of motions filed by Plaintiff in his two related lawsuits that are pending in this Court.

plaintiff should not give him free rein to harass Defendants and waste the Court's time by filing motions that unreasonably, vexatiously multiply the proceedings in this lawsuit.

For the foregoing reasons, the Court should deny Plaintiff's Motion and issue the order requested above.

Dated: November 6, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC; AUS Merchant Services, Inc.; Alibaba Group (U.S.) Inc.; and AliExpress E-Commerce One Pte. Ltd.*

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing Opposition via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*
Brittany D. Webb, Ark. Bar No. 2023139